RECEIVED   FEB 07 2008

FEB 0 7 2008   *In the United State District Court Northern District of Illinois*

MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

| | |
|---|---|
| QUINSHELA TURNER, | Case No.: |
| Plaintiff, | NOTICE OF REMOVEL For CAUSE |
| vs. | An Judge sitting in Room 2005 Judge William D Maddux And Chief Judge Timothy Evans |
| JACKSON PARK HOSPITAL et al, J. Madhani, M.D., D. Mufuka M.D., T. Siddiqui, M.D., Anil. Gulati, M.D.,, W. Abbound, M.D., J.P. Cullen M.D. , P.C. Kumar. M.D.,, M.A. Wilcsynski,  P.C. Kucharskim, M.D.., Any unknow parties that participated in the health care of Lugean Turner | Jury Demand |
| Defendants | |

08CV835
JUDGE ZAGEL
MAGISTRATE JUDGE KEYS

## NOTICE OF REMOVAL FOR CAUSE

NOW COMES   Plaintiff Quinshela Turner (Plaintiff)  Moving Circuit Court  Case No.

07-L 7806  to the District Court,  Turner believe that she will not receive a fair and

impartial hear in the Circuit Court of cook county .

### In Support Turner States as Follow..

Turner file a multiple complaints & malpractice suit against the above name
defendants in the circuit court of cook county for (Exhibit A)

1.    Turner have been denied the right to equal protection under the law. Turner has

been denied the right to due process of law,  Turner have been denied constitution rights.

2.    Turner has been discriminated against as  pro-se litigant. Denied an impartial

judge.  And denied access to court and it  records.(Exhibit B,C),  to  obstruct  justice an

due Process and accountability. for the benefit of the Defendants and it's Attorneys.

WHEREFORE,  - 1

1.The circuit Court of Cook County has demonstrated to Turner, pursuing a malpractice case pro-se is not favor and will not be allow her to proceed in the Circuit Court .in equal form. Ever effort by the Court has made to prevent Turner from proceeding with her suit. Turner's suit imposing the authority under Art. V for accountability, has been offensively obstructed by a hostile Cook County Circuit Court judges, in cohorts acting in conflict, in controversy offensive to the constitution and Due process rights (Exhibit B,C) Turner can not defend against the Judges and the defendants attorney at the same time. Specifically when the judge block every path before Turner proceed.

Turner want to pursue in a court free from conflict bias and prejudice..

2.     Turner Assert the Judge Larsen rule against the law and against the fact where the judge Larsen erred granting a dismissal under 2-619 to all the defendants whom has defaulted and fail to attach an affidavit. as a sham pretending that Turner was not in compliance because she was acting pro-se , Turner was in compliance with 735 ILCS 5/2-622(3). Turner file an sworn statement in lieu of and affidavit ( See exhibit A). the judge dismissal was base on bias and prejudice toward Turner.

3.     Turner assert that Judge Diane Larsen and Judge Deborah Dooling and Judge Irwin Solganick are all bias and prejudice toward Pro se Turner, they had violated their oath to support constitution and exceeding their jurisdiction. to prevent accountability and due process and to protect the interested of the defendants and their attorneys.

4.     Turner assert that Judge Larsen committed fraud upon the court in concert with the defendants Attorneys who she appear to be obligated politically and privately to

serve the private interest of the defendants and their attorneys et al , where the defendants attorneys fail to either file an timely appearance or Plead or answer support by fact that would justify a dismissal . Judge Larsen Judge Larsen knew that the defendants attorneys has default and Knew that her order of September 28,2007, was design to protect the interested of the defendants attorneys base on false and misleading and deception practice. Judge Larsen knew that Turner did not need to amend her complaint to attach a affidavit, Plaintiff file an Sworn statement in lieu of and affidavit as prescribe by 735 ILCS5/2-622 (3). The order to amendment was to cover up the fact the the defendant had defaulted. This matter still has not been resolved.

6.      Judges Larsen had violated Turner 's First Third and or Fourteen Amendment Rights and due Process Rights and permitted such violation to take place by the Defendants attorneys. The fact that Judge Larsen order the defendand Attorney Stamos& Trucco LLP, Swanson, Martin & Bell Querrey & Harrow. Ltd and Dykema Gossett s to represent her against Turner for substition of judge for cause . .Because the defendants attorney responded representing the judge Larsen certify and verify that the judge Larsen was not acting impartial. and the Defendants attorneys/Lawfirm has lost standing and judge Larsen had lost jurisdiction. . This also demonstrated unequal term and condition. Bias and favoritism toward the attorneys.

7.      . Article xiv afford equal protection of the law, however this was not afford Turner, the circuit court Judge Diane J. Larsen granted the Defendant attorneys in circuit court case 07-L-7806, privilege, but decline those same o

privilege to the to pro-se Turner, is the very existence of privilege for one and not the other, suggest a lack of equal protection.

8. For example defendants attorneys Stamos& Trucco LLP, Swanson, Martin & Bell Querrey & Harrow. Ltd and Dykema Gossett were negligent in timely filing an answer or plead or appearance on behalf of the defendants . The judge knew that if she has abide by the law, The attorneys client may has been able to suit the attorney for negligent, Legal Malpractice. Even though the defendant had defaulted the Judge accept a motion to dismiss while in default in violation of the law the judge allow special previous and allow the attorney file a motion to dismiss without attaching an affidavit. A motion 735 ILCS 5/2-619 to dismiss require an affidavit. Judge Larsen improperly granted Defendants Attorneys motion to dismiss without an affidavit, because Turner was acting pro-se Turner file an complaint on July 26, 2007, and pursuant to 735 ILCS 5/2-622(3), Turner has file a Sworn Statement in lieu of an affidavit,(Exhibit A) within the time prescribe by the law.. Judge Diane J. Larsen deliberate ignore Turner sworn statement to protect the interested of the Defendants / attorneys. And granted them a dismissal. These Attorney appear to control the court procedure . not the judge. The judge donot even view the record in most case,

9. Turner will not receive a fail and impartial trial in the circuit court. Three (3) of the Cook County Circuit Court Judge, Judge J. Larsen, Judge Deborha M. Dooling and Judge Irwin Solganick violations of constitution due process and was and prejudice bias against Pro se. Turner. The three Judges misconduct including the defendants attorneys fraudulent misconduct, certify and verfy that Turner will not receive a full fail hearing and trial in the circuit court. These judge acted as thought they were appoint by Jackson Park Hospital et al because the judges protect them. . The Judge Diane Larsen convive

with defendants Attorneys  to obstruct justice and prevent accountability. And

due process   All the judges here in name, were not acting any judicial

capacity but were acting  in his and her personal capacity to protect the

interest of the Defendants an or their attorneys and other judges,

9,   Judge Larsen convied With the Defendants attorneys   in   ex-parte communication.,
issuing  voided orders and decided on order without notify Turner and with out jurisdiction..(
Exhibit D) Judge Larsen had no jurisdiction to issue any order in case 07-L7806 until the
issue for substitution of judge for case has been resolved  That issue had never been resolved.
Judge Larsen  and Defendants attorneys  engaged in fraud and the judge act as both the judge
and the defendants in this same related Case , . 07 L 7806. (See exhibit E.F,G,&H   )  In
November 2007.

10. The Defendant Attorneys Stamos& Trucco LLP, Swanson, Martin & Bell Querrey &
Harrow. Ltd and Dykema Gossett   defended Judge Larsen   against Turner's motion for
substituion of judge for cause ,  Attorney has no standing in this case for sustitution of judge
for cause   yet they control the cause and the case.   When a pro-se litigant point out the
deception is ignore. The defendants Write the Order supposedly be for the judge, but change
the or prepare the order to their benefits.   The Attorneys response to Turner motion for
substituton of judge for cause is well organize and plague with incorrect and false and
Mischaracterized, misleading  and twisted information for the reliance of the reader. These
attorney appear to have no regard for  the Illinois Rules of Profession Conduct Rule 8.4
(a)(4)  that State " A lawyer shall not engage in conduct involving dishonesty fraud deceit or
misrepresentation" one instantce Jeffery P.Cullen Attorneys  incorrectly  allege that Turner
fail to attach an affidavit her motion for substitution of judge for cause that is not true (See
Exhibit I)  . it is difficult to   answer   when   there are pages and pages of  calculated

deception. , even the judge Order of September 28, 2007 and October 1, 2007 and October 11, 2007 are fraud perpetrated by both the defendants attorneys and the Judge so that the judicial machinery can not perform in the usual manner its impartial task of adjudging .

12.     Instead of the judges either correcting the judges violation or reporting the criminal activities, 18 U.S.C. section 2, 3 & 4 , a cover-up took place. But because Turner was acting pro-se the judge abuse her authority treating Turner as a void.

13Turner Further States. Both the judges and the defendants attorney/lawfirm had violated their oath of Office. Pursuant to 705 IICS 205/4, to protected and coverup each other misconduct. and the judges has violated their second oath of office pursuant to 705 ILCS 35/2, to support the constitution of the United State, to defend and protect the interested a the Defendant attorneys and other judge in violation of 18 U.S.C. section 2, 3 & 4.

14. The defendants Attorneys can not represent Judge Larsen in the same case she preside over. And represent the defendant And because they have done so they have lost standing in the case. ( Insert exhibit E,F,G,H) on November 29, 2007 defendants Attorneys dykema Gossett Knew that when the November 29, 2007 order was fill out by Dykema Gossett, the judge Larsen did not have jurisdiction and judge Larsen knew she did not have jurisdiction to write that order.on or after October 15, 2007

15.     Jurisdiction can be attacked in any court at any time for any reason. All the order of Judge Larsen are void.

16.  Judge Larsen repeatedly violated Turner constitution rights depriving Judge Larsen of jurisdiction (See Exhibit

17.     Because the judge Diane Larsen orders did not complied with the law, she intentionally did not inspect the full and complete record of the case before making the purported order of September 28, 2007, October 1, 2007 october 15, 2007 and all other orders there after are void, Judge Larsen did not act impartially as the law require her to act, She act in her own person to

protect the interested of the defendants/attorneys. All  Orders Made by judge Larsen including those made after Turner Motion for substitution of judge for cause are void, those orders also verfy that the Judge Larsen and the Defendants attorney were conspiring together holding ex-parte communication, against and with out Turner being present,  figuring a ways to cover-up and confer jurisdiction back to judge Larsen.  On October 15, 2007 Instead of recue her self she continue to proceed with out jurisdiction  For instance, on November 29,2007, judge Larsen and Dykema & Gossett conspire to confer jurisdiction back to judge Larsen  Both knew that judge larsent has lost jurisdiction over the case  when she fail to  transferring the case to another judge on  October 15, 2007 as  required, 735 ILCS 5/2-1001,

18. Judge Larsen and the Defendants Attorneys/Lawfirm Dykema Gossett PllC, attempted to trick Turner into Judge Larsent jurisdiction. Canon 3C(1)(a) states that judge person bias or prejudice requires disqualification of the judge.

19.    Turner would not respond to the void orders of Judge Larsen Made after Motion for substitution of judge for cause.

20. Turner knew that once a motion for substitution for judge for cause, is pending the case stop until the substitution for cause is resolve. The Attorney and the judge continue with the case.  The matter of substitution of judge has not been referred or resolve.  In fact Judge Diane Larsen, is being represented by the defendants attorneys Stamos & Trucco LLP, Querey & Horrow,Ltd, Swanson Martin & Bell and dykema gossett PLLC, in this same related case07-L7806.  this make a difficult situation almost impossible.

21. The judge orders, were written by the Defendants Attorneys who committed Fraud constructed the orders to sabotage the case and to their own benefits. In violation of Rule 8.4(a)(4) of the Illinois rules of Professional Conduct State' A Lawer shall not engage in conduct involving dishonesty fraud deceit or misrepresentation.

22. The defendants Attorneys, D mufuka's A Stamos & Trucco Llp, use deceptive Practice , engaging  other judges Like Judge Donald J. OBrien, in exparte communcation, to commit fraud, and issue and stay order in case 07 L 7806, to cover up and obstruct justice and due process, ( See exhibit _)

23.  Then the defendants Attorneys Stamos & Trucco  is further intending to use deceit and engage Judge William D  Maddux to act  upon the fraudulent Motion of  Judge Donald J. O' Brien, as though it was  done though the proper process, is attempting to engage judge to grant a motion to remove a from the stay calendar so that the case can be renumber,  to deprive Turner of due process and accountability prevent review of judge Larsen Substitution of judge for cause. And the prevent of an review of the imapporprated dismissal. And view of the Judgment of default.  Prevent  an administration of  review of substition of judge for cause.   The order is design  send  Turner to the same judge who is bias  and   preudice against Turner in room 2005 of the circuit court  where  Judge Deborah M Dooling and Judge Irwin J. Solganick  presides the Defendants Attorney has selected the Judges of their and judge Larsent choice. had exparte commnication . as have done  judge Donal J. O'Brien. .

24.  Judge Donald J. Obrien,  has no standing in this case 07-L-7806 to make a Order to Special Stay Calendar on January 17, 2008, T Judge Donald J. O'brien has not been the judge in any phases of the 07 L 7806 case, in fact Judge Donald judge obrien is from another division of the circuit court dose not operate out of the same circuit branch where the case was file and pending.  Turner file her case 07 L-7806 at the Daley Center 50 w.

Washington street, Law division,  Judge Obrien operated out of  Circuit Court at 55 w.

Harrison Street in Chicago .   Turner  did not receive any notification that the case was

being transfer to Judge Donald J. O' Brien at 555 w. Harrison.   That order by Judge

O'Brien is also a void order.   No order is valid until  the substitution of judge is resolves.

25. There should be an investigation of the criminal activity of the Defendants Attorneys and

any judge that, willfully participate in the Misconduct.   It appear that Stamos & Trucco

And Jackson Park hospital et al  and Co- Defendants attorney has their own judges within

the circuit court. to protect their interested.   I am convince.     .

## MOTION FOR SUBSTITUTION OF JUDGE.

### Substitution of Judge for Cause

26.     .         On October 5, 2007, Turner petition for a Change of Judge for Cause as provided

for by 735 ILCS 5/2-1001(a)(3) in the Circuit Court. Judge Larsen had demonstrated bias and

Prejudice and had file  against Turner  a self represent litigant, demonstrating that pro-se litigant

are not welcome in the Circuit Court. in their division .

27.     The parties to the Motion for substitution of judge for cause  are  Circuit Court Judge

Diane J. Larsen. And Turner. A  5/2-1001(a)(3) motion  is a new proceeding, but is filed under

the caption and case number of the underlying case,  It is not a continuation of the underlying

case.

The Defendants Attorney/ Lawfirm has Lost standing in the case  because the defendants

attorneys has represent both the judge Diane J. Larsen  and the Defendants in the same related

case.

 Therefore The defendants or their attorneys are not a party to   Turner Motion for substitution of

judge for cause that arise out of 735 ILCS 5/2-1001 (a)(3).

28.     The Act 735 ILCS 5/2-1001 (a)(3) states that such proceeding is not a continuation of the

original proceeding ,  Judge Larsen countenancing act without jurisdiction  and deciding motion

which attack the judge impartiality  bias and discrimination, conduct against Pro-se Turner  and

abusive conduct  including the judge continuing acting in contravention of the statue and without

lawful authority and jurisdiction .

WHEREFORE,  ~ 9

29,    It is well settled law both federal and Illinois, that judge shall not act in a cause where the judge is a party to the action. As Judge Larsen did when she refuse to abide by 735 ILCS 5/2-1001(a)(3).which states, "upon filing of a petition for substitution of judge for cause, a hearing to determine whether the case exists shall be conducted as soon as possible by a judge other than the judge named in the petition.   Instead judge Larsen abiding  by &35 ILCS 735 5/2-1001 (a)(3)  Judge Larsen turn the case over to Defendants Attorneys Stamos & Trucco LLP, Querey & Harrow, Ltd, Swanson Martin & Bell and Dykema gossett PLLC,  to represent her in and determine  the cause, and judge Larsen proceed with in case without jurisdiction  in violation of 735 IL5/2-1001(A)(3).

30  In violation of the constitution and the law Judge Larsen  were acting as both judge and defendants in this same case 07 L 7806.

31.    Under Illinois Law , immediately upon the filing of any Motion For Substitution of Judge for cause, the Judge Loses any authority to proceed in the case. until another judge Has beard the motion and either denied the motion or agreed that the judge must be substituted. The defendants attorney has decided the case, in violation of 735 Il5/2-1001(a)(3).

**Judge Diane J. Larsen Acting as Judge and Defendant in Same Related Case**

32.    Instead of comply with the law judge Diane Larsen,  Turn the Motion for substitution of judge over to  the Defendants attorneys Stamos & Trucco LLP, Querey & Horrow,Ltd, Swanson Martin & Bell and Dykema gossett PLLC, ordering then to respond and represent her.

Judge Larsen knew that a Motion for substitution of judge for Cause is between the Judge and the Plaintiff not the Defendants and their attorneys

33.    September 28,2007 October 1, 2007 and October 15, 2007  orders are design to sway the a reviewing judge and cover up corruption, and for the benefits of the Defendants attorneys For instance  on September 28, 2007 Stamos 7 Trucco LLP wrote  Judge order  and included that Turner has been was to amend her complaint and add a 735 ILCS 2-622 affidavit,  Turner has already file a 735 ILCS affidavit before Stamos has included that in the judge order.  Stamos& Trucco was setting the case up for failure. Stamos & Trucco appear to control the court room. and govern the case.   On October 15, 2007 Judge Larsen did not asign the case to another Judge

and proceed with the case without jurisdiction, ( See **Exhibit** )  convived with the defendants attorneys in ex-parte communication  and issue void order attempting  invoke Jurisdiction back to her, Turner would not respond to the voided order or Judge Larsen jurisdiction.

Judge Larsen Knew that, the motion for Substitution of judge take precedence over the original case. The original case must be halted until the substitution of Judge for Cause Matter is resolved. These defendant attorney dose not abide by the law. They manipulate and twist the law to their benefits.

34Given the circumstances at hand it is obvious that Judge Larsen favor the defendants attorneys appearing before her. (See exhibit)

35.    There appear an  conspiracy  to prevent Turner from pursuing her claim_in the circuit Court

Turner file Three appeals in the Appellate Court in hope to obtain justice. Judge Larsen and Judge Irwin intentionally block the appeal process by violating constitution rights.  Judge Larsen did not turn the case over to another judge so a decision could could be regarding the Motion for substitution of judge for cause.   not judge ans contact Turner regarding the case. being tranfer for review.   Judge Iriwn  rule against the law and against the constitution  violated  the supreme court Rule  735 ILCS 735 5/5-105 (e)  to prevent  Turner from pursuing her case in the circuit court against Jackson Park Hospital.

 One Appeal brief was due on December 27, 2007 The clerk inform Turner that the record would be ready on December 21, 2007 and that no fee was required, On december 21, 2007  the clerk inform turner that the record could not be release that the judge has imform her that a fee was due. Unable to afford the Court fee,   On december 21, 2007 Turner file out another application to sue as an indigent person  and present that application to Judge Irwin J. Solgamick,   view the court record and discover that Turner has challenge both Judge Deborha Dooling and Judge Larsen, to   punish Turner, Judge Irwin J Solganick violated his oath of office and exceed his

jurisdiction to obstruct justice and protect both judge Deborah Dooling and judge Larsen. Judge Irwin J.Solganick  denied Turner application to sue as an indigent person in violation of 735 ILCS 5/5-105 (e) states. "that an application shall not be determine on the Merit".   Judge J. solganick issue the application on the merit (See exhibit C) also stated that Plaintiff need an attorney to proceed without payment of fee,  The is a violation of Turner constitution Right to act pro-se.  turner has a right to represent her self.

35.     To obstruct justice and due process  and to protect the interested of the judge Dooling and Judge Larsen, Judge Iwrin solganick denied the application to sue as an indigent ,  and inform the clerk not to releas the Record.. Judge Iwrin  knew that an appeal can not go forward without the record on appeal.

37.  Because turner has motion for substitution of judge for cause,  Judge Irwin Solnick Abuse his authority to protect both judge Larsen and judge  Deborah Dooling and punishing Turner for challenging the judge decisions.

38.   The retaliation began against Turner  On July 26, 2007 when  Turner file an application pursuant to 735 ILCS 5/5-105 to sue as an indigent person pre-pro.  Because Turner were acting pro per, Judge Deborah Dooling  intentionally, exceeded her jurisdiction to denied due process and accountability by denied  ( See exhibitB, k), Turner's application on the merit in violation of 735 IICS 5/5-105-e  which state that an application shall not be determine on the merit, Judge Dooling also  mis-carriagerizes and minimizing Turner complaint,    Apparently Judge Dooling decision was over turn the same day, after many hours of complaining, because Turner was allow to file her  malpractice complaint  as an indigent person. Turner file an motion for subsitution of judge for cause, the document disappear that was approve to allow turner to Procee in forma pauper.

**History of case**

39.Turner file her Malpractice case on July 26, 2007 and in lieu of filing an affidavit, Pusuant to 735 ILCS5/2-622(2)(3)Turner file an timely sworn Statement, Turner intend to reply on the doctrine of "res ipsa loquitur".

40. The defendants fail to either file a timely appearance or answer or otherwise plead in a timely manner as prescribe by _ September 20, 2007_____

41. After the prescribe time September 20, 2007 for the Defendants to either file an appearance, answer or otherwise plead, has expired Turner file an motion for an Default judgment with an affidavit against the defendants on September 24,2007.

42. , and after the, defendants had default, the defendants attorneys motion for a 735 ILCS 5/2-619, motion to dismissal Without attaching an affidavit, ( A735 5/2-619 Motion to dismiss require an affidavit.) and fail to properly serve Turner a copy of the motion to dismiss, Using deception by sending Turner a copy of the Notice of Filing, and not the Motion to Dismiss. This was brought to the attention of Judge Larsen on September 28, 2007.

43. On September 28, 2007, in open court Judge Larsen instructed the Defendants Attorneys Stamos & Trucco LLP, Querey & Horrow,Ltd, Swanson Martin & Bell and dykema gossett PLLC, to give Turner a copy of their motion to dismiss. Jackson Park hospital et al has not file an appearance or answer and was not Present on September 28, 2007 The defendants Attorneys handing the judge Larsen and Turner a copy of the motion to dismiss. The judge Larsen granted the defendants motion to dismiss on the same day September 28, 2007, (see exhibit R), without affording Turner an opportunity to be heard or reply. Judge Larsen granted Mufuka, Jeffery P. cullen wilcsynski and kucharskim a motion to dismiss. It appear that the decision was already plan. . The Defendants Attorneys allege that it motion to dismiss was base on Turner not have an affiidatit

WHEREFORE, – 13

attach to her complaint on July 26, 2007.   735 ILCS 5/2-622 (e) required an sworn

statement in lieu affidavit with in 90 days  . Plaintiff objected to Judge Larsen Pro-se has

no voice in the circuit court. no matter how much evidence the pro-se present. The

Circuit court is bias and prejudice toward Pro-se Litigant.  When I Object the judge

handed Turner a copy of a list  to  lawyer  indicating that if I want justice is had to come

thought a attorney,  indicating that pro-se litigant are not welcome in her court room.

**Defendant Did Not File a Affidavit With Their Motion To Dismiss. Yet the Judge Granted**

**Favor.**

**Plaintiff File A Sworn Statement In Lieu of An Affidavit**

44.   The Judge Larsen Intentionally  remain silent ignoring that Turner filed an sworn

statement on September 24, 2007 in lien of an affidavit as prescribe by  735 ILCS 5/2-

622 (2)(3),,  Judge Larsen ignore  Turner Sworn statement in lieu of and affidavit.  To

protect the interested of the Defendants attorneys from a  possible Legal Malpractice Law

suit, because of their negligent.  who has fail to  either file a timely appearance or answer

or plead. Judge Larsen knew that if she has abide by the law the attorney for the

defendants May have been sued for Negligent.

45.  Turner  the sworn statement in lien of an affidavit was file by the Turner before the 90

days period had expired as prescribe by 735 ILCW 5/2-622(3) And before the Defendants

was granted their motion to  dismissal. (Exhibit I).

46. Judge Larsen Knew that a party that has default has no standing or right to a dismissal.

But because Turner was acting prose  Judge Larsen did not even consider Turner The

defendants Attorney call all the shots.

**735 ILCS 5/2-622 (1)(2)(3) DOSE NOT APPLY TO INFORM CONSENT CASE**

47. Judge Larsen Knew that Turner  was in compliance. In fact 735 ILCS5/2-622 (1)(2)(3)

dose not apply to an malpractice lack of inform consent case . or the  other counts in the

plaintiff complaint need no expert medical doctor to evaluated a matter of legal rights

under the law.(Exhibit A).

### WHEN A DEFENDANT HAS DEFAULTED THAT DEFENDANT HAS VAIVED HIS RIGHT TO AN AFFIRMATIVE DEFENSE BECAUSE IT WAS NOT WAIVE IN A TIMELY MANNER.

48.    Judge Larsen Knew that a Motion to dismiss is not consider an answer or plead.

Judge Larsen knew that  the first response file by an defendants in a civil action or malpractice

action is a written statement that  admit or denied all the allegation in a complaint.

 If a Defendant avoid responding to the allegation in the plaintiff complaint it is consider an

admission of the allegation in those complaint.  Judge Larsen knew she had abuse her discretion

to protect the interested of the defendants.  The Constitution require that a judge know the law

and apply the law.  There for Judge Larsen conduct was deliver and intentional.

### DEFENDANT WERE PROPERTY SERVE

49.  Judge Larsen knew that the Defendants were proper serve Individual and though Jackson

Park Hospital al et al by the cook county sheriff Department  on august 21, 2007.

Defendants fail to file an answer or plead by September 20, 2007. ( Exhibit

50.  Judge Larsen Knew that On September 24, 2007, Turner had motion for default

judgment against each of the  Defendant.   Turner also file and serve an affidavit,

certificate of default, and money award.   Judge Larsen ignore the Motions to protect the

interested of the Defendants attorneys.  Exhibit. M)

### THE JUDGE NEVER ADDRESS THE PLAINTIFF MOTION OR REPLY

### DEFENDANTS MOTION WERE NEVER FILE WITH THE COURT.

51.  Wilcsynski M.D. and kucharski M.D. attorney Swanson, Martin & Bell, LPP  appear

before the court on September 28, 2007 with a motion to dismiss, and presented a copy of

an appearance that was allege to have been file on September 18,2007 on behalf of

Wilcsynski M.D. and Kucharski M.D with a motion to dismiss dated September 28, 2007

that had no affidavit attach, the time to answer or plead expired on September 21,. 2007,
That motion of Wilcsynski and Kucharski, had never been file with the court to this date
according to the court register. Judge Larsen except Wilcsynski M.D. and Kucharski M.D
motion to dismiss, in open court and instance dismiss Wilcsynski M.D. and Kucharski
M.D, from the case. Without affording Turner and opportunity to be heard or reply, The
defendants Attorney did not have to show good cause as to why the defendant had
defaulted. judge Larsen allow this misconduct because the plaintiff were acting Pro-se.
wilcsyniski and Kucharski was not in compliance with 735 ILCS 5/2-602 AND 735 Ilcs
5/2-610( a, b, c, and d)

52. On September 28, 2007, the Defendants Jeffery P. Cullen attorney Dykema Gossett Pllc
and Dr D. Mufuka attorneys Stamos& trucco LLp, appear and present their motion to
dismiss that had no affidavit attack. The judge instance granted their motion to dismiss.
even though they were in default the judge granted Jeffery P.Cullen and D Mufuka
Wilcsynski M.D. and kucharski M.D. their motion to dismissal and dismiss them from
the case , to Preventing them from having to appear on October 1, 2007, protecting,
shielding, covering up the fact that the defendant had default, the defendants was not in
compliance with the court and the supreme court rules. Was with 735 ILCS 5/2-602 AND
735 ILCS 5/2-610( a, b, c, and d)

  not in compliance

### JACKSON PARK HOSPITAL et al

53.  Plaintiff return to Judge Larsen court room on October 1, 2007, for a default Judgment,
against Jackson park Hospital et al, Attorney/Querry & Horrow, Ltd appear for the first
time on behalf for Jackson Park Hospital et al.  Jackson Park hospital et al, had been
server a summon on August 21, 2007 by the sheriff department.  Jackson Park hospital,
had fail to file an appearance, or answer or plead, before September 20, 2007, Within the

prescribe time require by the court. Jackson Park Hospital et al, Attorney Querry &

Harrow Ltd.      Turner Present a copy of the Civil writ Master service information from

the sheriff department with the sheriff Number 007630-00Il proving that the sheriff

department had served Jackson Park Hospital et al a copy of Turner complaint on August

21, 2007,   Judge Larsen view the sheriff document,   and grant Jackson Park hospital

five days to file an appearance, to obstruct justice and accountability and to cover-up the

fact that Jackson Park hospital had defaulted.   On October 1, 2007, Judge Larsen

deliberate and intentionally abuse her discretion to protect the interested of Jackson Park

Hospital et al or it attorneys.   Because Turner's was acting pro-se Turner Motion for

Judgment of default, a sworn affidavit, attach Request for default, affidavit, certificate of

defaults, second request for release of medical records etc, and a sworn statement in lieu

of affidavit. was not consider look at.    Even thought Judge Larsen did not afford Turner

an opportunity to respond before making a decision,   Turner ojection and concern was

not consider or mention by the judge, because the Plaintiff were acting pro-se.

54.  Judge Larsen represented Jackson park Hospital et al and it attorneys.  Jackson Park

Hospital did not have to request or properly petition the court to striking Turner's

complaint judge Larsen took care of that on her own, it was obvious that an ex-parte

communication at some other time. Had been make The attorney who appear before the

court on behalf of Jackson Park Hospital et al, on October 1, had not filed a motion for

an extension of time to filed an appearance, did not have to show Cause why Jackson

Park Hospi al et al had fail to timely file an appearance, answer and Plead. In addition to

the special favor and privilege, before Jackson park had file an appearance, On October

1, 2007,  before Jackson Park Hospital had file an appearance.  the judge granted

privilege to be included in the order of September 28, 2007 , Stating that striking plaintiff

complaint also applies to Jackson Park Hospital, and given Jackson park Hospital 28 days

to answer or otherwise pled after Plaintiff files and amended complaint, Jackson Had not
even file and appearance. On October 1, 2007 (See (See Exhibit U, )     The judge gave
Jackson Park Hospital et al  super special previous (See exhibit .) with 735 ILCS 5/2-602
AND 735 ILCS5/2-610( a, b, c, and d) on October 1, 2007  and related Jackson Park
Hospital  back  to September 28,2007  before Jackson park had file an appearance.  There
is a big invisible sign that said Black Pro-se Litigant not welcome.  Also if is obvious the
Jackson Park Hospital let al carry a lot of weigh in the circuit Court.

55.   Jackson Park Hospital was allow to Practice without having filing an appearance
There is not justice in the Circuit Court For Pro Se Litigants Lack Turner.
**DISHONEST .**

 Under Federal and Illinois law Minimum Procedural due process requires notice an
opportunity to respond and a meaningful opportunity to be heard.
Apparently Judge Larsen has not hear of due process Rights
The plaintiff assert the Judge behavior should be call into question.

56.   Because the Turner was acting pro-se the judge did not considers Turner Motion or
evidence. In fact Turner was treated a void in Judge Larsen court room.
 The time for Jackson Park Hospital  to answer or plead had  expired on September 20, 2007.
The attorney for Jackson park hospital et al was given such privileges that the attorney  was
allow to practice before the court without having file an appearance or Motion, their verbal
request with out even having to filing a motion to  dismiss Jackson Park hospital, before an
appearance was even file. to cover up the fact that, Jackson Park Hospital had defaulted. the
Judge dismiss Jackson park Hospital et al and gave  Jackson Park 5 day to file an appearance,
and requested that Turner and Jackson Park return on October 18, 2007.  the judge fail to apply
equal justice of the law because the plaintiff were acting pro-se. and apparently has and secret
obligation to protect the interested of both Jackson Park Hospital et al / attorney/firm

The Plaintiff Knew that She Was not going to be treated fair so the Turner file several appeals these appeal was dismiss for want of jurisdiction.

57. Because the Plaintiff is acting pro se, there is a constitutional controversy exists

58. Article VL, Clause 2 of the united State Constitution States , in pertinent Part, that all executive and judicial Officer , both of the United State and Several states , shell be bound by the oath or affirmation to support this constitution

59. The plaintiff assert the she was deprived of an independent court and unfair proceeding do to the fact that the court serve the interested of the defendants and their attorneys. The order of the court, dated September 28, 2007,and October 1, 2007, were design to conceal and cover up and protect the defendant from a judgment of default, and the fact that the defendants Attorney and the Judge Larsen had not abide by the law.

60. The September 28, 2007 and October1, 2007 Order, October 15, 2007 Order was drafted to set the Turner case up for failure.

### OUT LINE OF THE EVENT

**Pursuant to 735 ILCS 5/2-1301(D) WEST 2002 Judge Larsen by law was require to enter a judgment of default against the defendants for want to appearance or failure to timely plead,**

61. Defendants, Jeffery P. Cullen M.D, D Mufuka and Jackson Park Hospital,   September 20, 2007 was the end of the thirty day period for those defendants to answer or Plead with in a timely manner as prescribe by law. Defendant motion for a dismissal after he had default.

62. Plaintiff File a Motion for a default judgment on September 24, 2007, to be enter against, Jeffery P. Cullen M.D, D.Mufuka and Jackson Park Hospital et al.

D. Mufuka

63. Attorney James Stamos enter the appearance  for Defendant Dr. Mufuka,M.D., on September 12, 2007, and on September 18,file a motion to dismiss without an affidavit, but fail to answer or other wise plead by September 20, 2007 within the 30 days and as

prescribe by 735 ILCS 5/2-602 and 735 ILCS5/2-610(a)(b)(c)(d), and within the  time as

prescribe by the court  and supreme court rule 181(a). The September 28, 2007 court

order is invalid, and the Judge Larsen error in granting Dr. Mufuka M.S motion to

dismiss because Plaintiff file an sworn statement in lieu of and affidavit pursuant to 735

ILCS 5/2-1001(3) Therefore Mufuka motion to  dismiss was without merit. Mufuka was

no in compliance with 735 ILCS 5/2-602 AND 735 ILCS 5/2-610( a, b, c, and d)

### Jeffery P. Cullen

64. An appearance and Jury demand, was file on behalf of Jeffery P. Cullen by Thomas R.

Hill Dykema Gossett PLLC, on September 17, 2007, who fail to timely file an answer of

plead, as prescribe by 735 ILCS 5/2-602 and 735 ILCS 5/2-610 (a)(b)(c)(d).   Jeffery P.

Cullen, fail to timely answer or plead, by September 20, 2007, Jeffery P. Cullen attorney

file an untimely motion to dismiss on September 21,after Jeffery P. Cullen had defaulted.

The time to answer or plead has expire on September 20, 2007. Cook County Sheriff

serve Jeffery P. Cullen on August 21, 2007.   The court error in granting Jeffery P. Cullen

motion to dismiss. Plaintiff  file an sworn statement in lieu of and affidavit pursuant to

735 ILCS 5/2-1001(3) Therefore Jeffery P Cullen motion to dismiss was without merit.

Jeffery P. Cullen was not in compliance with 735 ILCS 5/2-602 AND 735 Ilcs 5/2-610(

a, b, c, and d)  Jeffery P.Cullen had defaulted.

### MICHAEL WILCSYNSKI

65. On September 28, 2007. an attorney appear in court on behalf of .Michael Wilcsynski

M.D and submitted an untimely  motion to dismiss that had no affidavit attach, Michael

Wilxsynski motion for dismissal was never file in the court.  Accord to the court register

there was an appearance file on behalf of by Michael Wilcsynski on September 18, 2007.

Wilcsynski M.D.  fail to file an answer or plead, as prescribe by 735 ILCS 5/2-602 and

735 ILCS 5/2-610 (a)(b)(c)(d) also failing to attach an affidavit as prescribe by 735 ILCS

5/2-610  and had fail to file his motion as prescribe by the court and the supreme court rule. Michael Wilcsynski M.D Motion is not in compliance. Dr. Wilcsynski was serve a copy of the complain on august 21, 2007, as of September 21, he had defaulted. judge Larsen error in granting Dr. Wilcsynski Motion to dismiss because Plaintiff file an sworn statement in lieu of and affidavit pursuant to 735 ILCS 5/2-1001(3) Therefore Dr. Wilcynski motion to  dismiss was without merit. Wilcynski was not in compliance with 735 ILCS 5/2-602 AND 735 ILCS 5/2-610( a, b, c, and d.).

### Peter C. Kucharski M.D

66. Joseph P. Seitzer also  represent  Peter C Kucharski M.D..   on September 28, 2007. an attorney appear in court on behalf of .Kucharski M.D and submitted an motion to dismiss without and affidavit being attach, requesting the court to dismiss him from the case because plaintiff fail to attach an affidavit.  Peter C kucharski  had fail to file an answer or plead and that motion did not have an affidavit attach and that motion was never file in the court. yet it was excepted by the Judge Larsen on September 28, 2007.   The court error in dismissing Peter C Kucharski M.D. who fail to file an answer or plead, and fail as prescribe by 735 ILCS 5/2-602 and 735 ILCS 5/2-610 (a)(b)(c)(d) also failing to attach an affidavit as prescribe by 735 ILCS 5/2-610  and had fail to file his motion as prescribe by the court and the supreme court rule. Peter C Kucharski M.D. Peter C Kucharski, motion to dismiss file by Joseph P. Seitzer,  was not in compliance,  as prescribe by 735 ILCS 5/2-602 and 735 ILCS 5/2-610 (a)(b)(c)(d)

67. . The court erred in granting  Peter C Kucharski. Motion to dismiss because Plaintiff file an sworn statement in lieu of and affidavit pursuant to 735 ILCS 5/2-1001(3) Therefore Kucharski motion to  dismiss was without merit.

68. In fact Attorney Joseph P. Switzer, and Swanson, Martin & bell, LLP did not property serve the plaintiff, there motion for dismissal, and their motion was not file in the court.

The attorney for Michael Wilcsynski M.D and Peter C kucharski M.D. hand the Plaintiff

a copy of their un file motion to dismiss with a copy of their appearance, on September

28, 2007, in open court. No notice was file in the court and the plaintiff did not receive a

copy by mail informing the plaintiff that Joseph P. Switzer was representing the two

defendants Michael Wilxsynski M.D and Peter C. kucharski.  (See exhibit) the judge

encourage the defendant to hand the plaintiff a copy and then and there the judge

dismiss the Michael Wilcsynski and Kucharski from the case. on the same day

September 28, 2007 the judge dismiss them as defendants.  Plaintiff was not afforded an

opportunity to respond to Wilcsynski and kucharski motion because it was present and

granted on the same day, September 28, 2007. Kucharski was not in compliance with 735

ILCS 5/2-602 AND 735 Ilcs 5/2-610( a, b, c, and d)

**Rule 181. Appearances--Answers--Motions**

**(a) When Summons Requires Appearance Within 30 Days After Service.** When the
summons requires appearance within 30 days after service, exclusive of the day of service (see
Rule 101(d)), the 30-day period shall be computed from the day the copy of the summons is left
with the person designated by law and not from the day a copy is mailed, in case mailing is also
required.

All the defendant defaulted and Judge Larsen intentionally and deliberate fail to abide by the

law.

### A Motion To Dismiss Is Not An Answer or Plead

70.  The defendants are require to answer all the count in the plaintiff's complaint. the
Defendants fail to timely answer or plead.
### LACK OF INFORM CONSENT, DOSE NOT REQUIRE AN EXPERT

### AFFIDAVIT

71. There are other count in the Turner that dose not require and affidavit Under Illinois lack of

inform consent action dose not require an expert affidavit. In support: Under Illinois 's prudent

patient standard, a physician must disclose all information material to a

reasonably prudent patient's decision to undergo the proposed treatment. See Largey v. Rothman,

540 A.2d 504(N.J. 1988); Bennett v. Surgidev Corp., 710 A.2d 1023, 1026 (N.J. Super. Ct. App. Div.

1998). Accordingly, under this "patient-focused" standard, an expert is not required to establish a

standard for disclosure or to prove that a physician failed to meet the standard. See Tyndall v.

Zabonski, 703 A.2d 980, 982 (N.J. Super. Ct. App. Div.1997).
There for the judge abuse her of discretion in dismissing the Defendants on September 28, 2007
and October 1.2007.

72.    The basic elements of an action for medical malpractice based on a lack of informed

consent, the only element at issue before this court involved the element of proximate cause. On

this issue of proximate cause in an informed consent action, Illinois followed the majority rule

which applies an objective standard to determine whether there is proof of causation, citing to the

case of Guebard v. Jabaay, 117 Ill. App. 3d 1, 452 N.E.2d 751 (1983). That standard requires a

plaintiff to prove that a reasonably prudent person in the plaintiff's position, after being properly

informed, would have refused the proposed treatment. The hospital did not inform Mr. or Mrs.

Turner because Mr. Turner was mistake as and treated as another patient for three days Tyrone

Taylor. Any reasonable prudent person in the position of Mr. and Mrs. Turner, would have refuse

being treated as another person, both Mr. and Mrs Turner refuse treatment of Mr. Turner by

Jackson Park Hospital , Mr or Mrs Turner never gave Jackson Park Hospital or any of it staff,

agency consent to treat Mr Turner.

73.    In a inform consent case, court then examined the Illinois case law that has addressed this

issue, and found that there was authority requiring expert testimony on the proximate cause issue in

such an action, but also found Illinois authority suggesting that expert testimony was not necessarily

a requirement in such a case. For guidance on this issue, the court turned to an examination of those

California cases cited as authority for Illinois' adoption of the objective standard. The court first

reviewed the "seminal" case of <u>Cobbs v. Grant</u>, 8 Cal. 3d 229, 502 P.2d 1, 104 Cal. Rptr. 505 (1972). In <u>Cobbs</u>, the court noted, there was no language to indicate that the objective standard could be satisfied only on expert evidence on proximate causation.

74.    Because the <u>Cobbs</u> court did not specifically address this issue, the <u>Coryell</u> court examined California cases that have interpreted <u>Cobbs</u> and found that those cases have held that expert testimony is not necessarily required, under the objective standard, to weigh the attendant risks of the procedure, the decision not to undergo treatment, and the probability of a successful outcome.

In addition to these considerations, the court noted that expert testimony is, under well-established Illinois law, admissible only if the assessment of alleged malpractice requires the knowledge, skill or training in a technical area outside the comprehension of a lay person. Further, in an "ordinary" malpractice case, expert evidence is required on the issue of causation because that determination usually requires knowledge, skill, or training in a technical area outside the comprehension of lay persons. By contrast, the issue of causation in an informed consent case is based upon what a person of ordinary prudence would do under the same or similar circumstances as those confronted by the plaintiff. On this issue, the court noted, no one would be in a better position than the jury to determine whether a prudent person, after proper disclosure, would have proceeded with the treatment.

75.    While the issues of duty and breach in the informed consent case were not before the <u>Coryell</u> court, in dicta the court noted that the role of expert testimony in such a case is limited due to the very nature of the elements of the cause. Despite this limited role, however, the court stated clearly that expert testimony is needed to establish both elements of duty and breach (such as adequacy of disclosure, nature of the risks, diagnosis, and prognosis) since these matters may be so technical and specialized that lay persons would require expert assistance. However this case dose

not require the technical and specialized assistance of an expert.

76.    Based on all of these factors, and considering them in a light most favorable to the non-moving plaintiff, the <u>Coryell</u> court found that there was sufficient evidence to establish a factual issue to go to the jury, i.e., whether a reasonably prudent person in her position, properly informed, would have elected to undergo the surgery. Requiring the plaintiff to present expert evidence on causation in an informed consent case was improper, and accordingly, the court reversed and remanded the matter.

77.    This matter is reserved solely for jury , The constitution of Illinois grant no authority to the courts to make judgment reserved solely for jury where a jury trail are demanded by right and forbids the legislature to establish court to make judgment reserved for jury or enact statutes in conflict that infringe and abridge the right to jury trail

78.    The judge abuse it discretion dismissing the defendants that has defaulted., the plaintiff has provided that court with a sworn statement in lieu of an affidavit even though a affidavit of merit from an expert is not need.

79.    The Court order Dated September 28, 2007 is structure to protect the defendants and their attorneys.  None of the plaintiff motion and reply were address or consider by the judge. The motion to dismiss  made by the defendants et al were based upon a long practiced fraud and are a perpetration of fraud upon the court  therefore the judgment entered on September 28, 2007 is invalid under 735 IICS5/4-102.

80.    When the language of the statue is clear and unambiguous the court must give effect to the Plain meaning of the statue.  To protect the interested of the defendants Judge Diane J. Larsen dismiss

## In conclusion

81.      Turner file four appeals  was dismiss for want of jurisdiction. there were no final order. The court decision of the judges to grant the defendants attorneys a 2-619  motion to dismiss with out an affidavit,  even thought Turner was in compliance with 735 IICS 5/2-622 (3) certified bad behavior to continue allowing private law to rule over pubic law by men committing fraud at law against the rule by law. In do so has collaborated and certified that Turner suit as a meritorious complaint,

82.      The circuit court has established a pattern of bad behavior due to the fact the court has obstructed recourse at law by imposing judgment to dismiss meritorious complaint where jury trial were demanded by imposing a rule that infringes and abridges the constitutional right to  a trial by jury

WHEREFORE  Plaintiff Quinshela Turner Respectfully, for all the reason outlined in this removal grant the removal and allow the Quinshela Turner to proceed with her jury demand case in the same manner as if it had been originally institution in circuit court  have the record Transfer.  Vacate all and  dismissal  voided orders  allow nothing other than a jury trail both on the merit  and  the claims of the damages within the complaint and certify a competent court free form conflict.

8051 South Dorchester
Chicago Illinois 60619
QUINSHELA TURNER

## PROOF OF MAILING

I certify that I had place a copy of the above in the Unites States mail on January 25, 2008
To:   Dykema Gossettt                    Swanson Martin & Bell
      10 S. Wacker Dr. Ste. 2300         1860 W. Winchester, ste 201
      Chicago Il 60606                    Liberty ville Il 60048

      Stamos & Trucco                    Querre & Harrow, Ltd
30 W. Monroe, suite 1600            175 West Jackson Boulevard Suite 1600
      Chicago Illinois 60603             Chicago Illinois 60604

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, LAW DIVISION

Quinshela
~~QUINSHEAL~~ TURNER,

           Plaintiff,

    vs.

JACKSON PARK HOSPITAL et al,
J. Madhani, M.D
D. Mufuka M.D.
T. Siddiqui, M.D
Anil. Gulati, M.D.,
W. Abbound, M.D.
J.P. Cullen, M.D.
P.C. Kumar. M.D
M.A. Wilcsynski
P.C. KucharskI M.D
Any Unknown Parties; that
Participated in the health care of
Lugean Turner

                              Defendants

CASE NO.

2007L007806
~~SALENDANDZKOON~~ D
TIME 00:00
Medical Malpractice

JURY DEMAND



COMPLAINT AGAINST JACKSON PARK HOSPITAL et al FOR TREATING
PATIENT WITHOUT CONSENT, AND GIVENT WRONG MEDICATION, MISTAKEN PATIENT
FOR ANOTHER PATENT. FAILING TO RELEASE PATIENT TO VETERAN HOSPITAL,
VIOLATION OF PATIENT PROTECTED RIGHTS.

    Now come the Plaintiff Quinshela Turner, (Plaintiff) pursuant to
(740 ILCS 180/2)

    The Plaintiff DEMAND a TRIAL BY A JURY.

THE PARTIES

    1.The Plaintiff is Quinshela Turner is of legal age and is a
resident of Chicago Illinois.

*Exhibit A*

2. The Defendants Jackson Park Hospital, (hearinafter) referred to as the "Hospital"/ defendants

3. J. Madhani, M.D, D. Mufuka M.D., T.Siddiqui M.D, A. Gulati, M.D., W. Abbound, M.D., J.P. Cullen, M.D, M.a. Wilcsynski, Kumar. M.D , P.C. KucharskI M.D ( hearinafter referred as "the "Doctors"/ Defendants is licensed to practice in Chicago Illinois.

4. At all relevant times, the Defendants, J. Madhani, M.D,.. D. Mufuka M.D. T. Siddiqui, M.D, A. Gulati, M.D. A. Gulati, M.D all has a place in Jackson Park hospital in Chicago,Illinois.

## COUNT I- INFORM CONSENT

5. Plaintiff Quinshela Turner restates and reincorporates by reference each and every allegation stated in Paragraphs 1-4, 6-43. The Defendants violated the Plaintiff and her Husband Lugean Turner Federal and State constitution rights The Hospital denied Mr. and Mrs. Turner the Right to determine and direct what happen to Mr. Turner's body.

## Count II  Battery

6.   Plaintiff Quinshela Turner restates and reincorporates by reference each and every allegation stated in Paragraphs 1-5, 7-43. The defendants has no consent to medical treat Mr. Turner

## COUNT III- NEGLIGENT

7. Plaintiff Quinshela Turner restates and reincorporates by reference each and every allegation stated in Paragraphs 1-6, 8-43. Defendants fail to  exercise  that degree of care that a reasonable person would exercise under the same circumstance that failure cause

Mr. Turner to suffer injury that contribute to his death. And violation of protected rights

## COUNT IV- MEDICATION ERROR

8.     Plaintiff Quinshela Turner restates and reincorporates by reference each and every allegation stated in Paragraphs 1-7, 9-43. All Medication given to Mr. Turner was in error because the Defendants did not have consent to treat Mr. Turner.

## COUNT V- MEDICAL DEVICES ERROR

9. Plaintiff Quinshela Turner restates and reincorporates by reference each and every allegation stated in Paragraphs 1-8, 10-43.

## COUNT VI- DIAGNOSIS ERROR

10. Plaintiff Quinshela Turner restates and reincorporates by reference each and every allegation stated in Paragraphs 1-9, 11-43.

## COUNT VII- EMERGENCY ROOM ERROR

11. Plaintiff Quinshela Turner restates and reincorporates by reference each and every allegation stated in Paragraphs 1-10, 12-43. Mr. Turner was mistaken for Tyrone Taylor. Hospital place the wrong identification on Mr. Turner.

## Count VIII Medical Devices Error

12. Plaintiff Quinshela Turner restates and reincorporates by reference each and every allegation stated in Paragraphs 1-11, 13-43. The hospital has no consent to use any devices on Mr. Turner

COUNT X- BATH FAITH

GERERAL ALLEGATIONS

13. Lugean Turner( Mr. Turner) a 63 year old Male, Veteran   was admitted and treated without consent to the  "Hospital" for the management of high/low sugar on July 29, 2005 and remains a patient Until his death August 20, 2005.

14.  The "Hospital emergency room stabilize Mr. Turner and  diagnosis his condition as possible cerbrovascular. (**See exhibit B**)  During Mr. Turner recuperation in the Emergency room, his wife went to make telephone call to the Veteran Hospital for transportation to take Mr. Turner to the veteran hospital On 6/29/05,  When Mrs. Turner return, from making her call, to the Veteran Hospital,  Mrs. Turner found, the Hospital/Doctors Staff  using force to  strap Mr. Turner down Mr. turner sedating him, placing him on the ventilating machine inserting tube down his nose and throat and injecting medicine in him, against his will. Mr. Turner try to resist but the Hospital had sedated him. The 'Hospital", has Mrs. Turner physically  removed from the emergency room when she objected to the Physical abuse of her husband.  Mrs. Turner had  inform Emergency room staff, that she did not want Mr. Turner admitted  to the "Hospital,  nor did she want the "Hospital to treat Mr. Turner.

The "Hospital" ignore both  Mrs. Turner, Mrs. Turner request,  the Hospital  admitted Mr. Turner without consent,  and gave no explanation for their action and did not honor Mr. and Mrs. Turner request, unbeknown at that time, Mr. Turner had been Mistake as Tyrone Taylor.

15. That on or about July 29,2005 and there after and while Mr. Turner was force to remain an in-patent of the said hospital against his and his wife wishes, Lugean Turner was cause to suffer, from the negligence of the hospital.

16. On July 29, 2005 the Hospital emergency room place on the 63 year old Lugean Turner Left wrist Tyrone Taylor hospital Identification, that remain on Mr. Turner left arm for three days thereafter. **(See exhibit A& B )**. Tyrone Taylor was admitted to the hospital, July 28, 2005 a day before Mr. Turner.    Because Mr. Turner was mistaken, as Tyrone Taylor, Mr. Turner were given a wrong diagnosis and treatment, the hospital sedated and place Mr. Turner on a ventilating machine with a tub down his throat and a feeding tube down his nose and there after kept him heavy sedated, where he was unable to do any thing for himself.  That ventilating machine and feeding tube that was place in Mr. Turner by mistake, had not been remove, clean or change since July 29, 2005. Mr. Turner die in the said hospital on August 20, 2005.

17.  Mrs. Turner ask the doctor to take Mr. Turner off the ventilating machine  and release him to the Veteran hospital since Mr. Turner was put on the ventilating machine without consent in the name of Tyrone Taylor. The hospital replied that "the only way they would take Mr. Turner off the ventilating machine is if Mrs. Turner sign a consent form. Mrs. Turner refused to sign consenting to take Mr. Turner off the ventilating machine, because Mrs. nor Mr. Turner did not sign or give  the "Hospital"  consent to put Mr. Turner

on that ventilating machine and did not give any consent for his admission to the "Hospital" or treatment in the Hospital.    Mr. Turner did want to be on the ventilating Machine or be treated by the Hospital" that why they had to strap him down  and sedate  him until he was too heavily sedated to  resist. Then thy proceed to place a tube down his nose and throat and pump him with medicine with out his or his wife consent, Medication intended for Tyrone Taylor. Mrs. Turner did not want her husband in that "hospital" and refuse to give consent for any treatment given at the "Hospital" for Mr. Turner.

WRONG IDENTIFICATION ON Mr. TURNER

18.  Mrs. Turner discover Tyrone Taylor identification on Mr. Turner left wrist on July 31, 2005. Mr. Turner has been mistake for Tyrone Taylor since July 29, 2005.   On July 31, 2005, the Hospital took Tyrone Taylor wrist band off Mr. Turner  after Mrs. Turner made them aware  of their mistake, at the point the Hospital/ Doctors/ staff, proceed to do and internal cover-up. On July 31, 2005 Tyrone Taylor identification were remove from Mr. Turner wrist, Tyrone Taylor Identification and replace it with  and a Pink identification with Mr. Turner  name and an incorrect admission dated of July 31, 2005, ( see exhibit )

19.  Mr. Turner was admitted without consent on July 29, 2005. The Hospital change the medication but refuse to remove Mr. Turner off  the ventilating Machine.    August 1, 2005 that

-6-

pink wrist band dated July 31, 2005, was remove and a white wrist band was now place on Mr. Turner Right wrist with his correct name.  Also On August 1, Mr. Turner had been move from the to Intensive care Unit bed 8. into the ward to bed 6.  The "Hospital", refuse take Mr. Turner off the ventilating Machine and remove the tube that was place in Mr. Turner Body when he was mistaken as Tyrone Taylor.

19.  On August 31, 2005 the "Hospital proceed to do a cover-up of their Negligent.  The fact that the Hospital had been treating Mr. Turner as Tyrone Taylor.    Mrs. Turner took Picture of her husband lying in the hospital bed in the Intensive Care unit 8, with Tyrone Taylor Identification on his left wrist. (**See Picture A**)  Mrs. Turner continue to insist that Mr. Turner be taken off the ventilating machine and again requested that Mr. Turner be transfer to the Veteran Hospital. In an effort to cover-up the "Hospital" refuse to release Mr. Turner. Even after Mrs. Turner sign a release form on August 3, 2005 for Mr. Turner to be release to the veteran hospital. ( **Exhibit C**) the Hospital still refuse to Release Mr. Turner.  Which Mrs. Turner should not have had to sign because Mrs. Turner did not give consent for Mr. Turner to be admitted in the first place.

20. The hospital place Mr. Turner in a vulnerable position where he was force to relied on the total care of the hospital staff to feed and wash and attend to his physical need while in a sedated coma type state against his and his wife will.  The hospital fail to adequately provide basic needs and monitor Mr. Turner, while keeping him hostage

in a coma type state. Mr. Turner condition appropriately and as a result Mr. Turner contracted multipliable bad Bed sores, (Exhibit G, & F) and later die, (Mr. Turner did not have any bed sore or any kind of sores before being admitted To the "Hospital , nor was he bedridden). Mr Turner had not been treated or diagnosis for any of the infections prior to being admitted to the "Hospital" Mr. Turner became infected with sepsis while in the said "Hospital" Mr. Turner attracted those infection within the "Hospital".   Mr. Turner had went for three days without Being wash and on one occasion has and odors from not being wash, and from the unattended unwrap bed sore and lying on bed with out a sheet ( Exhibit E,F,& G). Mr. Turner Hospital gown had not been changed for three days (See exhibit)  Also the "Hospital" Place Mr. Turner in an unclean unsafe unhealthy condition,  the Staff including the doctor would leave use needles and other use unsantize object lying around after using them on patients and some time the same needles or instruments  would be use over and over as in Mr. Turner case, without being clean or sterilize.

21. The Plaintiff Mr. Turner Wife complaints about all mention and other matter of uncleanly ness , including the poor medical care was brought to the attention of the hospital administrators on several occasion.(see exhibit D)  The hospital fail to turn, Mr. Turner who was kept to heavy sedated to turn himself.  Mr. Turner was lying in one position for three day with out the bed being change or clean, without exercise or being cleaned, where his stool from his bowel movement had harden, peeling way his skin.  Mr. turner has been in the sedated state, has not receive any physical treatment to keep his

-8-

body stimulated. On several occasion Mr. Turner was lying on a bed without sheet, where his unwrap bedsores came indirect contact with the bed, **(see exhibit E, F, G)** Mr. Turner remain in that same bed without a sheet, without any protected layer under him, to absorb or prevent the spreading of further bed sore. When Mr. Turner die on August 20, 2005 his was lying in that same bed without a sheet. **(see Exhibit F)**, After Mr Turner has die the hospital allow Mr turner body to remain in the intensive care unit for approx twenty minute, with other patient in the same room. Also the Plaintiff has to call the police to get the hospital to release Mr. Turner body. To the medical examiner office. The were holding the body and telling to Plaintiff they did know where his body were. But found Mr. Turner body after the plaintiff started and investigation.

22. Mrs. Turner refuse to give the "Hospital" consent to treated her Husband Mr. Turner, so On August 14, 2005 the hospital stop the sedation without weaning Mr. Turner off, to obtain consent from Mr. Turner, Mr. Turner was having severe pain withdrawer from the abruptly stopping of the sedation and Pain medication. The Hospital refuse to give Mr. Turner Pain pill to ease his pain, to force Mr. Turner into consenting to blood transfusion, tracheotomy and g-tub insertion.

23. On August 15, 2005, even though Mr. Turner were experiencing SERVERVE pain, Mr. Turner refused to give the hospital the consent they were seeking. Mr. Turner request was to be transfer to the Veteran Hospital. On August 15, 2005, The "Hospital" doctors attempt to force and pressure Mr. Turner

into giving the hospital his consent, telling Mr. Turner,"
that he has less than 24 hour to live if he did not give
consent for blood transfusion, tracheotomy and g-tub
insertion.  The "Hospital/Doctors wanted Mr. Turner to give
consent for what the Hospital/Doctors had already illegal done
with out Mr. or Mrs. Turner consent.  "Hospital/Doctors, et,
al has already given Blood without consent. Place Mr. Turner
on a ventilating machine with out consent, Place tube down his
nose and throat without consent treating and giving him
medication without his consent. Giving him dialysis without
consent.  Mr. Turner was admitted without consent.  Mr. Or
Mrs. Turner did not give the "Hospital" consent to treat Mr.
Turner.  In fact all the action of the Hospital pertaining to
Mr. Turner were without consent.

24.  The "Hospital" Need Consented To cover up the negligent and
illegal action of Placing Mr. Turner on the ventilating
machine, sedating him, inserting a tube in him and giving him
treatment, medication  and holding Mr. turner hostage  against
his and his wife will and with out consent.   The also
Hospital violated Mr. turner Privacy  by sharing personal
information of Mr. Turner without his or his wife consent.

25.  August 15, 2005, After Mr. Turner refuse to give the
Hospital the consent the Hospital was seeking, the all ready
poor treatment level decrease even more,  Mr. Turner was in
heavy pain, The hospital fail to manage the pain and fail to
release Mr. Turner to the Veteran Hospital where his pain

would have been Manage.  The Mr. Turner was suffering from withdrawal and pain, and the pain of the  bed sores that wer unwrap and unclean. (**see exhibit E & G**). Every day, Mrs. Turner has to suffer the pain of  watching her husband suffer. Both Mr. and Mrs. Turner suffer emotion distress

26.   The hospital was allowing the Mr. Turner to suffer, to convince and force Mr. Turner and his wife to submit to consenting. Both Mr.& Mrs. Turner refuse to be black mail by the Hospital, and refuse to sign any consent for treatment.

27.Mr. Turner was being deliberately and intentionally held medical hostage, in the Intensive care unit of the hospital, where he had been since July 29,2005, to prevent Mr. Turner, from  being transfer to the Veteran Hospital.   On July 29, 2005 Plaintiff contact the Veteran Hospital.  where Mr. Turner receive medical treatment and monitoring on a regular basic. Veteran Administration made arrangement to receive Mr. Turner. (**See exhibit_H_**)   But the "Hospital/Doctor" held Mr. Turner medical   hostage.

28. The Hospital/Doctors has held Mr. Turner against his will in the intensive care unit, to created and build a medical condition, so that the hospital can medical cover-up their negligence. The "hospital falsely documented that the Veteran Hospital refuse to take Mr. Turner. (**see exhibit H )** That information is false.   On August 1, 2005 the Veteran Hospital Inform the "Hospital that it had been waiting to be receive

Turner medical history be

Mr. Turner at the veteran Hospital and supply information transfer to Veteran Hospital. **See exhibit H)**

29. In fact, on January 2007 after and investigation by the veteran hospital. The Veteran hospital inform the "hospital Doctors " " that After careful review" the Veteran Hospital refuse the "hospital/Doctors claim for medical emergency from July 29, 2005 to July 30, 2005, The veteran Hospital investigation determine that Mr. Turner could have been safely transferred to a Veteran Hospital or other Federal facility" on July 29, 2005. **(See Exhibit P)**

30. The hospital had violated Mr. and Mrs. Turner protected rights, including their State and federal constitution rights.

ALTER AND MODIFICATION OF MEDICAL RECORDS.

31. The Hospital, alter and modify the Record of Lugean Turner and those records are plague with Numinous falsifications to cover up the negligent of the Hospital/doctors/ staff et al

32. Mr. Turner's Veteran Medical Record reveal, that Mr. Turner did not have any sepsis prior to July 29, 2005. Mr. Turner was being treated on a regular basic by the Veteran Hospital for Class III-IV heart failure renal insufficiency, prostate cancer, diabetics and Hypertension. Mr. Turner attracted sepsis in the "Hospital" between July 29, 2005 and August 20, 2005.

33. The "Hospital" was treating Mr. Turner without consent, and without any consideration or inquire of medication he had been previously taken. The "Hospital" had no med:

-12-

the medical examiner with numerous of documents.    The "Hospital'/Doctors  did not make it report regarding the cause of  Mr. Turner Death until September 13, 2005,( see exhibit ). The "Hospital change the medical Records pertaining  to Lugean Turner to fit and coincide with the autopsy report.    But the medical record Still  show inconsistencies,  The Hospital" admitting diagnosis of the Discharge Summary  contain  false inaccurate  information on July 29, 2005, Mr. Turner was admitted as Tyrone Tayloy, on July 29, 2005   And the Hospital alter Modify and omitted information in the medical record of the care of Lugean turner to cover- up the negligent of the "Hospital/Doctors/Staff. Modify the medical record of Lugean to make it appear  the hospital was treating Lugean Turner for the condition that the Medical examiner stated  was the cause of death.  The "Hospital" would not release a discharge summary until the  after  medical examiner made her decision on August 25, 2005. The "Hospital Discharge summary is dated September 13, 2005. On July 29, 2005 the hospital only diagnosis Mr. Turner with possible cerbrovascular, not the list of diagnosis listed on exhibit L,    the hospital has no right to treated Mr. Turner without consent.

38. The "Hospital" records speak for itself, revealing that the Hospital has alter and modified  the medical record of Lugean three time.

39.  In August 2005 the "hospital" sent the Veteran Hospital a copy of Mr. Turner Medical record,  those records that were sent

-15-

to the Veteran Hospital had been alter to cover-up the "Hospital negligent, those documents dose not mention that the Hospital had diagnosis with sepsis, on July 29, 2005,  Nor did those documents reveal the medication given to Lugean Turner while he was mistaken and treated as Tyrone Taylor. In fact when the "Hospital contacted Mr. Turner Doctor at the veteran Hospital. The "Hospital" physician  inform the Veteran Hospital on August 1, 2005 that Mr. Turner was being treated for CHF EXACERBATION, Not sepsis, as falsely allege in the alter and modify medical Records pertaining to Mr. Turner.( **see exhibit H**).

40.   The "Hospital Report between July 29, 2005 and July 31, 2005, is false information, In fact the "Hospital Report dose not mention that Tyron Taylor wrist band that were place on Lugean Turner for three days. Or the medication given to Lugean Turner intended for Tyrone Taylor.    in fact the "hospital" records speak for it self revealing that the "Hospital" made every afford to cover up their negligent  the inconsistence is clear and reveal

Altering and Modifying the Admitting  form.

41.   The Hospital alter and modify the admitting form included information on the Admitting form to Justify the hospital and doctors/staff negligent. (see exhibit) to make it appeal that the Hospital had diagnosis Mr. Turner for sepsis, on July 29, 2005,  **(See exhibit K  verse exhibit L )** The hospital has made ever effort to cover-up  their negligent.

42. The information in the "Note" section of Hospital admitting document, Dated July 29, 2005,, were not on admitting document on July 29, 2005 and August 3, 2005, **(See exhibit k ) verse ( Exhibit L). That information** was not on the Admitting document on August 3, 2005. when that and other documents were sent to the veteran administration. the information in the "note section", has to be added after the death of Lugean Turner, during the time the record were alter and modify, In fact the "Hospital own record, support the Plaintiff allegation. Another falsification in the "Hospital" Medical records of Mr. Turner, Doctor Madhani was not the attending physician in the Emergency on July 29, 2005 Doctor Madhani was the attending physician after Mr. Turner was admitted without consent. The first admitting document has been omitted from the records. And replace with (exhibit K and L and addition information were added on to (exhibit L) to make it appear that was the admitting diagnosis on July 29, 2005, for Mr. Turner. The insertion of information in the "Note section, or the admitting form was included after the death of Mr. Turner, on August 20, 2005. Mr. Turner was release from the emergency room as Tyrone Taylor on July 29, 2005 to the Hospital without consent. Those records are not in Lugean Medical records of Mr. Turner. The "Hospital" medical record pertaining to Mr. Turner that has been change modify and alter and some omitted. The Medical record of the doctors report are inconsistence with each other doctors report in the said "Hospital , one doctor report conflict with another doctor information, for instance, On report

-17-

place Mr. Turner in the emergency room where another report Place Mr. Turner in the hospital at the same time.  Another instance, the Hospital records pertaining to Mr. Turner, from July 29, 2005 to July 31, 2005, display the identification Number on it documents for Lugean Turner was,  602267/5791/ ICU8, that is incorrect because the identification Lugean turner has on his wrist from  July 29, 2005 to July 31, 2007 were Tyrone Taylor identification 602200 dated July 28, 2005, Therefore, all the Hospital Documents alleging treatment  from July 29, 2005 to July 31, 2005, including other documents has been alter and modify to conceal  the Negligent of the Hospital et al.  The medication and treatment Lugean received from July 29, 2005 to July 31 2005 was intended for Taylor Tyrone.  Because  Mr. Lugean Turner was Mistaken for Tyrone Taylor. The hospital were Negligent and treated Mr. Turner was treated without consent in violation of his protected Rights.

43. Mr. and Mrs. Turner did not give consent to the hospital/Doctor/Staff or any body else to t treat Mr. Turner in any way.  The hospital et al  cause Mr.and Mrs. Turner to suffer and Mr.Turner die on august 20, 2005
The Hospital's medical record of Lugean Turner confirm that the hospital violated both Mr. and Mrs. Turner Protected rights  the medical Record also confirm that the "Hospital act without consent.

**Wherefore** the petitioners, Quinshela Turner, Demand judgment against each of the said Defendants in the  amount of 250.000 00.for

compensatory damages And further demand judgment against each of the said Defendants in the amount of 250.000.00 for punitive damages Plus the cost of this action including lawyer fees and such other relief as the court deems just and equitable.

Respectfully Submitted

Quinshela Turner
8051 South Dorchester
Chicago Illinois 60619



Exhibit (A)

MR180388   04 MEDICAID   LM
TAYLOR, TYRONE         M 56Y
09/05/48 PT802200
KESWANI, ABDULHAMIDS   01221
07/28/05
JACKSON PARK HOSPITA,

Exhibit (B)

**JACKSON PARK HOS~~~~ MEDICAL CENTER**
**AND THE F~~~~L CLINICS**

### Authorization for Release of Protected Health Information

I, _Quinshela Turner_, hereby authorize Jackson Park Hospital and The Friedell
Patient Name or Authorized Agent
Clinics to release to:

_Veteran Administration Hospital_
Name of health care facility, physician, agency etc

_____
Street address, City, State, Zip Code

the following information contained in the patient record of _Mr Lucean Turner_
Patient Name

born _02-19-42_, residing at _8051 Dorchester, chicago, Il 60619_
Patient Birth date                              Patient address, city, state, zip

_07-29-05_  ☒    The entire medical record, excluding mental health treatment, alcoholism and/or
[enter date(s)      drug abuse treatment, and HIV/acquired immune deficiency syndrome [AIDS].
of service]
_Present_   ☒
            ☐    Laboratory Reports  ☒ X-ray Reports    ☐  Operative Notes
                 Other: _____

**To be disclosed, the following items must specifically be checked:**
            ☐    Mental Health Treatment Records
            ☐    Alcoholism Treatment Records
            ☐    HIV/Acquired Immune Deficiency Syndrome [AIDS] Records

The purpose(s) of the authorization is (are): _Cont treatment @ VA Facilities (Pt is a vetran_

I understand that I have the right to inspect and copy the information I have authorized to be disclosed by this
authorization. In the event I refuse to authorize the release of the above-described information, I understand that it will not be
disclosed, except as provided by law.

I understand that the Hospital may not condition treatment on whether I sign this authorization, except when the
provision of health care is solely for the purpose of creating protected health information for disclosure to a third party.

I understand that information used or disclosed pursuant to this authorization may be subject to re-disclosure by the
recipient and may no longer be protected by law.

I understand that this authorization is valid until it expires, unless revoked before that.

I understand that I may revoke this authorization at any time by giving written notice to the Hospital of my desire to do
so. I also understand that I will not be able to revoke this authorization in cases where the Hospital has already relied on it to use
or disclose my health information. Written revocation must be sent to the Privacy Officer. Absent such written revocation, this
Authorization for Release of Confidential Health Information will be valid from _07-29-05_ to _01-29-06_
                                                                          Date              Date

Signed: _____    Date: _Aug 3, 2005_

If you are not the patient, please ~~~~~~~~~~~~~~~~~~~~~~~~~~~~

Exhibit C



MRS. TURNER = (Exhibit D)



Xhibt E

Left Leg

8/9/0

Exhibit E, F,



Exhibit G

# Progress Note

possible.

6) Prostate CA - on hormonal therapy per GU. PSA rising over time. Outflow obstruction. On Tamsulosin 0.4 mg QD and Finasteride 5 mg QD. GU is planning TURP but he needs to be cleared by Cards. They recommended P Thal. He is not sure he wishes to go through with the TURP now.

7) Hx of non-obstructive CAD. P Thal was missed previously.

8) Hypokalemia - Stable.

9) Anemia - probably from the renal disease and possibly myelophthisic anemia from metastatic prostate CA. Worsening. On high dose of Epogen - 30,000 and FeSO4 QAM. Renal is aware and will adjust his meds. They have refered to Hematology for evaluation.

10) Recent supraventricular rhythm. On Metoprolol.

11) Diarrhea - Will cut back the fruit. Will try imodium. Will collect home stool at home.

Will need to reschedule with GU again for foley change. Renal was today, but does not wish to stay because of the diarrhea and accident. Return to me in early September.

/es/ Daniel A. Lang, M.D.
Attending Physician
Signed: 07/25/2005 15:21

08/03/2005 ADDENDUM
                                    STATUS: COMPLETED
Called by wife on 7-29-05 and by physician 8-1-05 that the patient had been admitted to a private hospital. Wife says she found the patient breathing abnormally and unconscious. Was told initially that he was not hypoglycemic. Physician told me he was being treated for CHF exacerbation and had been intubated. Wanted to transfer him here. The phone numbers to get transfer clearance and to make transfer arrangements were supplied.

/es/ Daniel A. Lang, M.D.
Attending Physician
Signed: 08/03/2005 08:52

LOCAL TITLE: PATIENT EDUCATION INTERDISCIPLINARY RECORD
STANDARD TITLE: INTERDISCIPLINARY EDUCATION NOTE
DATE OF NOTE: JUL 01, 2005@15:36       ENTRY DATE: JUL 01, 2005@15:36:14
    AUTHOR: SCHMIDT,ALICE RUTH     EXP COSIGNER:
    URGENCY:                          STATUS: COMPLETED

Specify the content of teaching topic: INSTRUCTION IN AMBULATION W/ AD

***Assessment***

TYPE OF ASSESSMENT: New Assessment

PATIENT NAME AND ADDRESS (Mechanical imprinting, if available)

URNER, LUGEAN
051 S DORCHESTER
HICAGO, ILLINOIS   60611-3434
163490047

VISTA Electronic Medical Documentation

**JACKSON PARK HOSPITAL AND MEDICAL CENTER**

**DOCTOR'S ORDER**

| R. | DATE | TIME | |
|---|---|---|---|

**ADMISSION ORDERS:**

**ADMIT TO UNIT:**

**ATTENDING PHYSICIAN:**

**DIAGNOSIS:**   7/9/05   1330

**ALLERGIES:**

**DIET:**

Dr _____ on consult.

ANOTHER BRAND OF A GENERICALLY EQUIVALENT PRODUCT IDENTICAL IN DOSAGE FORM AND CONTENT OF ACTIVE INGREDIENT MAY BE ADMINISTERED UNLESS CHECKED

**DOCTOR'S SIGNATURE**

| R. DATE | TIME | NURSE | TIME NOTED | DATE |
|---|---|---|---|---|
| 7/9/05 | 4:00 | | | |

PHYSICIAN'S ORDERS 2

Transfuse 2 units
Consent for PRBC
for blood transfusion

OTHER BRAND OF A GENERICALLY EQUIVALENT PRODUCT IDENTICAL IN DOSAGE FORM AND CONT...

| DATE | TIME | NURSE | | DATE |
|---|---|---|---|---|
| 8/9 or 9/9 | 9:20 | | | |

PHYSICIAN'S ORDERS 3

Protonix 20,000 subcut
M.W.F.

old records _____ hospital

BRAND OF A GENERICALLY EQUIVALENT PRODUCT IDENTICAL IN DOSAGE FORM AND CONTENT OF ACTIVE
T MAY BE ADMINISTERED UNLESS CHECKED.

( _____ T )

JACKSON PARK HOSPITAL AND MEDICAL CENTER
7531 Stony Island Ave. / Chicago IL 60649

DOCTOR'S ORDERS

DATE 8/2/05 TIME 5:10 pm

JACKSON PARK HOSPITAL AND MEDICAL CENTER
PHYSICIAN'S ORDERS 1

ADMISSION ORDERS:
ADMIT TO UNIT:
ATTENDING PHYSICIAN:
DIAGNOSIS:
ALLERGIES:
DIET:

[illegible handwritten orders]

change IV to 0.45 @ [illegible]

ANOTHER BRAND OF A GENERICALLY EQUIVALENT PRODUCT IDENTICAL IN DOSAGE FORM AND CONTENT OF ACTIVE INGREDIENT MAY BE ADMINISTERED UNLESS CHECKED.

DOCTOR'S SIGNATURE [signature]

NURSE [signature] TIME NOTED [illegible] DATE

ICU 6
PARK HOSPITAL

DATE 8/2/05 TIME 7:00

JACKSON PARK HOSPITAL AND MEDICAL CENTER
PHYSICIAN'S ORDERS 2

TRANSFUSE 2 units PRBC to-day
CBC post blood transfusion
T.O. Dr. [illegible] / [signature]

NURSE [signature] TIME NOTED 08:30 DATE

TURNER, [illegible]
07/19/42 PT[illegible]262
MACHARI, [illegible]
07/29/05 ICU 6
JACKSON PARK HOSPITAL

825

ANOTHER BRAND OF A GENERICALLY EQUIVALENT PRODUCT IDENTICAL IN DOSAGE FORM AND CONTENT OF ACTIVE INGREDIENT MAY BE ADMINISTERED UNLESS CHECKED.

DOCTOR'S SIGNATURE [signature]

DATE 8/2/05 TIME 3 pm

JACKSON PARK HOSPITAL AND MEDICAL CENTER
PHYSICIAN'S ORDERS 3

Subq Heparin 5000 Units q 12°
CBC, CMP in am
[illegible] [illegible]

NURSE [signature] TIME NOTED 10.15 DATE

PT[illegible]2262
PARK HOSPITAL

ANOTHER BRAND OF A GENERICALLY EQUIVALENT PRODUCT IDENTICAL IN DOSAGE FORM AND CONTENT OF ACTIVE INGREDIENT MAY BE ADMINISTERED UNLESS CHECKED.

DOCTOR'S SIGNATURE [signature]

NURSE [signature] TIME NOTED 1745 DATE

(Exhibit)

# Jackson Park Hospital & Medical Center
7531 SOUTH STONY ISLAND AVE. CHICAGO, IL. 60649

| P.T. | DATE | TIME | HOSPITAL # | MED. REC. # | AGE | DATE OF BIRTH | SEX | MS. | R | REL. | SOCIAL SECURITY # | A.D. | REG. B |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|

PATIENT NAME

ADDRESS

*PHONE | MAIDEN NAME | CITY, STATE, ZIP

ATTENDING PHYSICIAN

PATIENT EMPLOYER | ADDRESS | ROOM & BED

RESPONSIBLE PARTY | ADDRESS | CITY, ST. ZIP | PHONE | ES | E

PHONE | SOCIAL SECURITY # | ADMITTING DIAGNOSIS | CITY, ST. ZIP

RESPONSIBLE PARTY EMPLOYER | ADDRESS | CITY, ST. ZIP | CPD CUS. | CPD NOTIFIED ☐Y ☐N | TIME | BY WHOM

NEAREST RELATIVE | RELATIONSHIP | HOME PHONE | WORK PHONE | PHONE | ES | E

PRIMARY INSURANCE | CODE | SECONDARY INSURANCE

ADDRESS

CITY/ST/ZIP | ADDRESS | CODE

POLICY HOLDER | POLICY # | CITY/ST/ZIP

POLICY HOLDER | POLICY #

## NOTES

# Jackson Park Hospital & Medical Center
7531 SOUTH STONY ISLAND AVE CHICAGO, IL 60649

| P.T. | DATE | TIME | HOSPITAL # | MED. REC. # | AGE | DATE OF BIRTH | SEX | MS. | R. | REL. | SOCIAL SECURITY # | A.D | REG. B |
|------|------|------|-----------|-------------|-----|---------------|-----|-----|-----|------|-------------------|-----|--------|
| | 07/29/05 | | | | 63 | 02/19/43 | M | | | | 346-35-004. | | |

**PATIENT NAME**
TURNER, LUGEAN

**ADDRESS**
8051 S DORCHESTER

**MAIDEN NAME**

**CITY/STATE/ZIP**
CHICAGO IL

**PHONE**
773 783-8865

**PATIENT EMPLOYER**
RETIRED

**ATTENDING PHYSICIAN**
MAUHANI, JAYESHM

**ADDRESS**

**CITY/ST/ZIP**
07150

**ROOM & BED**
1E06

**RESPONSIBLE PARTY**
TURNER, LUGEAN

**ADDRESS**
8051 S DORCHESTER

**SOCIAL SECURITY #**
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

**CITY/ST/ZIP**
CHICAGO IL

**PHONE**
773 783-8865

**RESPONSIBLE PARTY EMPLOYER**
RETIRED

**ADMITTING DIAGNOSIS**
POSSIBLE CEREBROVASCULAR AC

**ADDRESS**

**CPD CUS. CPD NOTIFIED TIME BY WHOM**

**NEAREST RELATIVE**
TURNER, BULN

**RELATIONSHIP**
Spouse

**HOME PHONE**
(773) 783-8865

**PRIMARY INSURANCE**
VETERAN AFFAIRS

**WORK PHONE**

**PHONE**

**ADDRESS**
P BOX 8175

**CODE**
660

**SECONDARY INSURANCE**

**CITY/ST/ZIP**
CHICAGO IL 90680

**ADDRESS**
Muffins Mufato

**POLICY HOLDER**
TURNER, LUGEAN

**POLICY #**
340350047

**CITY/ST/ZIP**

**POLICY HOLDER**
Jetel hubber Culati

**NOTES**

Sepsis Clostridium
Atelectatine          Sardell.     0383  99591
dehydrat + 99681 somau      276⁵   518.81
A renal failure nephro      276⁵   7073
CA prostate decubleg       5849
Cte HTN                   185  7079
UTI pneumonia            4280   7019
anemia                   5990   486
hospid                    25 9
hypoglycemia            2767  43826
effeepn                   2030
alie                      34834
                          42731
                          7243
                        063    
                  3893

EXHIBIT L



Exhibit M

**Jackson Park Hospital**
7531 Stony Island Ave.
Chicago, IL 60649
(312) 947-7500 Fax (312) 947-7962

## DISCHARGE SUMMARY

THE FRIEDELL CLINIC
J. MADHANI, M.D.
Attending Physician

DATE OF ADMISSION: 7/29/05

DATE OF DISCHARGE: 8/20/05 (EXPIRED)

CONSULTS: D. Mufuka, M.D., Nephrology; E. David, M.D., Surgery; T. Siddiqui, M.D., Infectious Disease; A. Gulati, M.D., Neurology W. Abboud, M.D., Medicine/Oncology

ADMITTING DIAGNOSIS:

1)  SEPSIS.
2)  ACUTE RESPIRATORY FAILURE.
3)  PNEUMONIA.
4)  URINARY TRACT INFECTION.
5)  ANEMIA OF CHRONIC DISEASE.
6)  RENAL FAILURE.
7)  ENCEPHALOPATHY.
8)  PROSTATE CANCER.
9)  HYPOGLYCEMIA.
10) DIABETES.
11) CONGESTIVE HEART FAILURE.

HISTORY OF PRESENT ILLNESS: The patient is a 63-year-old african-american male with known case of high blood pressure, diabetes, renal failure, CHF, prostate CA, brought to ER by ambulance for unresponsiveness and decreased respiratory rate. In ER patient immediately intubated for the respiratory failure. Patient's blood pressure was low and blood glucose also low. Patient received D50 antibiotic and Dopamine in ER. After drawing initial labs and radiological studies, patient transferred to ICU for further management. Initial lab showed WBC count 16.7, hemoglobin 9.1, hematocrit 29, platelets 176. Patient's BUN significantly high at 74, creatinine 4.7, glucose 71.

HOSPITAL COURSE: Patient received in ICU intubated and on ventilator. Patient started continuously antibiotic agents and patient's wife requested to transfer patient to VA Hospital but VA Hospital denied this and said they did not accept patients from ICU to ICU. Patient continuously received antibiotics, ventilation support and the rest of medications. Neurology, Infectious Disease, Nephrology, Pulmonology and Hematology consults called. Patient's treatment plan changed as per consulted attending request. Patient's blood culture came back positive during ICU stay with clostridial sordelli.

tient:   TURNER, LUGEAN
 #:      180391

391-8-20-05

PAGE 1 OF 2

DISCHARGE SUMMARY



**Jackson Park Hospital**
7531 Stony Island Ave.
Chicago, IL 60649
(312) 947-7500 FAX (312) 947-7942

DISCHARGE SUMMARY

THE FRIEDELL CLINIC
J. MADHANI, M.D.
Attending Physician

DATE OF ADMISSION: 7/29/05

DATE OF DISCHARGE: 8/20/05 (EXPIRED)

Patient's antibiotics changed as per Infectious Disease doctor and patient's repeated blood culture came back negative. Patient also received dialysis for acute and chronic renal failure. Patient's BUN/creatinine improved. During ICU stay, patient's' hemoglobin dropped further from already low hemoglobin. GI bleed, rule out with guaiac negative rectal exam. Blood transfusion recommended by attending but patient's wife refused. Family meeting called in the presence of Ethics Committee and attending in the scenario of critical situation of the patient but there was not a positive outcome. As patient remained on ventilator for a prolonged period of time, G-tube and tracheostomy tube recommended by pulmonology but patient's wife refused. As patient's condition remained critical and patient remained intubated on ventilator with prolonged continuously low hemoglobin, patient eventually called Code Blue on 8/20/05. ACLS protocol was started without success. Patient pronounced dead on 8/20/05 with the diagnosis secondary to cardiopulmonary arrest/failure.

MADHANI, M.D./BY: Z. HUSSAIN, M.D., RESIDENT
/2 - D&T  9/13/05

:ient:  TURNER, LUGEAN
#:    180391

Exhibit O

)1-8-20-05

PAGE 2 OF 2                    DISCHARGE SUMMARY



DEPARTMENT OF VETERANS AFFAIRS
JESSE BROWN VA MEDICAL CENTER
820 S DAMEN AVE
CHICAGO IL 60612

January 12, 2007

In Reply Refer To: 537/136E/cac
Turner, Lugean  (0047)

THE FRIEDELL CLINIC
ATTN: PATIENT BILLING
190 EAST DELAWARE
CHICAGO ILLINOIS  60611

Dear Health Care Provider:

This is in response to your claim for payment or reimbursement of emergency services under the Veterans Millennium Health Care and Benefits Act effective May 29, 2000 for the above named patient on  July 29, 2005 through July 30, 2005.

After careful review, it has been determined the patient does not meet the requirements of Criteria:     **(D)  Claim approved for one day.**

Payment or reimbursement for emergency services may be made only if all of the following conditions are met:

A.  The emergency services were provided in a hospital emergency department or a similar facility held out as providing emergency care to the public.

B.  The claim for payment or reimbursement for the initial evaluation and treatment is for a condition of such a nature that a prudent layperson would have reasonably expected that delay in seeking immediate medical attention would have been hazardous to life or health.

C.  A VA or other federal facility/provider was not feasibly available and an attempt to use them beforehand would not have been considered reasonable by a prudent layperson (as an example, these conditions would be met by evidence establishing that a veteran was brought to a hospital in an ambulance and the ambulance personnel determined that the nearest available appropriate level of care was at a non-VA medical center.

D.  The claim for payment or reimbursement for any medical care beyond the initial emergency evaluation and treatment is for a continued medical emergency of such a nature that the veteran could not have been safely transferred to a VA or other federal facility (the medical emergency lasts only until the time the veteran becomes stabilized).

Exhibit P.

Order to Sue or Defend as an Indigent Person

(7/16/04) CCG 0689

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

Quinshela Turner

_____
Plaintiff/Petitioner

v.

Jackson Park Hospital et at
_____
Defendant/Respondent

}

No. _____

Calendar _____

### ORDER

This matter coming before the Court on an Application and Affidavit to Sue or Defend as an Indigent Person, the Court being fully advised in the premises, **IT IS HEREBY ORDERED;**

Pursuant to Supreme Court Rule 298 and 735 ILCS 5/5-105:

☐ The applicant is permitted to sue or defend without payment or fees, costs or charges. The applicant may be ordered to pay any portion of the waived fees or costs out of a settlement or judgment resulting from this action.

The application is denied for the following reason(s): because petitioner can not

represented deceased spouse
_____

☐ Payment shall be: ☐ made by _____ OR ☐ deferred until _____ OR ☐ other _____
                          (date)                                    (date)

**ENTERED**
JUDGE DEBORAH MARY DOOLING-1591

JUL 26 2007

DOROTHY BROWN
CLERK OF THE CIRCUIT COURT
OF COOK COUNTY, IL
DEPUTY CLERK

ENTERED:

Dated:

_____
Judge

159/
Judge's No.

DOROTHY BROWN, CLERK OF THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

EXhibit B

Order to Sue or Defend as an Indigent Person

(7/16/04) CCG 0689 C

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

Quishela Turner

_____ Plaintiff/Petitioner

v.

Jackson Park Hosprtae et ae
_____ Defendant/Respondent

No.  07 L 7806

Calendar _____

## ORDER

This matter coming before the Court on an Application and Affidavit to Sue or Defend as an Indigent Person, the Court being fully advised in the premises, IT IS HEREBY ORDERED;

Pursuant to Supreme Court Rule 298 and 735 ILCS 5/5-105:

☐ The applicant is permitted to sue or defend without payment or fees, costs or charges. The applicant may be ordered to pay any portion of the waived fees or costs out of a settlement or judgment resulting from this action.

☒ The application is denied for the following reason(s): Plaintiff Cannot Represent deceaseds Husbandi estate in Pro Se- Needs an attorney
_____

Payment shall be: ☐ made by _____ OR ☐ deferred until _____ OR ☐ other _____
                        (date)                          (date)

ENTERED:

Dated:

_____ Judge

_____ Judge's No.

ENTERED
JUDGE IRWIN J. SOLGANICK-0239
DEC 21 2007
DOROTHY BROWN
CLERK OF THE CIRCUIT COURT
OF COOK COUNTY, IL
DEPUTY CLERK

DOROTHY BROWN, CLERK OF THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

Exhibit C

Master Calendar Motion Courtrooms Case Management Order

CCL N601-100M-6/10/04

**IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**
**COUNTY DEPARTMENT, LAW DIVISION**

Turner

_____ Plaintiff(s)

v.

Jackson Park Hospital, et al. _____ Defendant(s)

Case No. 07 1 7306

Motion Call "9:30" Line #: 13

## MASTER CALENDAR MOTION COURTROOMS CASE MANAGEMENT ORDER
(Please check off all pertinent paragraphs and circle proper party name.)

(8230) _____ 1. Category #1 (18 Month Discovery)     (8232) _____ 1a. Category #2 (28 Month Discovery)

(4296) _____ 2. Written discovery & 213(f)(1) and (2) disclosures to be completed by _____ ;

(4218) _____ 3. Oral Discovery & 213(f)(1) and (2) depositions to be completed by _____ ;

(4218) _____ 4. Treating physicians depositions to be completed by _____ ;

(4288) _____ 5. Subpoenas for treating physicians depositions to be issued by _____ ;

(4296) _____ 6. _____ shall complete outstanding written discovery by _____ ;

(4218) _____ 7. _____ shall be presented for deposition by _____ ;

(4206) _____ 8. Plaintiff/Defendant/Add. Party shall answer 213 (f)(3) interrogatories by _____ ;

(4218) _____ 9. Plaintiff's 213(f)(3) witnesses to be deposed by _____ ;

(4218) _____ 10. Defendant's 213(f)(3) witnesses to be deposed by _____ ;

(4218) _____ 11. Additional party's 213(f)(3) witnesses to be deposed by _____ ;

(4619) ✓ 12. The matter is continued for subsequent Case Management Conference on Dec 17
at 9:15 AM/PM in Room 2203 for:

(A) ___ Proper Service    (B) ___ Appearance of Defendants    (C) ___ Case Value

(D) ___ Pleading Status    (E) ___ Discovery Status    (F) ___ Pre-Trial/Settlement

(G) ___ Other: _____

_____

(4005) _____ 13. Case is dismissed for want of prosecution.(4040) _____ The case is voluntarily dismissed under 735 ILCS 5/2-1009.

**NOTICE:**

* Failure of any party to comply with this Case Management Order will be a basis for Rule 219(c) sanctions.
* Failure of any party to enforce this Case Management Order will constitute a waiver of such discovery by that party.
* All cases arriving on the Trial Call in Courtroom 2005 must have all discovery in Lines 2 through 11 completed.
* A copy of this order is to be sent to each party by his/her counsel within 10 (ten) days of the initial Case Management Date.

Atty. No.: 42297

Name: Dukema Gossett

Atty. for: Defendant Dr. Cullen

Address: 10 S. Wacker Suite 2300

City/State/Zip: Chicago IL 60606

Telephone: 312-348-1700

ENTERED:

ENTERED
JUDGE DIANE J. LARSEN·1771
NOV 2 9 2007
DOROTHY BROWN
CLERK OF THE CIRCUIT COURT
OF COOK COUNTY, IL
DEPUTY CLERK

Judge's Stamp

_____
Judge      Judge's No.

**DOROTHY BROWN, CLERK OF THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**

Exhibit D

# IN THE CIRCUIT COURT OF COOK COUNTY
## COUNTY DEPARTMENT, LAW DIVISION

QUINSHELA TURNER,

<div align="center">Plaintiff,</div>

    v.

JACKSON PARK HOSPITAL et al., J. MADHANI, M.D., D. MUFUKA, M.D.,
T. SIDDIQUI, M.D., ANIL GULATI, M.D., W. ABBOUND, M.D.,
J. P. CULLEN, M.D., P.C. KUMAR, M.D., M.A. WILCSYNSKI, P.C.
KUCHARSKI, M.D., Any Unknown Parties that Participated in the Health Care of
Lugean Turner,

<div align="center">Defendants.</div>

Case No. 07 L 7806

Motion Call "B"

## Notice of Filing

TO:    All Counsel of Record
        (see attached Service List)

      PLEASE TAKE NOTICE that on November 13, 2007, we caused to be filed with the
Clerk of the Circuit Court of Cook County, County Department, Law Division, **Defendant
Jeffrey P. Cullen, M.D.'s, Response to Plaintiff's Motion for Substitution,** a copy of which is
enclosed herewith.

                                 By: _____
                                    One of the Attorneys for Defendant,
                                  Jeffrey P. Cullen, M.D.

Thomas R. Hill
Elizabeth C. Osborne
Dykema Gossett PLLC
10 South Wacker Drive
Suite 2300
Chicago, IL  60606-7407
(312) 876-1700
Firm ID #42297

Exhibit E

**IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**
**COUNTY DEPARTMENT – LAW DIVISION**

QUINSHELA TURNER,                          )
                                            )
          Plaintiff,                        )
                                            )
     v.                                     )
                                            )          No. 07 L 7806
JACKSON PARK HOSPITAL et al.,               )
J. MADHANI, M.D., D. MUFUKA, M.D.,          )
T. SIDDIQUI, M.D., ANIL GULATI, M.D.,       )
W. ABBOUND, M.D., J.P. CULLEN, M.D.,        )
P.C. KUMAR, M.D., M.A. WILCYNSKI, M.D.,     )
P.C. KUCHARSKI, M.D., ANY UNKNOWN           )
PARTIES THAT PARTICIPATED IN THE            )
HEALTH CARE OF LUGEAN TURNER,               )
                                            )
          Defendants.                       )
                                            )

## <u>NOTICE OF FILING</u>

**TO:    SEE ATTACHED SERVICE LIST**

PLEASE TAKE NOTICE that on **November 13, 2007** we filed with the Clerk of the Circuit Court of Cook County, Illinois, the attached, **Jackson Park Hospital's Response to Plaintiff's Motion for Substitution of Judge for Cause.**

QUERREY & HARROW, LTD.

By: _____
       Attorneys for Defendant, JACKSON PARK
       HOSPITAL

QUERREY & HARROW, LTD.
175 West Jackson Boulevard, Suite 1600
Chicago, Illinois  60604
(312) 540-7000

*Exhibit F*

Firm ID No. 18324

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, LAW DIVISION

QUINSHELA TURNER,                          )
                                           )
                    Plaintiff,             )
                                           )
            v.                             )         NO.  07 L 007806
                                           )
JACKSON PARK HOSPITAL, J. MADHANI,         )
M.D., D. MUFUKA, M.D., T. SIDDIQUI,        )
M.D., ANIL GULATI, M.D., W. ABBOUND,       )
M.D., J.P. CULLEN, M.D., P.C. KUMAR,       )
M.D., M.A. WILCSYNSKI,                     )
P.C. KUCHARSKIM, M.D., Any unknown         )
parties that participated in the health care of )
Lugean Turner,                             )
                                           )
                    Defendants.            )

## NOTICE OF FILING

TO:   All Counsel of Record - *See Attached Service List*

        PLEASE TAKE NOTICE that on **November 8, 2007**, we filed with the Clerk of
the Circuit Court of Cook County, Illinois, County Department, Law Division,
**Defendant's Response to Plaintiff's Motion for Substitution of Judge for Cause**, a
copy of which is attached and hereby served upon you.

STAMOS & TRUCCO LLP
30 West Monroe Street, Suite 1600                    Attorney for Defendant
(312) 630-7979                                       Chicago, Illinois  60603
                                                     Firm I.D. No. 18324

        The undersigned, a non-attorney, certifies under penalties of perjury that she
caused a copy of the aforementioned pleading to be served via First Class Mail to the
above attorney by depositing same in the U.S. Mail located at Monroe and Dearborn
Streets, Chicago, Illinois before the hour of 5:00 p.m. on November 8, 2007.

                                        _Jessica Galvez_

SUBSCRIBED AND SWORN to before me this 8th day of November, 2007

"OFFICIAL SEAL"
Denise M. Vasquez                       _Denise M. Vasquez_
Notary Public, State of Illinois        Notary Public
My Commission Exp. 10/07/2008

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, LAW DIVISION

Quinshela Turner,                                )
                                                 )
                     Plaintiff,                  )
                                                 )
             v.                                  )    NO.  07 L 007806
Michael Wilcsynski, M.D., et al,                 )
                                                 )
                     Defendants,                 )

## NOTICE OF FILING

To:    SEE ATTACHED SERVICE LISET

PLEASE TAKE NOTICE that on November 13, 2007, there was filed with the
Clerk of the Circuit Court of Cook County, Illinois, **Defendants Michael Wilcsynski,
M.D. and Peter Kucharski, M.D.'s Response to Plaintiff's Motion for Substitution of
Judge for Cause**, a copy of which is attached hereto.

Respectfully submitted,

SWANSON, MARTIN & BELL, LLP

_____
Attorneys for Defendants, Michael
Wilcsynski, M.D. & Peter Kucharski, M.D.

Joseph P. Switzer
Alison B. Crane
SWANSON, MARTIN & BELL, LLP
330 N. Wabash, Suite 3300
Chicago, Illinois  60611
(312) 321-9100

Exhibit H

IN THE CIRCUIT COURT OF COOK COUNTY

COUNTY DEPARTMENT, LAW DIVISION

**FILED**

QUINSHELA TURNER,

         Plaintiff,

   vs.

Case No.: No. AW07 1S7806

2007 OCT -5 PM 2: 59

CIRCUIT COURT OF COOK
COUNTY ILLINOIS
LAW DIVISION
DOROTHY BROWN CLERK

JACKSON PARK HOSPITAL et al, J.
Madhani, M.D., D. Mufuka M.D., T.
Siddiqui, M.D., Anil. Gulati, M.D.,,
W. Abbound, M.D., J.P. Cullen M.D. ,
P.C. Kumar. M.D.,, M.A. Wilcsynski,
P.C. Kucharskim, M.D.., Any unknow
parties that participated in the
health ca,

         Defendant

## Affidavit

I Quinshela Turner here by Motion for a substitution of judge for
cause be granted, and being first duly sworn state; to the best of my
knowledge and belief the information in my Motion for substitution of
Judge For cause is true and correct.

Plaintiff signature _Quinshela Turner_

SUBSCRIBED ANS SWORN TO BEFORE ME THIS

**OCT 05 2007** DAY OF _____

Court Clerk/ Notary Public

Commission Expires: _____

"OFFICIAL SEAL"
STEPHEN P. CONLON
NOTARY PUBLIC STATE OF ILLINOIS
My Commission Expires 04/28/2008

8051 South Dorchester
Chicago Illinois 60619
QUINSHELA TURNER

A Exhibit I

IN THE CIRCUIT COURT OF COOK COUNTY

COUNTY DEPARTMENT, LAW DIVISION

QUINSHELA TURNER,
          Plaintiff,
     vs.
JACKSON PARK HOSPITAL et al, J.
Madhani, M.D., D. Mufuka M.D., T.
Siddiqui, M.D., Anil. Gulati,
M.D.,, W. Abbound, M.D.,  J.P.
Cullen M.D. , P.C. Kumar. M.D.,,
M.A. Wilcsynski,  P.C. Kucharskim,
M.D.., Any unknow parties that
participated in the health ca,
          Defendant

Case No.: No. 07 L 007806

MOTION FOR SUBSTITUTION OF JUDGE FOR CAUSE

FILED-2

2007 OCT -5 PM 3: 07

CIRCUIT COURT OF COOK
COUNTY, ILLINOIS
LAW DIVISION

CLERK

## MOTION FOR SUBSTITUTION OF JUDGE FOR CAUSE

1.  Plaintiff Quinshela Turner, move this court to set aside the
entire order of September 28, and October 1, 2007 dismissing
Jeffery P. Cullen , D Mufuka, Michael Wilcsynski, M.D. and
Kucharski M.D. and Jackson Park Hospital. **See exhibit A and B)**
In support the Plaintiff state as follow: the defendants
Jeffery P. Cullen , D Mufuka, Michael Wilcsynski, M.D. and
Kucharski M.D. and Jackson Park Hospital.  Had (1) defaulted
(2) should not have been dismiss from this case,(3) that this
case dose not require a affidavit from expert witness, and(4)
the plaintiff intended to rely on the doctrine of "res ipsa
loquitur",     (5)Defendants in default is not entitle to a
dismissal.(6) Judge Larsen is bias toward Pro-se litigants (7)
perjury is tolerated by the judge.( the record submitted to
the court is not view by the judge (8) judge Larsen opinion

.. 1 ..

*Exhibit*

August 21, 2007 however on September 28, 2007. an attorney appear in court on behalf of .Kucharski M.D and submitted an motion to dismiss without and affidavit being attach, requesting the court to dismiss him from the case because plaintiff fail to attach an affidavit. As of October 1, the court had not server Peter C Kucharski. Peter C kucharski had fail to file an answer or plead and that motion did not have an affidavit attach and that motion was never file in the court.       The court error in dismissing Peter C Kucharski M.D. who fail to file an answer or plead, and fail as prescribe by 735 ILCS 5/2-602 and 735 ILCS 5/2-610 (a)(b)(c)(d) also failing to attach an affidavit as prescribe by 735 ILCS 5/2-610 and had fail to file his motion as prescribe by the court and the supreme court rule. Peter C Kucharski M.D. Peter C Kucharski, motion to dismiss file by Joseph P. Seitzer, is not in compliance, as prescribe by 735 ILCS 5/2-602 and 735 ILCS 5/2-610 (a)(b)(c)(d)

The court erred in granting Peter C Kucharski. Motion to dismiss, In fact Attorney Joseph P. Switzer, and Swanson, Martin & bell, LLP did not property serve the plaintiff, there motion for dismissal, and their motion was not file in the court.    The attorney for Michael Wilcsynski M.D and Peter C kucharski M.D. hand the Plaintiff a copy of their un file motion to dismiss with a copy of their appearance, on September 28, 2007, in open court. No notice was file in the court and the plaintiff did not receive a notice by mail informing the plaintiff that Joseph P. Switzer was representing the two defendants Michael Wilxsynski

-17-

perjury is tolerated by the judge.( the record submitted to the court is not view by the judge (8) judge Larsen opinion fail to address the issues of the lawsuit,(9) judge applied different standards to different litigants (10) the judge gave order contrary to accepted standards of behavior, and(11) the judge refuse to take action required by law.

Fraud make a order invalid.  The judge impose her own rules under the pious principle for proper administration of the court , that in fact have very little to do with the administration of the court and said rule are in fact primarily convoluted designed and invented to bias litigation to exploit justice for the enrichment of the defendants and their attorneys. Judge Lansen abuse her authority.

2.    The Plaintiff asset that the Matter at bar is the plaintiff suit for accountability , recourse at law seeking justice before an independent court, and a trial by jury.

3.    The Plaintiff assert that the judge committed fraud upon the court in concert with the defendants attorney, serving the privately interest of the defendants et al where the defendants failed to properly answer the Plaintiff suit and failed to file any answer supported by fact that would justify a dismissal.

4.    The Judge treated the plaintiff difference from the defendants. Pretending that the complaint, she did not read was not understood where in the fact the  Plaintiff complaint was supported by statue and law and the constitution.

5.    The plaintiff assert that the action of the judges to rubberstamp the motion to dismiss without merit or support of any law or statute

-2-

to obstruct and deny assess to jury trial, only verifies, certifies and confirms and substantiates the fact that the judge is bias and prejudice and discriminated against the Plaintiff.

6.   The judge has violated her oath of office an in doing so has imposed a manifest injustice so offensive to the Plaintiff where by plaintiff 4th 5th and 14 amendment  and civil rights of the  plaintiff have been violated for failure of the court to administer due process.

7.   The plaintiff had her constitution right to seek recourse pro-se, free form bias prejudice and discrimination obstructed by the Judge, that has acted in a very hospital manner allowing the Defendants motion to dismiss abusing the court discretion by dismissing the defendants,  denying the plaintiffs her right to judgment of default and judgment trail by jury where in fact and law the constitution does not provide that the court may impose a judgment that abridges or infringes the right to a fair and impartial trail and judgment by jury

8.   The plaintiff assert that the judge act to dismiss to bag the case to shield and prevent recourse and accountability of the defendants.

9.   The Plaintiff assert that the court handed down the dismissal base on a well practiced fraud in the courts , the Judge knew the Defendants motion to dismiss were based upon fraud and acted in conflict, to infringe and abridge the civil right of the plaintiffs because the plaintiff were acting pro-se therefore a constitutional controversy exists

10.   Self representation of the Plaintiff is a Constitutional right, that was not perpected by the Judge.  Plaintiff was denied, the right

to Equal Protection of the laws, right to Due Process of Law and fraud upon the court was committed as outline in this motion.

11.     Plaintiff filed a complaint and Jury Demand on July 26, 2007, against all the defendants named in this case,

12.     Plaintiff petition the court to order Defendant Jackson Park Hospital et al, to release, the documents and information that if an affidavit would be need it would be predicated upon the records that Jackson Park Hospital has fail to produce.

13.     The defendants in default motion for a dismissal, stating that an affidavit was not attach to the Plaintiff complaint as their perplex reason for dismissal. The judge granted the defendant that were in default their motion.

14.     The judge ignore that the Plaintiff had file an sworn statement in lien of an affidavit 735 ILCS 5/2-622 (2)(3), this affidavit was file before the judge granted the defendants their motion to dismiss. base on 735 ILCS 5/2-622 (2)(3).  the sworn statement in lien of an affidavit was file by the plaintiff before the 90 days period had not expired.  The judge fail to review court record in fact no records were before the judge on each court date September 28, 2007 and October 1, 2007.

**DEFENDANTS DID NOT FILE AN AFFIDAVIT WITH THEIR MOTION TO DISMISS**

15.     A Motion to dismiss under 735 ILC  2-615, 2-619, require a affidavit,    Those defaulted defendants had who had motion for a dismissal  did not attach a affidavit to their untimely motion.

## 735 ILCS DOSE NOT APPLY TO INFORM CONSENT CASE

16.    The plaintiff was in compliance. In fact 735 ILCS5/2-622 (1)(2)(3) dose not apply to an malpractice lack of inform consent case .and all the other counts in the plaintiff conplaint need no expert medical doctor to evaluated a matter of legal rights under the law.

## DEFENDANT WERE PROPERTY SERVE

17.    On September 24, 2007, base on court records available, Plaintiff file and served a motion for default judgment against each of the three defendants separately, who was found and server by the Cook county Sheriff department, on August 21, 2007, Jeffery P. Cullen , D Mufuka, and Jackson Park Hospital. Plaintiff also file and serve an affidavit, certificate of default, and money award.  On both September 28, and October 1,2007, the Plaintiff provided proof of mailing to the judge that she had served those defendants. see exhibit.    September 24, 2007 the court registry reveal the other six of the defendants, were not found to be served on August 21, 2007 the court record did not indicate on September 24, 2007, whether Wilsynski has or had not been found to be served with the complaint. Plaintiff check the court registry, on October 1, 2007, that reveal that Dr. Wilcsynski was serve on August 22, 2007. even though he was personally serve Dr. Wilcsynski fail to answer or plead with in the prescribe time as prescribe by the court and the supreme court rule.

## THE JUDGE NEVER ADDRESS THE PLAINTIFF MOTION OR REPLY

18.     Plaintiff file and serve the defendants  her motion for Default Judgment////////// to be heard, on October 1, 2007. The judge never address the Plaintiff motions  Jeffery P. Cullen Attorney and D.Mufuka attorney, requested their Motion for their dismissal to be heard on September 28, 2007,  Even though Wilcsynski M.D. and kucharski M.D. was not contact by the Plaintiff or the other defendants according to their proof of mailing. Being already in default, for failing to answer or plead.

## DEFENDANTS MOTION WERE NEVER FILE WITH THE COURT.

19.     Wilcsynski M.D. and kucharski M.D. attorney Swanson, Martin & Bell, LPP some how learn of the September 28, 2007 date and  appear before the court on September 28, 2007 with a motion to dismiss, and presented a copy of an appearance that was allege to have been file on September 17,2007 on behalf of Wilcsynski M.D. and Kucharski M.D with a motion to dismiss dated September 28, 2007 that had no affidavit attach, the time to answer or plead expired on September 21,. 2007,   That motion of Wilcsynski and Kucharski, had never been file with the court to this date according to the court register. Judge Lansen except Wilcsynski M.D. and Kucharski M.D motion to dismiss, and instance dismiss Wilcsynski M.D. and Kucharski M.D, from the case. Without allcwing the plaintiff a response or reply, because the plaintiff were acting Pro-se.

..6..

20.     On September 28, 2007, the  Defendants Jeffery P. Cullen
attorney and Dr D. Mufuka attorney, Who had motion for dismissal
appear and present their motion that had no affidavit attack. The
judge instance granted their motion to dismiss.  even though they
were in default the judge granted Jeffery p.cullen  and D Mufuka
their dismissal  from the case, Preventing them from having to
appear on October 1, 2007, protecting, shielding, covering up the
fact that the defendant  had default, the defendants was not in
compliance with the court and the supreme court rules

### JACKSON PARK HOSPITAL et al

21.     Plaintiff return to Judge Larsen court room  on October 1,
2007, for a default Judgment, against Jackson park Hospital et
al, Attorney for Jackson Park Hospital, was present.   Jackson
Park hospital et al, had been server a summon on August 21, 2007
by the sheriff department.  Jackson Park hospital, had fail to
file an appearance, answer or plead, before September 20, 2007,
Within the prescribe time require by the court. - Jackson
hospital  et al, told the judge that Jackson park had not been
serve a copy of the complaint, or a copy of the motion for
default. If the judge had, had the court file before her she
would have known that Jackson Park Hospital was serve on August
21, 2007 by the cook county sheriff department, against Plaintiff
objection the judge dismiss Jackson Park Hospital, and grant
Jackson Park hospital five days to file an appearance, On October
On October 1, 2007, plaintiff offer the judge a copy of proof (1)
of mailing from the  Post office to prove that the plaintiff mail

7.

Jackson park Hospital et al a copy of her Motion for Judgment of default, a sworn affidavit, attach Request for default, affidavit, certificate of defaults, second request for release of medical records etc, and a sworn statement in lieu of affidavit. a copy Plaintiff reply to the Dr Mufuka and Cullen Motion to dismiss. on September 24, 2007 that was not consider by the judge, because the Plaintiff were acting pro~se. all the defendants who were found to be served were sent a copies. Jackson Park Hospital also fail to produce the requested record.

22.    Jackson Hospital did not properly petition the court to striking complaint.

### DISHONEST

The plaintiff assert the Judge behavior should be call into question.

23.    Because the plaintiff was acting pro-se the judge did not consider the evidence.

The time for Jackson Park Hospital to answer or plead had expired on September 20, 2007. The attorney for Jackson park was given such privigles that the attorney was allow to practice before the court without having file an appearance or Motion, their verbal request with out filing a motion was granted, dismiss Jackson Park hospital, before an appearance was even file. to cover up the fact that, Jackson Park Hospital had defaulted. the Judge dismiss Jackson park Hospital et al and gave Jackson Park 5 day to file an appearance, and requested that the plaintiff and Jackson Park return on October 18, 2007. the judge fail to apply equal justice of the law because the plaintiff were acting pro-se.

24.     Because the Plaintiff is acting pro se, there is a constitutional controversy exists

25.     The plaintiff assert the she was deprived of an independent court and unfair proceeding do to the fact that the court serve the interested of the defendants and their attorneys. The order of the court, dated September 28, 2007, and October 1, 2007, were design to conceal and cover up and protect the defendant from a judgment of default, and the fact that the defendants had not abide by the law.

26.     The September 28, 2007 and October 1, 2007 Order, was drafted to set the plaintiff case up for failure.

## OUT LINE OF THE EVENT

27.     September 24, 2007 the court register, reveal that only three of the Ten(10), Defendants, Jeffery P. Cullen M.D, D Mufuka and Jackson Park Hospital, were found and served by the sheriff of cook County on August 21, 2007. because August has 31 days in it's month,  September 20, 2007 was the end of the thirty day period for those defendants to answer or Plead with in a timely manner as prescribe by law. Plaintiff also check the court registery on September 28, 2007 and the court register reveal that non of the other 6 defendants has been found to be served personally.

28.     The court had not posted yet as to whether Dr. Wilcynski has been served. So the plaintiff has to wait  for the Court register to reveal if wilcsynski had been serve before requesting a default judgment.

29.     Plaintiff File a Motion for a default judgment on
September 24, 2007, to be enter against, Jeffery P. Cullen M.D,
D.Mufuka and Jackson Park Hospital et al.

### D. Mufuka

30.     Attorney James Stamos enter the appearance  for Defendant
Dr. Mufuka,M.D., on September 12, 2007, and on September 18,file
a motion to dismiss, but fail to answer or other wise plead by
September 20, 2007 within the 30 days and as prescribe by 735
ILCS 5/2-602 and 735 ILCS5/2-610(a)(b)(c)(d), and within the
time as prescribe by the court  and supreme court rule 181(a).
The September 28, 2007 court order is invalid, and the court
error in granting Dr. Mufuka M.S motion to dismiss.

### Jeffery P. Cullen

31.     An appearance and Jury demand, was file on behalf of
Jeffery P. Cullen by Thomas R. Hill Dykema Gossett PLLC, on
September 17, 2007, who fail to timely file an answer of plead,
as prescribe by 735 ILCS 5/2-602 and 735 ILCS 5/2-610
(a)(b)(c)(d).   Jeffery P. Cullen, fail to timely answer or
plead, by September 20, 2007, Jeffery P. Cullen attorney file an
untimely motion to dismiss on September 21,after Jeffery P.
Cullen had defaulted. The time to answer or plead has expire on
September 20, 2007. Cook County Sheriff serve Jeffery P. Cullen
on August 21, 2007.   The court error in granting Jeffery P.
Cullen motion to dismiss. Jeffery P.Cullen had
defaulted.00000000000 check to see if cullen was serve.

## MICHAEL WILCSYNSKI

32.    Joseph P. Seitzer represent Dr, Michael Wilcsynski. Plaintiff check the court register on August 24 and 28 2007, according to the court register, there were No history of whether the sheriff was able to serve Michael Wilcsynski M.D., a copy of the Plaintiff complaint,  Michael Wilcsynski M.D.  however on September 28, 2007. an attorney appear in court on behalf of .Michael Wilcsynski M.D and submitted an untimely  motion to dismiss that had no affidavit attach, even though the plaintiff had not file an default judgment against Michael wilcsynski M.D. That Michael Wilksynski motion for dismissal was never file in the court.  Accord to the court register there was an appearance file on behalf of by Michael Wilcsynski on September 18, 2007. The court error in dismissing Michael Wilcsynski M.D. who fail to file an answer or plead, as prescribe by 735 ILCS 5/2-602 and 735 ILCS 5/2-610 (a)(b)(c)(d) also failing to attach an affidavit as prescribe by 735 ILCS 5/2-610  and had fail to file his motion as prescribe by the court and the supreme court rule. Michael Wilcsynski M.D Motion is not in compliance. Dr. Wilcsynski was serve a copy of the complain on august 21, 2007, as of September 21, he had defaulted.

### Peter C. Kucharski M.D

33.    Joseph P. Seitzer also  represent  Peter C Kucharski M.D.. Plaintiff check the court register on September 27and 28 2007, on accord to the court register, Peter C Kucharski M.D.  could not found to be serve a summon by the sheriff department  on

M.D and Peter C. kucharski.  (See exhibit) the judge encourge the defendant to hand the plaintiff a copy and then and there the judge dismiss the Michael Wilcsynski and Kucharski from the case.  on the same day September 28, 2007 the judge dismiss them as defendants.  Plaintiff was not afforded an opportunity to respond to Wilcsynski and kucharski motion because it was present and granted on the same day, September 28, 2007.

35.  Plaintiff reply to Mufuka, Cullen motion to dismiss on September 24, 2007, that reply was not address or consider by the judge.

36.  The defendants are require to answer all the count in the plaintiff's complaint. All the Defendants fail to do so.

## LACK OF INFORM CONSENT, DOSE NOT REQUIRE AN EXPERT AFFIDAVIT

37.  Under Illinois lack of inform consent action dose not require an expert affidavit. In support: Under Illinois 's prudent patient standard, a physician must disclose all information material to a

reasonably prudent patient's decision to undergo the proposed treatment. See Largey v. Rothman,

540 A.2d 504(N.J. 1988); Bennett v. Surgidev Corp., 710 A.2d 1023, 1026 (N.J. Super. Ct. App. Div.

1998). Accordingly, under this "patient-focused" standard, an expert is not required to establish a

standard for disclosure or to prove that a physician failed to meet the standard. See Tyndall v.

Zabonski, 703 A.2d 980, 982  (N.J. Super. Ct. App. Div.1997). There for the judge abuse her of discretion in dismissing the Defendants on September 28, 2007 and October 1.2007.

38.      The basic elements of an action for medical malpractice based

on a lack of informed consent,    the only element at issue before this court involved the element of proximate cause.    On this issue of proximate cause in an informed consent action, Illinois followed the majority rule which applies an objective standard to determine whether there is proof of causation, citing to the case of Guebard v. Jabaay, 117 Ill. App. 3d 1, 452 N.E.2d 751 (1983). That standard requires a plaintiff to prove that a reasonably prudent person in the plaintiff's position, after being properly informed, would have refused the proposed treatment.    The hospital did not inform Mr. or Mrs. turner because Mr. Turner was mistake as and treated as another  patient for three days Tyrone Taylor.    Any reasonable prudent person in the position of Mr. and Mrs. Turner, would have refuse being  treated as another person, both Mr. and Mrs. Turner refuse treatment of Mr. Turner by Jackson Park Hospital , Mr. or Mrs. Turner never gave Jackson Park Hospital or any of it staff, agency etc, consent to treat Mr. Turner.

39.    In a inform consent case, court then examined the Illinois case law that has addressed this issue, and found that there was authority requiring expert testimony on the proximate cause issue in such an action, but also found Illinois authority suggesting that expert testimony was not necessarily a requirement in such a case. For guidance on this issue, the court turned to an examination of those California cases cited as authority for Illinois' adoption of the objective standard. The court first reviewed the "seminal" case of Cobbs v. Grant, 8  Cal. 3d 229, 502 P.2d 1, 104 Cal. Rptr. 505 (1972). In Cobbs, the court noted, there was no language to indicate that the objective standard could be satisfied only on expert evidence on proximate

causation.

40.   Because the Cobbs court did not specifically address this issue, the Coryell court examined California cases that have interpreted Cobbs and found that those cases have held that expert testimony is not necessarily required, under the objective standard, to weigh the attendant risks of the procedure, the decision not to undergo treatment, and the probability of a successful outcome.

41.   In addition to these considerations, the court noted that expert testimony is, under well-established Illinois law, admissible only if the assessment of alleged malpractice requires the knowledge, skill or training in a technical area outside the comprehension of a lay person. Further, in an "ordinary" malpractice case, expert evidence is required on the issue of causation because that determination usually requires knowledge, skill, or training in a technical area outside the comprehension of lay persons. By contrast, the issue of causation in an informed consent case is based upon what a person of ordinary prudence would do under the same or similar circumstances as those confronted by the plaintiff. On this issue, the court noted, no one would be in a better position than the jury to determine whether a prudent person, after proper disclosure, would have proceeded with the treatment.

42.   While the issues of duty and breach in the informed consent case were not before the Coryell court, in dicta the court noted that the role of expert testimony in such a case is limited due to the very nature of the elements of the cause. Despite this limited role, however, the court stated clearly that expert testimony is needed to establish both elements of duty and breach (such as adequacy of disclosure, nature

of the risks, diagnosis, and prognosis) since these matters may be so technical and specialized that lay persons would require expert assistance. However this case dose not require the technical and specialized assistance of an expert.

43.    Based on all of these factors, and considering them in a light most favorable to the non-moving plaintiff, the Coryell court found that there was sufficient evidence to establish a factual issue to go to the jury, i.e., whether a reasonably prudent person in her position, properly informed, would have elected to undergo the surgery. Requiring the plaintiff to present expert evidence on causation in an informed consent case was improper, and accordingly, the court reversed and remanded the matter.

44.    This matter is reserved solely for jury , The constitution of Illinois grant no authority to the courts to make judgment reserved solely for jury where a jury trail are demanded by right and forbids the legislature to establish court to make judgment reserved for jury or enact statutes in conflict that infringe and abridge the right to jury trail

45.    The judge abuse it discretion dismissing the defendants that has defaulted., the plaintiff has provided that court with a sworn statement in lieu of an affidavit even though a affidavit of merit from an expert is not need.

46.    The Court order Dated September 28, 2007 is structure to protect the defendants and their attorneys. None of the plaintiff motion and reply were address or consider by the judge. The motion to dismiss made by the defendants et al were based upon a long practiced

- 76 -

fraud and are a perpetration of fraud upon the court  therefore the judgment entered on September 28, 2007 is invalid under 735 IlCS5/4-102.

47.    When the language of the statue is clear and unambiguous the court must give effect to the Plain meaning of the statue.  To protect the interested of the defendants Judge Diane J. Larsen dismiss the

## In conclusion

48.    The Plaintiff demand a jury trail in this case. Judge Larsen had demonstrated that the pro-se plaintiff will not get a fair trail in her court room.   Pursuant to 735 ILCS 5/2-1301(d) (West 2002) the judge by law was require to enter a judgment of default against the defendants for want of appearance or failure to plead

WHEREFORE  Plaintiff Quinshela Turner Respectfully, move and pray that Judge Diane J. Larsen remove and disqualify herself as judge or that the instant motion be heard by another judge other than judge Diane J. Larsen Pusuant to IL7355/2-1001(2)(3). Plaintiff also request that this court  set aside void and vacate  Judge Larsen  order dated September 28, 2007 and October 1, 2007.

8051 South Dorchester
Chicago Illinois
60619
QUINSHELA TURNER

*CA 07-3447*

IN THE CIRCUIT COURT OF COOK COUNTY
COUNTY DEPARTMENT, LAW DIVISION

QUINSHELA TURNER,
                Plaintiff,
        vs.
JACKSON PARK HOSPITAL et al, J.
Madhani, M.D., D. Mufuka M.D., T.
Siddiqui, M.D., Anil. Gulati,
M.D.,, W. Abbound, M.D.,  J.P.
Cullen M.D. , P.C. Kumar. M.D.,,
M.A. Wilcsynski,  P.C. Kucharskim,
M.D.., Any unknow parties that
participated in the health care of
Lugean Turner,
                Defendants

Case No.: No. 07 L 007806

*Judge William D. Maddux*
Judge: Irwin J Solganick

*Exhibit A. B. C  DEATeuh.*

## NOTICE OF APPEAL FOR DENIAL OF WAVIER OF COURT FEE
## TO OBSTRUCT JUSTICE

1.  The Plaintiff is an indigent person pursuant to Section 5-105.5
    of this code who income is 125% or less of the current
    official federal poverty guideline. And cannot afford to pay
    the court fee.

2.  The judge rule against the law in violation 735 IlCS 5/5-105

3.  The  Judges has violated the Plaintiff due process rights.
        Plaintiff has been prejudiced by this improper violation of
    the law and communication coupled with protracted delays and
    due process rights

4.  Plaintiff file and appeal on October 25, 2007, in this case and
    the record on appeal is due in the Appellate court on
    December 27, 2007. Plaintiff will not be able to, file the
    record on appeal on December 27, 2007, because the of Judge
    Irwin Solganick  obstruction.

5.  Plaintiff was inform that the record on appeal  would be
    ready on December 19, 2007, and no fee was due.

*Exhibit K*

6. On July 19, 2007 the plaintiff was inform that the record was not ready because some one has unbound and the record had to be rebound and would be ready on December 21, 2007.

7. Upon visiting the court on December 21, 2007, to get the record to take to the court Appellate, the circuit court, denied the plaintiff the record, stating that the plaintiff has to pay for the record before the court would release the record.

8. The Circuit court also allege it could not find the order that allow the plaintiff to proceed in forma pauper on July 26, 2007. yet all the record show that the fee had been waive on July 26, 2007. That a wavier of fee was granted but clerk look worried and state that without a statement from a judge they could not release the records.

9. While at the Court, On December 21, 2007 the plaintiff file out another application and affidavit to sue as indigent person and took it to the same court room 2005, a different judge, Irwin J Solganick, was presiding, he denied the Plaintiff Application on the merit of the case in violation 735 ILCS 5/5-105(e) after reviewing the court system  Judge Irwin J solganick make it very clear that Pro-se litigant is not welcome His order denying Plaintiff application clearly state that "Plaintiff can not represent decease husband estate as pro-se "Need attorney."

10. The plaintiff believe that she is being retaliated against because of the complaint she made about judge Larsen

11. , Plaintiff also believe that Judge Irwin Solganick- denied the plaintiff application after inquiring into the nature of the Plaintiff case  because on December 21, 2007 the Plaintiff did not present any document to Judge Irwin J Solganick, and it took him longer than usual to make a decision back in his chamber. and  his statement reflect the statement of the Judge Deborah Dooling who also denied the Plaintiff application on the merit of the case,  on  in

2.

violation of 735 ILCS 5/5-105(E) on July 26, 2007. but was later corrected.

12.    Plaintiff further believe that there is a conspiracy because after the Plaintiff has file a motion for rescue of judge for cause.   and the several appeal made to the Appellate Court challenge the judge   exceeding her jurisdiction and abusing her authority etc,   court documents disappear and   access to the court record was and is denied.

13.    Both Judge Deborah Dooling and Judge Solganick willfully violated the Plaintiff due process plaintiff constitution rights   by improper denial of the Plaintiff application.   and has demonstrated that (1) prose litigants are not favor.

12.    The law Provides that an initial fee waiver shall be granted by the   court at any stage of the proceedings at the appellate and trial court level if an applicant meets specified standards of   eligibility and application requirements, and authorizes the court to reconsider the initial fee waiver. These Judge either do know the law or either has not respect for the law.

### Violation of the Judge

14.    On July 26, 2007 Plaintiff Present an   application to sue as a indigent person   to Judge   Deborah Dooling, found that the Plaintiff qualify as   an indigent person.   but improper denied the plaintiff application   on the merit of the case in violation to 735 IlCS5/5-105 (e) a determination concerning an application to sue or defend in forma paupers shall not be construed as a ruling on the merits, The judge Deborah Dooling order State " Reason denied Plaintiff can not defend her decease husband. (See Exhibit A )   After much deliberation   On  the same dated July 26, 2007 the judge decision was reverse, or over ride, and the fee was waive. And the Plaintiff was allow to a file her complaint and other papers and the fee for summoning the Defendant s were also waive. (See exhibit  B)

15.   Plaintiff case 07 L 7806 was assign to Judge Diane Larsen.

16.     Thought out the case judge Larsen was not impartial she was bias and discriminating   and violate several of the plaintiff constitution rights to protect  the interested of the defendants attorneys,  who had fail to timely file and appearance or answer or Plead on behalf of their clients, who could  sue ,for failure to answer or plead,  if the judge had abide by the law and  granted the Plaintiff her  motion for default judgment. The judge exceed her jurisdiction to protect the interest of the defendants Attorneys. Including improperly   dismissing the plaintiff complaint to protect the attorneys and  because the Plaintiff was acting pro-se the judge disregarding the plaintiff, right under the statue and the law.  Violating the Plaintiff state and federal constitution rights, Which result in Plaintiff Motioning for a Substitution of Judge for Cause. on October 5, 2007, instead of Judge Diane Larsen rescuing herself on October 15, 2007, she order the Defendants attorneys, Dykema gossett Swanson Martin& Bell, Stamos & Truco and Querre & Harrow Ltd in this same related case to , represent judge Larsen against the Plaintiff, by responding to the Plaintiff motion for substitution of judge for cause. the defendants attorney responded to the Plaintiff motion for substitution of judge for cause, this  certify the judge partially .

17. Judge Larsen  intentionally violated the law. And  continue to violate the law proceeding  without jurisdiction make void orders attempting to confer jurisdiction in violation of the law,

18. Judge Larsen continue to have  ex -parte  communication  with the defendants attorneys who  conspire to and continue to represent Judge Larsen and write  the judge Larsen voided order,  these order are made without any motion  and without judge Larsen having jurisdiction, See exhibits_____ and with the intent to incur jurisdiction back to the judge Larsen who lost jurisdiction.

19. Judge Larsen committed fraud upon the court in concert with the defendants/ attorneys to whom she is obligated to serve the private interest of the defendant/attorneys et al where the defendant attorneys failed to timely and properly answer the Plaintiff suit and failed to timely file an answer supported by fact that would justify a dismissal and only motioned for dismissal without and affidavit under 2-619 and 2-615. Both Judge Larsen and the Defendant's Attorneys has engage in fraud and violation of plaintiff constitution rights, also Judge Deborah Dooling and Judge -----also has engage in fraud, calculated the order to deceive the Plaintiff and obstructing justice. Judge Larsen has no authority to submit any order to the Plaintiff.

20. The judge Larsen and the Defendants Attorney knew that a motion for substitution for judge for cause is only between the Plaintiff and the judge, not the defendants and their attorneys. The judge also knew that a motion for substitution of judge take precedence over all other matter, because the Plaintiff was acting pro-se the judge Larsen disregarded all the Plaintiff motion including substitution of judge for cause. And proceed with the case without jurisdiction with the defendants attorneys, who Judge Larsen conspire to acquire jurisdiction in violation of the law.

21. In fact Plaintiff receive Several void orders from the defendants attorneys stamos & Trucco LLp dated December 1, 2007 and Swanason dated December 17, 2007, judge Larsen lost jurisdiction over this case when she refuse to rescue her self on October 15, 2007 she has no authority to make an order in this case. Any of her order is void of no legal force or effect. and the Plaintiff will not respond to void orders. Judge Larsen has lost jurisdiction to write an order at this stage even transferring the case to another judge.

22.     It appear that , Judge Irvin J solganick is enjoining in the conspiracy to Cover-up because as a judge, Judge Irvin J Solganick Knew that he was not suppose to judge the Plaintiff indigent application on the merit of the case. But did so to protect Judge Deborah Dooling and judge Larsen.  And deceive the Pro-se Plaintiff.  Both Judge Deborah Dooling Judge Solgamick and judge Larsen has violated the Plaintiff constitution right.  And their action should be call into question.  Like judge Larsen, that has lose jurisdiction in this case so has the Defendants attorneys, Dykema Gossett, swanson Martin & B Stamos & Trucco and Querre & Harrow Ltd all, has lost standing in this case and has also violated the law.

23.     The Plaintiff dose not believe that she will get a fair trail in this circuit court because three judge exceed their jurisdiction, had demonstrated clearly no respect or equal justice for Pro-se litigants.

The Judge is not the court and the court not the judge.

WHEREFORE for all the above reason and all the reasons outlined in this appeal The plaintiff is hereby noticed of fraud upon the Court , Several judge has committed fraud at law against the rule by law therefore the court is cautioned, and request to reminded the judges to cease and desist all pretension or propriety , vacated all void order in this instant action step aside and allow nothing other than a jury trial both on the merit of the action and on the claims of the damages with the complaint and certify a competent court free of conflict.  And abide by the law and approve the Quinshela Turner application for wavier of fee as prescribe by the law.

                    Respectfully Submitted

                         Quinshela Turner
                         8051 Souther Dorchester
                         Chicago Illinois 60619

6

## PROOF OF MAILING

I certify that I had place a copy of the Plaintiff **MOTION FOR EXTENSION OF TIME TO FILE RECORD ON APPEAL** in the Unites Stattes mail on December____, 2007

To:   Dykema Gossettt
       10 S. Wacker Dr. Ste. 2300
       Chicago Il 60606

       Swanson Martin & Bell
       1860 W. Winchester, ste 201
       Liberty ville Il 60048

       Stamos & Trucco
       30 W. Monroe, suite 1600
       Chicago Illinois 60603

       Querre & Harrow, Ltd
       175 West Jackson Boulevard Suite 1600
       Chicago Illinois 60604

                              Quinshela Turner
                              8051 South Dorchester
                              Chicago Illinois 60619

                      8051 South Dorchester
                      Chicago Illinois 60619
                      QUINSHELA TURNER

_7_

(7/16/04) CCG 0689 C

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

Quinshela Turner

_____
**Plaintiff/Petitioner**

v.

Jackson Park Hospital et al

_____
**Defendant/Respondent**

} No. _____

} Calendar _____

### ORDER

This matter coming before the Court on an Application and Affidavit to Sue or Defend as an Indigent Person, the Court being fully advised in the premises, IT IS HEREBY ORDERED;

Pursuant to Supreme Court Rule 298 and 735 ILCS 5/5–105:

☐ The applicant is permitted to sue or defend without payment or fees, costs or charges. The applicant may be ordered to pay any portion of the waived fees or costs out of a settlement or judgment resulting from this action.

The application is denied for the following reason(s): _because_ _petitioner_ _can_ _not_ _represented_ _deceased_ _spouse_ _____

☐ Payment shall be: ☐ made by _____ OR ☐ deferred until _____ OR ☐ other _____
                              (date)                              (date)

ENTERED:

    ENTERED
JUDGE DEBORAH MARY DOOLING•1591
    JUL 26 2007
    DOROTHY BROWN
CLERK OF THE CIRCUIT COURT
    OF COOK COUNTY, IL
DEPUTY CLERK

Dated: _____

_____
Judge                                    Judge's No.

DOROTHY BROWN, CLERK OF THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

EX A

(7/16/04) CCG 0689 C

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

Quishela Turner
**Plaintiff/Petitioner**

v.

Jackson Park Hosptae et ae
**Defendant/Respondent**

} No. _07 L 7806_

Calendar _____

## ORDER

This matter coming before the Court on an Application and Affidavit to Sue or Defend as an Indigent Person, the Court being fully advised in the premises, **IT IS HEREBY ORDERED;**

☐ Pursuant to Supreme Court Rule 298 and 735 ILCS 5/5-105:
The applicant is permitted to sue or defend without payment or fees, costs or charges. The applicant may be ordered to pay any portion of the waived fees or costs out of a settlement or judgment resulting from this action.

☒ The application is denied for the following reason(s): _Husband's estate in Pro-Se - Needs an attorney_
_Plaintiff cannot represent deceased_

Payment shall be: ☐ made by _____ OR ☐ deferred until _____ OR ☐ other _____
                        (date)                          (date)

                                    **ENTERED:**

                                    **Dated:**

                                    _____
                                    **Judge**                    **Judge's No.**

ENTERED
JUDGE IRWIN J. SOLGANICK-0239
DEC 21 2007
DOROTHY BROWN
CLERK OF THE CIRCUIT COURT
OF COOK COUNTY, IL
DEPUTY CLERK

DOROTHY BROWN, CLERK OF THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

Ex B

THOMAS J DART
SHERIFF OF COOK COUNTY
MUNICIPAL DIVISION

000061-1.6.1 08/03/07 13:00
REF CASE    # 07L 007806          0.00 *
REF SHERIFF # 007622             0.00 TL
CASE TOTAL    TOTAL               0.00

FEE WAIVED
CASHIER: PAULA

THOMAS J DART
SHERIFF OF COOK COUNTY
MUNICIPAL DIVISION

000062-1.6.1 08/03/07 13:01
REF CASE    # 07L 007806          0.00 *
REF SHERIFF # 007623             0.00 TL
CASE TOTAL    TOTAL               0.00

FEE WAIVED
CASHIER: PAULA

THOMAS J DART
SHERIFF OF COOK COUNTY
MUNICIPAL DIVISION

000063-1.6.1 08/03/07 13:01
REF CASE    # 07L 007806          0.00 *
REF SHERIFF # 007624..           0.00 TL
CASE TOTAL    TOTAL               0.00

FEE WAIVED
CASHIER: PAULA

THOMAS J DART
SHERIFF OF COOK COUNTY
MUNICIPAL DIVISION

000064-1.6.1 08/03/07 13:01
REF CASE    # 07L 007806          0.00 *
REF SHERIFF # 007625             0.00 TL
CASE TOTAL    TOTAL               0.00

FEE WAIVED
CASHIER: PAULA

THOMAS J DART
SHERIFF OF COOK COUNTY
MUNICIPAL DIVISION

000065-1.6.1 08/03/07 13:02
# 07L 007806                      0.00 *
007626                           0.00 TL

EX C

THOMAS J DART
SHERIFF OF COOK COUNTY
MUNICIPAL DIVISION

000066-1.6.1 08/03/07 13:02
REF CASE    # 07L 007806          0.00 *
REF SHERIFF # 007627              0.00 TL
CASE TOTAL    TOTAL               0.00

FEE WAIVED
CASHIER: PAULA

THOMAS J DART
SHERIFF OF COOK COUNTY
MUNICIPAL DIVISION

000067-1.6.1 08/03/07 13:02
REF CASE    # 07L 007806          0.00 *
REF SHERIFF # 007628              0.00 TL
CASE TOTAL    TOTAL               0.00

FEE WAIVED
CASHIER: PAULA

THOMAS J DART
SHERIFF OF COOK COUNTY
MUNICIPAL DIVISION

000068-1.6.1 08/03/07 13:03
REF CASE    # 07L 007806          0.00 *
REF SHERIFF # 007629              0.00 TL
CASE TOTAL    TOTAL               0.00

FEE WAIVED
CASHIER: PAULA

THOMAS J DART
SHERIFF OF COOK COUNTY
MUNICIPAL DIVISION

000069-1.6.1 08/03/07 13:03
REF CASE    # 07L 007806          0.00 *
REF SHERIFF # 007630              0.00 TL
CASE TOTAL    TOTAL               0.00

FEE WAIVED
CASHIER: PAULA

EX D

THOMAS J DART
SHERIFF OF COOK COUNTY
MUNICIPAL DIVISION

000070-1.6.1 08/03/07 13:04
REF CASE    # 07L 007806          0.00 *
REF SHERIFF # 007631              0.00 TL
                                 0.00

IN THE CIRCUIT COURT OF COOK COUNTY
COUNTY DEPARTMENT, LAW DIVISION

QUINSHEAL TURNER,

      Plaintiff,

    vs.

JACKSON PARK HOSPITAL et al, J.
Madhani, M.D., D. Mufuka M.D., T.
Siddiqui, M.D., Anil. Gulati, M.D.,,
W. Abbound, M.D.,  J.P. Cullen M.D. ,
P.C. Kumar. M.D.,, M.A. Wilcsynski,
P.C. Kucharskim, M.D.., Any unknow
parties that participated in the
health ca,

        Defendants

Case No.: No. 07 L 007806

## Motion requesting Extension
## Sworn Statement in lieu of affidavit

1, Now come the Plaintniff and pursuant to supreme court Rule 224 making a second request petitioning this honorable court leave to take discovery before litigation. The affidavit pertaining to this case is predicated. On the medical records of Lugean turner and information in lieu of an affidavit, the plaintiff may provide a sworn statement in lieu of an affidavit, after written request of the records,   The Plaintiff certify the that Jackson Park Hospital et al, has not  provided the plaintiff with the requested medical Records and other documents that have a substantial bearing on preparation of an affidavit. Plaintiff intend to rely on the doctrine of "res ipsa loquitur".

2, Plaintiff requested that Jackson Park Hospital et al, produce all of it's original handwritten and computer generated of stored medical and hospital

Exhibit L

records of the management of the health care of Lugean Turner, and, all the alterations, modifications and version of said records for color photocopying and or scanning.

3 Plaintiff first petition for Discovery on June 26, 2007

The plaintiff certify that she has not receive from Jackson Park Hospital et al, the requested documents.

4 Plaintiff request that defendant(s) preserve and protect the integrity and condition of all of said records until further order of the court.

5. Identify the name address employer, title and position of each person who attended participated or was consulted in the management of care of Lugean

6. Turner at the Jackson Park Hospital of assessing and managing medicine nature of illness, care and treatment for Lugean Turner

7. The Plaintiff certify that the above information is correct and True, SUBSCRIBED AND SWORN to before me this _____ SEP 24 2007 day of _____2007.

Court Clerk/ Notary Public

COMMISSION EXPIRES: _____

"OFFICIAL SEAL"
GEORGE J. TAGLER
NOTARY PUBLIC, STATE OF ILLINOIS
MY COMMISSION EXPIRES 10-07-08

8051 South Dorchester
Chicago Illinois 60619
QUINSHELA TURNER

CIVIL WRIT MASTER RECORD
C.P.U. ENTERED DATE/TIME: 08/09/2007   10:01   ADD OPER. JHE        SCREEN
TYPE OF CASE LA LAW                DISABLED PERSON
SHERIFF'S NUMBER 007631-001L   CASE NUMBER 07L007806    —          OPR. ID AD
MUNIC 1 MULT. SERVICE 001 PAUPER'S SUIT _ TYPE OF DOC. 100 SUMMONS DISTRICT 123
FILED DT 07-26-2007 DIE DT 08-22-2007 REC'D DT 08-03-2007 HELD BY
CORP. SEARCH _ DEFENDANT DR. P.C. KUCHARSKI
                 ADDRESS 007531 S STONY ISLAND
                 044 CHICAGO                        AV    APT. NO./HOUSE
              PLAINTIFF QUINSHELA BROWN           IL. 60649
                        SERVICE INFORMATION
SERVICE INFO. JMH   JACKSON PARK HOSPITAL
TYPE OF SERVICE NOT NOT FOUND   PRN _  REASON NOT SERVED 02 NO CONTACT      SP
SERVED ON
SEX _ RACE _ AGE _ BY DEPUTY-STAR #: 3371 LOYD, L  SERVICE DATE 08-22-2007 TIME _ : _ _
RETURNED DATE 08-23-2007 DATE RETURN TO CLERK 08-23-2007 POSTED DATE MO-DA-YEA
ADDITIONAL REMARKS
ATTY NO. 0000
ATTY NAME.: QUINSHELA TURNER
ADDRESS...: X
CITY......: X                                          TAX DEL'Q
                    , IL 00000 0000  PH. 000 000 0000   SHERIFF'S NO.

TO RETURN TO INITIAL INQUIRY, USE PF7   FOR NEXT SCREEN, ENTER 02 PRESS PF4
PF7 INQUIRY PF8 GEN INQ. MENU PF9 MAIN MENU PF10 DB MENU

Exhibit M

DSP NEXT SCREEN __                CIVIL WRIT MASTER RECORD
C.P.U. ENTERED DATE/TIME: 08/09/2007  11:38  ADD OPER. JHE          SCREEN 0.
TYPE OF CASE LA LAW                    DISABLED PERSON _
SHERIFF'S NUMBER 007628-001L    CASE NUMBER 07L007806  _  DISTRICT 123    )PR. ID RFR
MUNIC 1 MULT. SERVICE 001 PAUPER'S SUIT _ TYPE OF DOC. 100 SUMMONS
FILED DT 07-26-2007 DIE DT 08-22-2007 REC'D DT 08-03-2007 HELD BY        __
CORP. SEARCH _ DEFENDANT DR. MUFUKA                                      __
              ADDRESS 007531 S STONY ISLAND          AV    APT. NO./HOUSE
                    044 CHICAGO                 IL. 60649
              PLAINTIFF QUINSHELA TURNER
                    SERVICE INFORMATION
SERVICE INFO. JMH   JACKSON PARK HOSPITAL                                SPJ
TYPE OF SERVICE COR CORPORATION PRN _  REASON NOT SERVED
SERVED ON P POWERS          AP    SERVICE DATE 08-21-2007 TIME 11:32 AM
SEX F RACE BL AGE 59 BY DEPUTY-STAR #: 3371 LOYD, L
RETURNED DATE 08-22-2007 DATE RETURN TO CLERK 08-22-2007 POSTED DATE MO-DA-YEAR
ADDITIONAL REMARKS RF
ATTY NO.   0000
ATTY NAME.: QUINSHELA TURNER
ADDRESS...: X                                            TAX DEL'Q
CITY......: X          , IL 00000 0000  PH. 000 000 0000  SHERIFF'S NO.

TO RETURN TO INITIAL INQUIRY, USE PF7   FOR NEXT SCREEN, ENTER 02 PRESS PF4
   PF7 INQUIRY PF8 GEN INQ. MENU PF9 MAIN MENU PF10 DB MENU

Exhibit N

DSP N SCREEN                                                    October 01, 2007, 11:
C.P.U. ENTERED DATE/TIME: 08/09/2007   CIVIL WRIT MASTER RECORD
TYPE OF CASE LA LAW                      10:17   ADD OPER. JHE              SCREE
SHERIFF'S NUMBER 007630-001L     CASE NUMBER 07L007806   DISABLED PERSON
MUNIC 1 MULT. SERVICE 001 PAUPER'S SUIT   TYPE OF DOC. 100 SUMMONS    PR, ID
FILED DT 07-26-2007 DIE DT 08-22-2007 REC'D DT 08-03-2007 HELD BY   DISTRICT 123
CORP. SEARCH _ DEFENDANT JACKSON PARK HOSPITAL ET AL
               ADDRESS 007531 S STONY ISLAND
               044 CHICAGO                              AV      APT. NC./HOUS
               PLAINTIFF QUINSHELA TURNER          IL. 60649

SERVICE INFO. JMH  ___  SERVICE INFORMATION  ___
TYPE OF SERVICE COR CORPORATION PRN         REASON NOT SERVED            S
SERVED ON LYNN DOBBS       AP      SERVICE DATE 08-21-2007 TIME 1 :25 AM
SEX F RACE BL AGE 54 BY DEPUTY-STAR #: 3371 LOYD, L
RETURNED DATE 08-22-2007 DATE RETURN TO CLERK 08-22-2007 POSTED DATE MO-DA-YE.
ADDITIONAL REMARKS RF
ATTY NO.  0000
ATTY NAME.: QUINSHELA TURNER
ADDRESS...: X
CITY......: X

                        , IL 00000 0000   PH. 000 000 0000       TAX DEL'Q
                                                                SHERIFF'S NO
TO RETURN TO INITIAL INQUIRY, USE PF7   FOR NEXT SCREEN, ENTER 02 RESS PF4
PF7 INQUIRY PF8 GEN INQ. MENU PF9 MAIN MENU PF10 DB MENU

Exhibit O

DSP NEXT SCREEN                                                    October 01, 2007, 11:2

C.P.U. ENTERED DATE/TIME: 08/09/2007  11:28  ADD OPER. THE

TYPE OF CASE LA LAW           CIVIL WRIT MASTER RECORD              SCREEN

SHERIFF'S NUMBER 007625-001L,  CASE NUMBER 07L007806      DISABLED PERSON

- MUNIC 1 MULT. SERVICE 001 PAUPER'S SUIT   TYPE OF DOC. 100 SUMMONS   DISTRICT 123

FILED DT 07-26-2007 DIE DT 08-22-2007 REC'D DT 08-03-2007 HELD BY

CORP. SEARCH  _ DEFENDANT DR. M.A. WILCSYNSKI

                  ADDRESS 007531 S STONY ISLAND

                  044 CHICAGO                         IL. 60649    AV    APT. NO./HOUS

             PLAINTIFF QUINSHELA TURNER

SERVICE INFO. JMH   JACKSON PARK HOSPITAL     SERVICE INFORMATION

TYPE OF SERVICE PER PERSONAL    PRN  _  REASON NOT SERVED                     SE

SERVED ON M A WILCSYNSKI    DR    SERVICE DATE 08-21-2007 TIME 1 :25 AM

SEX M RACE WH AGE 48 BY DEPUTY-STAR #: 3371 LOYD, L

RETURNED DATE 08-22-2007 DATE RETURN TO CLERK 08-22-2007 POSTED DATE MO-DA-YEA

ADDITIONAL REMARKS RF

ATTY NO.  0000

ATTY NAME.: QUINSHELA TURNER

ADDRESS...: X

CITY......: X                                                    TAX DEL'Q

                        , IL 00000 0000  PH. 000-000-0000        SHERIFF'S NO

TO RETURN TO INITIAL INQUIRY, USE PF7   FOR NEXT SCREEN, ENTER 02 PRESS PF4

PF7 INQUIRY PF8 GEN INQ. MENU PF9 MAIN MENU PF10 DB MENU

Exhibit D

DSP NEXT SCREEN __   October 01, 2007, 11:2

C.P.U. ENTERED DATE/TIME: 08/09/2007   CIVIL WRIT MASTER RECORD
11:32   ADD OPER. JHE

TYPE OF CASE LA LAW   SCREEN

SHERIFF'S NUMBER 007626-001L   DISABLED PERSON

CASE NUMBER 07L007806   __   OPR. ID RI

MUNIC 1 MULT. SERVICE 001 PAUPER'S SUIT __ TYPE OF DOC. 100 SUMMONS   DISTRICT 123

FILED DT 07-26-2007 DIE DT 08-22-2007 REC'D DT 08-03-2007 HELD BY

CORP. SEARCH _ DEFENDANT J.P. CULLEN M.D.

ADDRESS 007531 S STONY ISLAND

044 CHICAGO   AV   APT. NO./HOUS

PLAINTIFF QUINSHELA TURNER   IL. 60649

SERVICE INFORMATION

SERVICE INFO. JMH   JACKSON PARK HOSPITAL ET AL

TYPE OF SERVICE NOT NOT FOUND   PRN   REASON NOT SERVED 12 OTHER REASN

SERVED ON   SE

SEX _ RACE __ AGE __ BY DEPUTY-STAR #: 4776 MALTBIA, W.   SERVICE DATE 08-21-2007 TIME __:__ __

RETURNED DATE 08-22-2007 DATE RETURN TO CLERK 08-22-2007 POSTED DATE MO-DA-YEA

ADDITIONAL REMARKS RF

-ATTY NO. 0000   NO LONGER ON STAFF

ATTY NAME..: QUINSHELA TURNER

ADDRESS...: X

CITY......: X   TAX DEL'Q

, IL 00000 0000   PH. 000 000 0000   SHERIFF'S NO

TO RETURN TO INITIAL INQUIRY, USE PF7   FOR NEXT SCREEN, ENTER 02 PRESS PF4

PF7 INQUIRY PF8 GEN INQ. MENU PF9 MAIN MENU PF10 DB MENU

Exhibit Q

Order

CCG N002-300M-2/24/05 (

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

(1)

Quinsheda Turner

v.

Jackson Park Hospital, et. al.

No. 07 L 7806

## ORDER

This Matter coming to be heard on defendants Michael Milosynski, M.D. Peter C. Kucharski, M.D., Jeffrey P. Cullen, M.D. and D. Mufaka, M.D.'s Motions to dismiss pursuant to 735 ILCS 5/2-622, 735 ILCS 5/2-619.1 and 735 ILCS 5/2-615. All parties given due notice and the Court being fully advised.

IT IS HEREBY ORDERED:

(1) Defendants Milosynski, Kucharski, Cullen and Mufaka's Motions are granted.

(2) Plaintiff's Complaint is stricken as to defendants Milosynski, Kucharski, Cullen and Mufaka.

(3) Plaintiff has sixty days, until November 28, 2007 to file an amend Complaint and a 2-622 affidavit as to defendants Milosynski, Kucharski, Cullen and Mufaka.

(4) Defendants Milosynski, Kucharski, Cullen and Mufaka have 28 days thereafter, until December 28, 2007 to Answer or otherwise plead. See pg. 2

Atty. No.: 19324

Name: STAMOS + TRUCCO LLP

Atty. for: D. Mufaka

Address: 30 W. Monroe

City/State/Zip: Chicago IL 60603

Telephone: 312/630-7979

**ENTERED:**

Dated:

**ENTERED**
JUDGE DIANE J. LARSEN-1771

Judge

SEP 28 2007

Judge's No.

DOROTHY BROWN, CLERK OF THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

DOROTHY BROWN
CLERK OF CIRCUIT COURT
OF COOK COUNTY
DEPUTY CLERK

Second App 227          Exhibit R

Order

CCG N002-300M-2/24/05 (

# IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

Guincohela Turner

v.

Jackson Park Hospital, et al

No. 07 L 7806

## ORDER

⑤ Plaintiffs Motion for Default noticed for October 1, 2007 is hereby Stricken as to defendants Klicsynski, Klenarski, Cullem and Mutaka.
⑥ This Matter is continued to January 7, 2008 at 9:15 AM. without further notice.

tty. No.: 18324

ame: STAMOS + TRUCCO LLP

tty. for: △ Mutaka

idress: 30 N Monroe

/State/Zip: Chicago IL 3

lephone: 312 630-7979

**ENTERED:**

Dated:

**ENTERED**

JUDGE DIANE J. LARSEN-1771

SEP 28 2007

DOROTHY BROWN
CLERK OF THE CIRCUIT COURT
OF COOK COUNTY, IL
DEPUTY CLERK

Judge

Judge's No.

**DOROTHY BROWN, CLERK OF THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**

CCG N002-300M-2/24/05 (

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

Quinzella Turner

B. 1

v.

No. 07 L 7806

Jackson Park Hospital, et al.

## ORDER

This matter coming to be heard on the Plaintiff's motion for substitution of Judge for cause. All parties given due Notice and the Court being fully advised.

IT IS HEREBY ORDERED:

(1) Defendants have 28 days, until November 12, 2007 to file a written response to Plaintiff's Motion.

(2) Plaintiff has 28 days thereafter, until December 10, 2007 to file a written reply.

(3) This Matter is set for status on December 17, 2007 at 9:15 AM.

(4) Defendant Jackson Park Hospital produced the Medical record of M. Turner to the Plaintiff in October 15, 2007 in Open Court. The Same was accepted by the Plaintiff in Open Court on October 15, 2007. The Plaintiff's ~~motion~~ Motion for Protective Order and Release set for

Atty. No.: 19354

Name: STAMOS & TRUCCO LLP

Atty. for: D. Mutaka

Address: 30 W Monroe #1600

City/State/Zip: Chicago 60603

Telephone: 312 630-7979

**ENTERED:**

Dated: _____

ENTERED
JUDGE DIANE J. LARSEN 1771
OCT 1 2007

**Judge** _____ **Judge's No.**

**DOROTHY BROWN, CLERK OF THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**

Exhibit S

Order

CCG N002-300M-2/24/05 (

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

Quinshela Turner

v.

Jackson Park Hospital, et al

No. 01 L 700d

### ORDER

October 18, 2007 is entered and continued to December 17, 2007 at 9:15 A.M. The hearing date of October 18, 2007 is stricken.

Atty. No.: 1033-1

Name: Ames + T____ LLP

Atty. for: A Malara

Address: 30 ___ F1000

City/State/Zip: _____

Telephone: _____

**ENTERED**

Dated: _____

Judge

ENTERED
____ J. LARSEN-____

____
CLERK ____

Judge's No.

DOROTHY BROWN, CLERK OF THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS