File Date: _____ Feb 7, 2008 _____

Case No: _____ 08cv835 _____

ATTACHMENT # _____ 1 _____

EXHIBIT _____ T _____

TAB (DESCRIPTION)

_____

Order

CCG N002-300M-2/24/05 (                    )

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

TURNER

v.

JACKSON PARK et al.

No. 07 L 007806

## ORDER

This cause coming before the court on Plaintiff's Motion for Default, the court being fully apprised, IT IS HEREBY ORDERED:

1. Plaintiff's Motion for Default is DENIED at this time without Prejudice.

2. Defendant Jackson Park is granted leave to file its Appearance within 5 days, or by October 5, 2007, and any technical defaults are vacated as to Jackson Park.

3. This court's September 28, 2007 order Striking Plaintiff's complaint also applies to Jackson Park + Jackson Park shall have 28 days to Answer or Otherwise plead after Plaintiff files an Amended complaint.

4. Plaintiff's Request for Emergency Protective Order + Release of Medical Records is set for hearing on October 18, 2007 @ 11:00 a.m.

Atty. No.: 42291

Name: KEN / REID

Atty. for: A CHILD

Address: 10 S Water 2300

City/State/Zip: Chicago IL 60606

Telephone: 312 611 2190

ENTERED:

Dated:

**ENTERED**
JUDGE DIANE J. LARSEN -1771
OCT 01 2007
DOROTHY BROWN
CLERK OF THE CIRCUIT COURT
OF COOK COUNTY, IL
DEPUTY CLERK

Judge                                    Judge's No.

**DOROTHY BROWN, CLERK OF THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**

Exhibit T

50338-JMB/VIV:em

Firm No. 90663

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT – LAW DIVISION

| | |
|---|---|
| QUINSHELA TURNER,<br><br>        Plaintiff,<br><br>            v.<br><br>JACKSON PARK HOSPITAL et al.,<br>        Defendants. | )<br>)<br>)<br>)<br>)    No. 07 L 7806<br>)<br>)<br>) |

## NOTICE OF FILING

To:   Ms. Quinshela Turner        Dykema Gossettt
      8051 S. Dorchester          10 S. Wacker Dr., Ste. 2300      Swanson Martin & Bell
      Chicago, IL 60619           Chicago, IL 60606                1860 W. Winchester, Ste. 201
                                                                   Libertyville, IL 60048

      Stamos & Trucco
      30 W. Monroe, Suite 1600
      Chicago, IL 60603

   **PLEASE TAKE NOTICE** that on the 2ⁿᵈ of October, 2007 we filed with the Clerk of the Circuit
Court of Cook County, Illinois, *Defendant, Jackson Park Hospital's Appearance and Jury Demand*, a copy
of which is hereby served upon you.

                        QUERREY & HARROW, LTD.

                        By:   _____
                              Attorneys for Defendant, Jackson Park Hospital

Karen M. Vivian
QUERREY & HARROW, LTD.
175 West Jackson Boulevard, Suite 1600
Chicago, Illinois  60604-2827
(312) 540-7000

## PROOF OF SERVICE BY MAIL

   I, Elva Marquez, a non-attorney, certify that I served this Notice and pleading by mailing a copy to Ms. Turner
via certified and regular mail and to all counsel of record at their respective addresses and depositing the same in the
U.S. mail at 175 West Jackson Boulevard, Chicago, Illinois, at or prior to the hour of 5:00 p.m. on **October 2, 2007**,
with proper postage prepaid.

[x]      Under penalties as provided by law
         pursuant to Ill. Rev. Stat. Chap.       _____
         110-§1-109 I certify that the statements          Elva Marquez
         set forth herein are true and correct.

*Exhibit* U

IN THE CIRCUIT COURT OF COOK COUNTY
COUNTY DEPARTMENT, LAW DIVISION

QUINSHEAL TURNER,

      Plaintiff,

  vs.

JACKSON PARK HOSPITAL et al, J.
Madhani, M.D., D. Mufuka M.D.,
T. Siddiqui, M.D., Anil. Gulati,
M.D.,, W. Abbound, M.D.,  J.P.
Cullen M.D. , P.C. Kumar. M.D.,,
M.A. Wilcsynski,  P.C.
Kucharskim, M.D.., Any unknown
parties that participated in the
health ca,

      Defendants

Case No.: No. 07 L 007806

Default Judgment

## MOTION FOR A DEFAULT JUDGMENT Jeffery P Cullen M.D

On June 26, 2007 Plaintiff Quinshela Turner, file a complaint consisting of multiple complaints including failing to get inform consent against all the above defendants including Jeffery P. Cullen M.D.

1. Defendant Jeffery P. Cullen M.D. was serve  by the Sheriff of Cook Count , on August 21, 2007, and fails to answer other wise plead within a timely manner, in violation of the Circuit Court and Supreme Court rules,

2. After the Prescribe time to file and answer or other wise plead, had expire, the Defendant file an untimely motion

-1-

to dismiss. Even if the motion to dismiss was timely it is not an answer or plead.

3. The defendant is represented by and attorney that knew or reasonable should have know, that the first responsive file by an defendant in a civil action or Malpractice action, is a written statement that admit or denied all the allegation in a complaint, although the defendant motion to dismiss is untimely, the Defendant Motion to Dismiss fail to admit or denied the allegation in the plaintiff complaint.

4. A motion to dismiss is not consider an answer or plead, and even if it were that motion is untimely.

5. The defendant were served on August 21, 2007, the Defendant file it motion to dismiss on September 21, 2007, after the prescribe time has expire on September 20, 2007.

6. When and Defendant has defaulted that defendant has waived his right to an affirmative defense because it was not raise in a timely manner.

7. If a Defendant avoid responding to the allegation in the plaintiff complaint it is consider an admission of the allegation in those complaint.

WHEREFORE Plaintiff Quinshela Turner request that this court enter a Judgment of Default against the Defendant Jeffery P. Cullen in the amount of $500,000.00.

Plaintiff Quinshela Certify that the defendant Jeffery P Cullen were property serve.

Respectfully Submitted

Quinshela Turner
8051 South Dorchester
Chicago Illinois 60619

PROOF OF MAILING
I Quinshela Turner , Plaice in the United State Mail on September 24, 2007 a copy of the above and serve on Tomas R. Hill Dykema Gossett PLLC,. 10 South Wacker Drive Suit 2300 Chicago Illinois ......Stamos & Trucco LLP 30 West Monroe Street, Suit 1600, Chicago Illinois 60606, and Jackson Park hospital et al

IN THE CIRCUIT COURT OF COOK COUNTY
COUNTY DEPARTMENT, LAW DIVISION

QUINSHEAL, TURNER,

       Plaintiff,

   vs.

JACKSON PARK HOSPITAL et al, J.
Madhani, M.D., D. Mufuka M.D.,
T. Siddiqui, M.D., Anil. Gulati,
M.D.,, W. Abbound, M.D., J.P.
Cullen M.D.., P.C. Kumar. M.D.,,
M.A. Wilcsynski, P.C.
Kucharskim, M.D.., and Any unknow
parties that participated in the
health ca,

        Defendants

Case No.: No. 07 L 007806

Default Judgment

## MOTION FOR A DEFAULT JUDGMENT AGAINST
### Jackson Park Hospital et al

On June 26, 2007 Plaintiff file a complaint consisting of
multiple complaints including failing to get inform consent,
against the defendants, that complaint that were properly server
upon the above name defendants and Jackson Park Hospital et al.

The defendant Jackson Park Hospital et al, fails to answer
or other wise plead within a timely manner, in violation of the
Circuit Court and the Illinois Supreme Court rules. Jackson
Park Hospital has fail to file and appearance, answer or other
wise plead, within a timely manner as prescribe by the court and
Supreme Court Rule 181(a) which permits a defendant to make an
appearance by filing a motion within the thirty days period. No

-1-

motion were file by Jackson Park Hospital et al,   The Jackson Park Hospital et al were summon on August 21, 2007, the time to answer or other wise plead has expire .

WHEREFORE the Plaintiff Quinshela Turner request that this court enter a default judgment against Jackson Park hospital  in the amount  of $500,000.00. (affidavit attach)

Respectfully Submitted

QUINSHELA TURNER
8051 South
Dorchester
Chicago Illinois
60619


PROOF OF MAILING
I Quinshela Brown, place in the United State mail on September 21, 2007 and service a copy on Jackson Park Hospital et al at 7531 South Stony Island, Chicago Illinois, Stamos & Truccp LLP 30 West Monroe Street, Suite 1600 Chicago Illinois 60603, Thomas r. Hill Dykema Gossett PLLC 10, South wacker Suite 2300 chicago Illinois 60606

Quinshela Turner

2220 - Not Served
2320 - Served By Mail
2420 - Served By Publication
SUMMONS

2221 - Served
2221 - Not Served
2321 - Served By Mail
2421 - Served By Publication
ALIAS - SUMMONS

(Rev.12/3/01) CCG 000

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, _____ DIVISION

(Name all parties)

Qwnshela Turner

v.

Dr J P. Cullen ( Jackson park Hospital et al
531 So Stony Island
Chicago IL 60619

No. 2007L007806
CALENDAR/ROOM B
TIME 00:00
Medical Malpractice

**SUMMONS**

To each defendant:

YOU ARE SUMMONED and required to file an answer to the complaint in this case, a copy of which is hereto attached, or otherwise file your appearance, and pay the required fee, in the office of the Clerk of this Court at the following location:

☐  Richard J. Daley Center, 50 W. Washington, Room _____, Chicago, Illinois 60602

☐  District 2 - Skokie
5600 Old Orchard Rd.
Skokie, IL 60077

☐  District 3 - Rolling Meadows
2121 Euclid
Rolling Meadows, IL 60008

☐  District 4 - Maywood
1500 Maybrook Ave.
Maywood, IL 60153

☐  District 5 - Bridgeview
10220 S. 76th Ave.
Bridgeview, IL 60455

☐  District 6 - Markham
16501 S. Kedzie Pkwy.
Markham, IL 60426

You must file within 30 days after service of this summons, not counting the day of service.
IF YOU FAIL TO DO SO, A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE RELIEF
REQUESTED IN THE COMPLAINT.

To the officer:

This summons must be returned by the officer or other person to whom it was given for service, with endorsement of service and fees, if any, immediately after service. If service cannot be made, this summons shall be returned so endorsed. This summons may not be served later than 30 days after its date.

Atty. No.: _____

Name: Qwnshela Turner

Atty. for: _____

Address: 5651 So Dorchester

City/State/Zip: Chicago Il 60619

Telephone: _____

WITNESS, _____ Jan 2 1

_Dorothy Brown_
Clerk of Court

Date of service: _____
(To be inserted by officer on copy left with defendant
or other person)

Service by Facsimile Transmission will be accepted at: _____

_____  _____
(Area Code)  (Facsimile Telephone Number)

DOROTHY BROWN, CLERK OF THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

2120 - Served
2220 - Not Served
2320 - Served by Mail
2420 - Served By Publication
SUMMONS

2121 - Served
2221 - Not Served
2321 - Served By Mail
2421 - Served By Publication
ALIAS - SUMMONS

(Rev. 12/3/01) CCG 0001

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, _____ DIVISION

(Name all parties)

Quinshela Turner

DR M.A. Wlesynski    v.
Jackson Park Hospital et al

No. _____

2007L007806
CALENDAR/ROOM B
TIME 00:00
Medical Malpractice

**SUMMONS**

To each defendant:

YOU ARE SUMMONED and required to file an answer to the complaint in this case, a copy of which is hereto attached, or otherwise file your appearance, and pay the required fee, in the office of the Clerk of this Court at the following location:

☐ Richard J. Daley Center, 50 W. Washington, Room _____, Chicago, Illinois 60602

☐ District 2 - Skokie
5600 Old Orchard Rd.
Skokie, IL 60077

☐ District 3 - Rolling Meadows
2121 Euclid
Rolling Meadows, IL 60008

☐ District 4 - Maywood
1500 Maybrook Ave.
Maywood, IL 60153

☐ District 5 - Bridgeview
10220 S. 76th Ave.
Bridgeview, IL 60455

☐ District 6 - Markham
16501 S. Kedzie Pkwy.
Markham, IL 60426

You must file within 30 days after service of this summons, not counting the day of service.
IF YOU FAIL TO DO SO, A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE RELIEF REQUESTED IN THE COMPLAINT.

To the officer:

This summons must be returned by the officer or other person to whom it was given for service, with endorsement of service and fees, if any, immediately after service. If service cannot be made, this summons shall be returned so endorsed. This summons may not be served later than 30 days after its date.

Atty. No.: _____

Name: Quinshela Turner

Atty. for: _____

Address: 5837 S. Dorchester

City/State/Zip: Chicago, IL

Telephone: _____

Service by Facsimile Transmission will be accepted at: _____

WITNESS, _____

_____
Clerk of Court

Date of service: _____
(To be inserted by officer on copy left with defendant or other person)

_____
(Area Code)    (Facsimile Telephone Number)

DOROTHY BROWN, CLERK OF THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

2228 - Not Served
2320 - Served By Mail
2420 - Served By Publication
SUMMONS

2221 - Not Served
2321 - Served By Mail
2421 - Served By Publication
ALIAS - SUMMONS

(Rev.12/3/01) CCG 0001

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, _____ DIVISION

(Name all parties)

Quinshela Brown

DR. P.C Kucharski v.
Jackson Park Hospital

No. _____

2007L007806
CALENDAR/ROOM B
TIME 00100
Medical Malpractice

298

SUMMONS

To each defendant:

YOU ARE SUMMONED and required to file an answer to the complaint in this case, a copy of which is hereto attached, or otherwise file your appearance, and pay the required fee, in the office of the Clerk of this Court at the following location:

☐ Richard J. Daley Center, 50 W. Washington, Room _____, Chicago, Illinois 60602

☐ District 2 - Skokie
5600 Old Orchard Rd.
Skokie, IL 60077

☐ District 3 - Rolling Meadows
2121 Euclid
Rolling Meadows, IL 60008

☐ District 4 - Maywood
1500 Maybrook Ave.
Maywood, IL 60153

☐ District 5 - Bridgeview
10220 S. 76th Ave.
Bridgeview, IL 60455

☐ District 6 - Markham
16501 S. Kedzie Pkwy.
Markham, IL 60426

You must file within 30 days after service of this summons, not counting the day of service.
IF YOU FAIL TO DO SO, A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE RELIEF REQUESTED IN THE COMPLAINT.

To the officer:

This summons must be returned by the officer or other person to whom it was given for service, with endorsement of service and fees, if any, immediately after service. If service cannot be made, this summons shall be returned so endorsed. This summons may not be served later than 30 days after its date.

Atty. No.: _____
Name: Quinshela Turner
Atty. for: _____
Address: 8051 S. Dorchester
City/State/Zip: Chicago IL 60619
Telephone: _____

WITNESS, _____ 2007

Dorothy Brown
Clerk of Court

Date of service: _____
(To be inserted by officer on copy left with defendant or other person)

Service by Facsimile Transmission will be accepted at: _____

(Area Code)   (Facsimile Telephone Number)

DOROTHY BROWN, CLERK OF THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

| 2220 - Served | 2121 - Served |
|---|---|
| 2320 - Not Served | 2221 - Not Served |
| 2420 - Served By Mail | 2321 - Served By Mail |
| SUMMONS - Served By Publication | 2421 - Served By Publication |

ALIAS - SUMMONS

(Rev.12/3/01)  CCG 00(

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, _____ DIVISION

(Name all parties)

Qvinshela Turner

v.

Jackson Park Hospital et al
7531 So Stony Island
Chicago IL 60649

No. _____

2007L007806
CALENDAR/ROOM B
TIME 00:00
Medical Malpractice

**SUMMONS**

To each defendant:

   **YOU ARE SUMMONED** and required to file an answer to the complaint in this case, a copy of which is hereto attached, or otherwise file your appearance, and pay the required fee, in the office of the Clerk of this Court at the following location:

☐ Richard J. Daley Center, 50 W. Washington, Room _____, Chicago, Illinois 60602

☐ District 2 - Skokie
5600 Old Orchard Rd.
Skokie, IL 60077

☐ District 3 - Rolling Meadows
2121 Euclid
Rolling Meadows, IL 60008

☐ District 4 - Maywood
1500 Maybrook Ave.
Maywood, IL 60153

☐ District 5 - Bridgeview
10220 S. 76th Ave.
Bridgeview, IL 60455

☐ District 6 - Markham
16501 S. Kedzie Pkwy.
Markham, IL 60426

You must file within 30 days after service of this summons, not counting the day of service.
IF YOU FAIL TO DO SO, A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE RELIEF
REQUESTED IN THE COMPLAINT.

To the officer:

   This summons must be returned by the officer or other person to whom it was given for service, with endorsement of service and fees, if any, immediately after service. If service cannot be made, this summons shall be returned so endorsed. This summons may not be served later than 30 days after its date.

Atty. No.: _____

Name: Qvinshela Turner

Atty. for: _____

Address: 5651 So Dorchester

City/State/Zip: Chicago IL 60619

Telephone: _____

Service by Facsimile Transmission will be accepted at: _____
                                    (Area Code)   (Facsimile Telephone Number)

WITNESS, _____  JUN      2007

_____
Clerk of Court

Date of service: _____,
(To be inserted by officer on copy left with defendant
or other person)

DOROTHY BROWN, CLERK OF THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

2220 - Served
2320 - Served By Mail
2420 - Served By Publication
SUMMONS

2121 - Not Served
2221 - Not Served
2321 - Served By Mail
2421 - Served By Publication
ALIAS - SUMMONS

(Rev.12/3/01) CCG 000

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, _____ DIVISION

(Name all parties)

Qwinshela Turner

No. 2007L007806
CALENDAR/ROOM B
TIME 00:00
Medical Malpractice

v.

Dr Mafuka ( Jackson Park Hospital
7531 So Stony Island
Chicago Il 60649    **SUMMONS**

To each defendant:

YOU ARE SUMMONED and required to file an answer to the complaint in this case, a copy of which is hereto attached, or otherwise file your appearance, and pay the required fee, in the office of the Clerk of this Court at the following location:

☐ Richard J. Daley Center, 50 W. Washington, Room _____, Chicago, Illinois 60602

☐ **District 2 - Skokie**
5600 Old Orchard Rd.
Skokie, IL 60077

☐ **District 3 - Rolling Meadows**
2121 Euclid
Rolling Meadows, IL 60008

☐ **District 4 - Maywood**
1500 Maybrook Ave.
Maywood, IL 60153

☐ **District 5 - Bridgeview**
10220 S. 76th Ave.
Bridgeview, IL 60455

☐ **District 6 - Markham**
16501 S. Kedzie Pkwy.
Markham, IL 60426

You must file within 30 days after service of this summons, not counting the day of service.
IF YOU FAIL TO DO SO, A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE RELIEF REQUESTED IN THE COMPLAINT.

To the officer:

This summons must be returned by the officer or other person to whom it was given for service, with endorsement of service and fees, if any, immediately after service. If service cannot be made, this summons shall be returned so endorsed. This summons may not be served later than 30 days after its date.

Atty. No.: _____

Name: Qwinshela Turner

Atty. for: _____

Address: 8651 So Dorchester

City/State/Zip: Chicago IL 60619

Telephone: _____

Service by Facsimile Transmission will be accepted at: _____

WITNESS, JUL 20 2007

Dorothy Brown
Clerk of Court

Date of service: _____
(To be inserted by officer on copy left with defendant or other person)

_____  _____
(Area Code)  (Facsimile Telephone Number)

DOROTHY BROWN, CLERK OF THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

IN THE CIRCUIT COURT OF THE COOK COUNTY ILLINOIS
COUNTY DEPARTMENT LAW DIVISION

QUINSHELA TURNER,
Plaintiff,

vs.

JACKSON PARK HOSPITAL et al, J.
Madhani, M.D., D. Mufuka M.D., T. Siddiqui,
M.D., Anil. Gulati, M.D.,, W. Abbound, M.D.,
J.P. Cullen M.D. , P.C. Kumar. M.D.,, M.A.
Wilcsynski, P.C. Kucharskim, M.D.., Any
unknow parties that participated in the health
care of Lugean Turner,
Defendants

Case No.: No. 07 L 007806
Judge Larsen

# NOTICE OF APPEAL FOR LACK OF JURISDICTION

NOW COME the Quinshela Turner ( Plaintiff) in Pro-se submitting a second
notice of appeal. .

1).     On July 26, Plaintiff file  action against the above name defendants in case 07 L
007806.

2. On September 24, 2007 Plaintiff file a Motion for a judgment of default with attach a
affidavit, against the defendants, who had  defaulted for failure to time answer or plead as
prescribe by the court and the supreme court rule.

3.     September 28, 2007 Judge Larsen abuse her discretion and violated the
Plaintiff constitution  rights, and due process , making  her purported orders
issued on that date September 28, 2007, October 1, 2007,October 15, 2007
and November 29, 2007 void, of no legal force or effect

4.     . On October 1, 2007 Judge Larsen abuse her discretion  by repeated violated
the Plaintiff constitution right and due process  to protect the interested of the
Attorney  and Defendants  who had defaulted for failure to timely answer or

*1*

plead, making her purported order issued on that date void, of no legal force or effect.

5.   On October 15, 2007, Judge Larsen continue to abuse her discretion to obstruct justice and prevent accountability. And proceed without jurisdiction. ( See exhibit I & J),

6.   On November 29, 2007 Judge Larsen continue to abuse her discretion and proceed without jurisdiction.   (See exhibit A)

7.   Judge Larsen  exceed her's and the court jurisdiction, to give the defendants attorneys Swanson Martin & Bell ,….. LLp, Querrey & Harrow LTD,… Dykema Gossett PPLC, and  Stamos & Trucco LLP special Protected privileges.     Judge Larsen  cross way over the line to  protect and extend protected Privilege to  Jackson Park Hospital et al Attorneys, Querrey & Harrow,  that  exceed her jurisdiction.  Jackson Park Hospital et al.  was serve by the cook county Sheriff Department on  August 21, 2007, the time to answer or other wise plead expire September 20, 2007,  on September 24, 2007 Plaintiff file a Motion for default judgment with affidavit against Jackson Park Hospital and  all the defendants that had defaulted.

8.   On October 1, 2007 in open court it was apparent that there were ex- parte communication between the judge Larsen and the Defendants attorneys. For instance, Querrey & Harrow Ltd on behalf of Jackson Park hospital et al waltz into  judge Larsen  court room on October 1, 2007, only <u>announce</u> there representation of  Jackson  Park Hospital et al. Querrey & Harrow had not file an appearance, had not file any motion, Did not give the plaintiff notice,  Did

2

not have to explain why Jackson Park Hospital had fail to timely file an appearance. Did not motion for an extention of time. Did not have to give any explanation or reason to show cause as to why Jackson Park Hospital had fail to Plead or answer as prescribe by the court and the supreme court rule, or why Jackson Park Hospital had fail to file an appearance.

9.     To Protect the Interest of Jackson Park Hospital et al and it's Querrey Harrow Ltd , Judge Larsen give Querrey & Harrow 5 days to file an appearance on behalf of Jackson Park Hospital et al.( **see exhibit F**) Querrey & Harrow, did not have to Motion for an extension to file an appearance and did not even ask the judge for an extension. Against the Plaintiff objection Querrey & Bell file their untimely appearance on October 2, 2007. Judge Larsen did not even ask the Querrey & Harrow,LTd to show cause why they had fail to timely answer or plead as prescribe by the court and the supreme court rule. Judge Larsen Court Order dated October 1, 2007, included Jackson Park Hospital in the order that was made on September 28, 2007, Jackson Park hospital did not appear before Judge Larsen on September 28, 2007, but the judge Larsen link Jackson Park Hospital back to September in an effort to cover-up and protect Jackson Park Hospital/ attorneys. ,

10.    Even the September 28, 2007 ( see exhibit G& H) order was design to protect the defendant because all the defendants had fail to timely answer or plead, a party in default can not be granted a dismissal, and the defendant s did not present a affidavit with their untimely motion. Plaintiff had file a default judgment with and affidavit.   Further the Judge Intentionally completely

3

ignore the fact that the plaintiff has file a timely sworn statement in lien of an affidavit. Judge Larsen never consider any of the Pro-se Plaintiff motion or affidavit.

11.    The Plaintiff objected was not consider because the Plaintiff were acting Pro-se,   Judge Larsen only interest was to protect the interested of the Defendants/attorneys. Judge Larsen made the Plaintiff aware that Pro-se litigant are not welcome in the Court Room she preside over.

12.    Next Swanson Martin & Bell LLp Representing  Michael Wilcsynski M.D and Peter Kucharski, M.D,   waltzed in to Judge Larsen court room  on September 28, 2007,after being in default for  fail to answer or other wise Plead as prescribe by the court and the supreme court rule.  Swanson Martin & Bell Present an presented  untimely and  unfile Motion to dismiss ▓▓▓▓ handed one copy  to judge Larsen,  judge instructed the attorney to give  the Plaintiff a copy  on September 28, 2007 in open court.   After the attorney hand the Plaintiff a copy  of the untimely and improper motion  to dismiss that was dated September 28, 2007 , that apparently had not been file before the court cession  because it has no court stamp and no  affidavit attach. Judge Larsen responded to  Swanson, Martin & Bell September 28 2007 untimely improper Motion and granted the Swanson Martin & Bell their request  in effort .to cover up their default. Judge Larsent knew that the defendants all the them had defaulted.  ( See exhibit K, L, M, & N).  The Plaintiff was not afforded  time to responded to the Motion  because the motion was Present and decided on the same date September 28, 2007,( See

4

exhibit B,C,and C).  Defendants in default have waive right to a motion to dismiss. And even if their motion had been timely, their Proffer reason of section 622 would not stand because  this case dose not require medical expert testimony  Plaintiff file a timely sworn statement  in lien of an affidavit, etc even thought she is not require to do so..  that was also disregarded by the judge,  Judge Larsen did not  afford   Plaintiff an opportunity to reply before the judge made her decision, depriving the Plaintiff of due process of the law. The rule require that  what ever is file in court  the same must present to the Plaintiff.  Plaintiff did not receive a copy of the same motion file in court.  It appear that Swanson Martin & bell Motion  the Motion to dismiss  was file after Judge Larsen had made her decision court. Further none of the Defendants Attorney attach  an affidavit with their untimely Motion. But their motion was accepted by Judge Larsen.

13.     There are numinous of  wrongdoing, that will be set fort in the Plaintiff brief. Also Swanson Martin & Bell did not file an individual appearance on behalf Michael Wilcsynski MD. And Peter Kucharski MD, according to the Appearance and jury demand file on September 19, 2007 it appear that Peter Kucharski, M.D was added, to the appearance, after the document had been file because  the appearance specifically state, that Swanson Martin & Bell LLP is the  " Attorney for Michael Wilcsynski M.D  it dose not state an attorney  for Peter Kucharski M.D.

14.     On October 5, 2007, Plaintiff file a Motion for substitution of Judge for cause.

5

15.    On October 15, 2007 Judge Larsen refuse to rescue her self or transfer the case to another judge. Instead on October 15, 2007 the judge Larsen, order the Defendants attorneys/law firm  (1)Stamos & Trucco attorneys for D. Mufuka J.P.) Dykema Gossett attorney/law firm for Jeffrey P Cullen M.D Cullen), Swanson Martin & Bell LLP attorneys for Michael Wilcsynski M.D and Peter, Kucharski), and Querry & Harrow,Ltd Attorneys/law firm for Jackson Park Hospital et al, to represent her in her in the same related case for substitution of judge for cause, while at the same time she is presiding over both  related cases. under the same case number 07 L 007806.

16.    On October 25, 2007Plaintiff file her first Notice of Appeal. Before  the Circuit  Court  had prepare the record for the first appeal , Judge Diane Larsen, (" Judge Larsen")  proceeded to continue with the case without jurisdiction .   On November 29, 2007, a Master Calendar Motion Courtrooms Case management order,  was

17.    Mail to  the Plaintiff,  (See exhibit Master calendar Motion and envelope ). Judge Larsen and Dykema Gossett Law firm Attorneys representing Defendant Dr. Cullen, had an ex-parte communication without the Plaintiff being present on November 29, 2007, Dykekma Gosseet the same defendanting attorney representing Judge Larsen, in the subsitution of judge for cause,  conspire with Judge Larsen  to confer jurisdiction.  (See exhibit A and B).

18.    On October 5, 2007, Plaintiff file a motion for substitution of judge for cause against judge Larsen. "Upon the file of any Motion for Substitution of judge

6

for cause, the judge loses any authority to proceed in the case, until another judge has heard the motion and either denied the motion or agreed that the judgment must be substituted." On October 15, 2007, (which was last time the Plaintiff was present in Judge Larsen's Court room), Instead of Judge Larsen rescuing herself or transferring the case to another judge, on October 15, 2007, Judge Larsen, instructed one of the defendants Cullen's attorney law firm Stamos & Trucco to make and order, ordering the defendants attorneys, (1)Dykema Gosett,(2) Swanson Martin& Bell (3) Querre & Horrow  and Stamos & Trucco  to represent her in this related case for substitution of judge for cause. ordering the defendants attorneys to reply to Plaintiff motion for substitution of judge for cause, by November 12, 2007 and order the Plaintiff to reply by December 17, 2007. ( **See exhibit judge order October A&B** ). On October 25, 2007 Plaintiff file a notice of appeal.   The Judge abuse her discretion by  ordering  the defendants attorney to reply to the plaintiff motion for substitution of judge for cause, Judge Larsen violates Plaintiff constitution rights and delegated her duty and the duty of another judge to the defendants attorney in this related case.

19.    Judge Diane Larsen has no authority to proceed with this case. O7 L 007806. Once a motion for subsitution of judge is file. The Judge order of October 15, 2007,  violate Illinois law Federal law and violate this plaintiff due process rights, where  Due process rights are violated by the Judge, it deprives the judge itself of jurisdiction.

7

20.    Judge Larsen continue to attempt to confer jurisdiction where there is non for her, she is operating in her own person, as judge Larsen has done so though out this case.

21.    Even the purported orders of September 28,2007,   October 1 2007 October 15,2007 and, *November 29, 2007* Master Calendar Motion Courtroom Case Management Order, under the principle of law is void.  The Master Calendar Motion Courtroom Case Management Order, Dated November 29,2007 Prepare and Mail to the Plaintiff by the law firm Dykema Gossett PLLC representing one of the defendant Dr Cullen. ( See Exhibit D and E)While at the same time representing Judge Larsen in a related case both against the Plaitniff,  Threaten the plaintiff to submitted to Judge Larsen jurisdiction in the circuit  court, violate  Plaintiff state and federal constitutional rights. (See exhibits) Judge Larsen has no jurisdiction to hear any matter in case 07 L007806.

22.    Instead of complying with the law, Judge Diane Larsen continued to act unlawfully as she has consistently has done so from the beginning of the case and though out.

23.    Judge Larsen, knew that a motion for substitution of judge for cause is between the judge and the plaintiff in this case, and the Defendants nor their attorneys has no standing in the matter for substitution of judge for cause.

24.    Further, By ordering the defendant to reply to the plaintiff motion for substitution of judge for cause ,  this evidence Judge Larsen partiality , and

8

Judge Larsen depriving the plaintiff of constitutional due process rights and violation of the Plaintiff 's first amendment right to impartial judge.

25.    By order the defendant to reply to the Plaintiff motion for substitution of judge, the judge is inquiring into the factual basis for the claim of prejudice. it is improper for the judge to inquire in the factual basis for the claim of prejudice, against herself. it is improper for the defendants attorney to represent a judge in the same related case this is a conflict of interest.

26.    The defendants and their attorneys has no standing in the substitution of judge for cause. in fact the defendants has no standing because they had defaulted for failure to time answer or plead as prescribe by the court and the supreme court rule. The act of any judge to violate a the Plaintiff First, Third, Fifth and / or fourteenth Amendment Rights and due Process Rights, or to permit such violation to occur, is an attack upon the constitution and is a crime.

27.    Whenever a judge has violated a person Constitution Rights, the judge has lost jurisdiction in that action, for she no longer is acting as a judge, but is acting only in her person Scheuer V Rodes 416 U.S. 232, 94 S Ct 1683, 1687 ( 1974; Ex- parte Young, 209 U.S 123 ( 1908).

28.    Judge Diana Larsen (the Judge) repeatedly violated the Plaintiff constitution rights thus depriving the this judge Larsen of her jurisdiction making the purported orders and judgments issued in this case void of no legal force or effect. Court have consistently held that when a Judge fails to support the constitution, the Judge is not acting in any judicial capacity, but is acting only

9

in her personal capacity, Her orders are void, of no legal force or effect and she has been deprived of any protection of the government.

29.    Further she has engaged in acts to defraud the government by her acceptance of any benefits form the government whether salary office pension insurance Etc.

30.    Under the Supreme Law of the Land, a judge has a duty to and has no discretion not to protect the constitutional Right of all parties before the court. Upon the State Court equally with Federal Courts, rests the obligation to guard and enforce every right secured by the U.S constitution. Further should Judge Larsen continue to act without jurisdiction then under the Supreme Law of the Land the judge is engaged in treason.

31.    The Illinois supreme court has established the public policy of law that in and Illinois state court in which jurisdiction is based on statute , the jurisdiction of that court can not be presumed,

32.    Where due process right are violated by the judge the court deprives itself of jurisdiction as in this case.

33.    Where attorney as in this, case represented both the defendants and judge both the judge and the attorneys and their law firm has lost standing in the case. Even thought Judge Larsen Order of October 15,2007(See exhibit I )ordering the Defendants attorney to reply to the Plaintiff Motion for Substitution of judge for cause. by November 12, 2007 is void of no legal force of effect. The law firm Querrey & Harrow, LTD representing Jackson Park Hospital et al,.... Law firm Dykema Gossett representing Jeffery P.Cullen,... Law firm Stamos Trucco LLp representing Dr Mufuka,

10

the case, Fraud upon the court has been committed. Under Illinois law and Federal law when an officer of the court has committed " fraud upon the court the order and judgment of that court are void of no legal force or effect.

Respectfully Submitted

Respectfully Submitted

Quinshela Turner
8051 So Dorchester
Chicago Illinois 60619

**Proof of Mailing**

I certify that I had place a copy of this notice in the Unites Stat mail on December 7, 2007 to;

To:    Dykema Gossettt
       10 S. Wacker Dr. Ste. 2300
       Chicago Il 60606

       Swanson Martin & Bell
       1860 W. Winchester, ste 201
       Liberty ville Il 60048

       Stamos & Trucco
       30 W. Monroe, suite 1600
       Chicago Illinois 60603

       Querre & Harrow, Ltd
       175 West Jackson Boulevard Suite 1600
       Chicago Illinois 60604

CIRCUIT COURT DEPARTMENT, LAW DIVISION

Turner

Plaintiff(s) }  Case No. __07 L 7806__

v.

Jackson Park Hospital, et al.

Defendant(s) }  Motion Call "__9:30__" Line #: __13__

## MASTER CALENDAR MOTION COURTROOMS CASE MANAGEMENT ORDER
### (Please check off all pertinent paragraphs and circle proper party name.)

(8230) _____ 1. Category #1 (18 Month Discovery)

(4296) _____ 2. Written discovery & 213(f)(1) and (2) disclosures to be completed by _____   (8232) _____ 1a. Category #2 (28 Month Discovery)

(4218) _____ 3. Oral Discovery & 213(f)(1) and (2) depositions to be completed by _____

(4218) _____ 4. Treating physicians depositions to be completed by _____

(4288) _____ 5. Subpoenas for treating physicians depositions to be issued by _____

(4296) _____ 6. _____ shall complete outstanding written discovery by _____

(4218) _____ 7. _____ shall be presented for deposition by _____

(4206) _____ 8. Plaintiff/Defendant/Add. Party shall answer 213 (f)(3) interrogatories by _____

(4218) _____ 9. Plaintiff's 213(f)(3) witnesses to be deposed by _____

(4218) _____ 10. Defendant's 213(f)(3) witnesses to be deposed by _____

(4218) _____ 11. Additional party's 213(f)(3) witnesses to be deposed by _____

(4619) ✓ 12. The matter is continued for subsequent Case Management Conference on __Dec 17__

at __9:15__ AM/PM in Room __2203__ for:

(A) ___ Proper Service    (B) ___ Appearance of Defendants    (C) ___ Case Value

(D) ___ Pleading Status    (E) ___ Discovery Status

(G) ___ Other: _____    (F) ___ Pre-Trial/Settlement

_____

(4005) _____ 13. Case is dismissed for want of prosecution.(4040) _____ The case is voluntarily dismissed under 735 ILCS 5/2-1009.

**NOTICE:**
* Failure of any party to comply with this Case Management Order will be a basis for Rule 219(c) sanctions.
* Failure of any party to enforce this Case Management Order will constitute a waiver of such discovery by that party.
* All cases arriving on the Trial Call in Courtroom 2005 must have all discovery in Lines 2 through 11 completed.
* A copy of this order is to be sent to each party by his/her counsel within 10 (ten) days of the initial Case Management Date.

Atty. No.: __42297__

Name: __Dukana Gossett__

Atty. for: __Defendant Dr Cullen__

Address: __10 S. Wacker Suite 2300__

City/State/Zip: __Chicago IL 60606__

Telephone: __312-876-1700__

ENTERED:

_____
Judge

_____
Judge's No.

**DOROTHY BROWN, CLERK OF THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**

ENTERED
JUDGE DIANE J. LARSEN-1771
NOV 29 2007
DOROTHY BROWN
CLERK OF THE CIRCUIT COURT
OF COOK COUNTY, IL
DEPUTY CLERK

Judge's Stamp

EXHIBIT F

IN THE CIRCUIT COURT OF COOK COUNTY
COUNTY DEPARTMENT, LAW DIVISION

QUINSHELA TURNER,
                Plaintiff,
            vs.
JACKSON PARK HOSPITAL et al, J.
Madhani, M.D., D. Mufuka M.D., T.
Siddiqui, M.D., Anil. Gulati,
M.D.,, W. Abbound, M.D.,  J.P.
Cullen M.D. , P.C. Kumar. M.D.,,
M.A. Wilcsynski,  P.C. Kucharskim,
M.D.., Any unknow parties that
participated in the health care of
Lugean Turner,
                Defendants

Case No.: No. 07 L 007806

Judge William D. Maddux

Judge: Irwin J Solganick

2007 DEC 24  PM 8: 32

Exhibit A, B, C, D Attach.

## NOTICE OF APPEAL FOR DENIAL OF WAVIER OF COURT FEE
## TO OBSTRUCT JUSTICE

1.   The Plaintiff is an indigent person pursuant to Section 5-105.5
     of this code who income is 125% or less of the current
     official federal poverty guideline. And cannot afford to pay
     the court fee.

2.   The judge rule against the law in violation 735 IlCS 5/5-105

3.   The  Judges has violated the Plaintiff due process rights.
     Plaintiff has been prejudiced by this improper violation of
     the law and communication coupled with protracted delays and
     due process rights

4.   Plaintiff file and appeal on October 25, 2007, in this case and
     the record on appeal is due in the Appellate court on
     December 27, 2007. Plaintiff will not be able to file the
     record on appeal on December 27, 2007, because the of Judge
     Irwin Solganick  obstruction.

5.   Plaintiff was inform that the record on appeal  would be
     ready on December 19, 2007, and no fee was due.

6.   On July 19, 2007 the plaintiff was inform that the record was not ready because some one has unbound and the record had to be rebound and would be ready on December 21, 2007.

7.   Upon visiting the court on December 21, 2007, to get the record to take to the court Appellate, the circuit court, denied the plaintiff the record, stating that the plaintiff has to pay for the record before the court would release the record.

8.   The Circuit court also allege it could not find the order that allow the plaintiff to proceed in forma pauper on July 26, 2007. yet all the record show that the fee had been waive on July 26, 2007. That a wavier of fee was granted but clerk look worried and state that without a statement from a judge they could not release the records.

9.   While at the Court, On December 21, 2007 the plaintiff file out another application and affidavit to sue as indigent person and took it to the same court room 2005, a different judge, Irwin J Solganick, was presiding, he denied the Plaintiff Application on the merit of the case in violation 735 ILCS 5/5-105(e) after reviewing the court system Judge Irwin J solganick make it very clear that Pro-se litigant is not welcome His order denying Plaintiff application clearly state that "Plaintiff can not represent decease husband estate as pro-se "Need attorney."

10.  The plaintiff believe that she is being retaliated against because of the complaint she made about judge Larsen

11.  , Plaintiff also believe that Judge Irwin Solganick denied the plaintiff application after inquiring into the nature of the Plaintiff case because on December 21, 2007 the Plaintiff did not present any document to Judge Irwin J Solganick, and it took him longer than usual to make a decision back in his chamber. and his statement reflect the statement of the Judge Deborah Dooling who also denied the Plaintiff application on the merit of the case, on in

2

violation of 735 ILCS 5/5-105(E) on July 26, 2007. but was later corrected.

12.    Plaintiff further believe that there is a conspiracy because after the Plaintiff has file a motion for rescue of judge for cause.  and the several appeal made to the Appellate Court challenge the judge  exceeding her jurisdiction and abusing her authority etc,  court documents disappear and  access to the court record was and is denied.

13.    Both Judge Deborah Dooling and Judge Solganick willfully violated the Plaintiff due process plaintiff constitution rights  by improper denial of the Plaintiff application.  and has demonstrated that (1) prose litigants are not favor.

12.    The law Provides that an initial fee waiver shall be granted by the   court at any stage of the proceedings at the appellate and trial court level if an applicant meets specified standards of  eligibility and application requirements, and authorizes the court to reconsider the initial fee waiver. These Judge either do know the law or either has not respect for the law.

**Violation of the Judge**

14.    On July 26, 2007 Plaintiff Present an  application to sue as a indigent person  to Judge  Deborah Dooling, found that the Plaintiff qualify  as  an indigent person.  but improper denied the plaintiff application  on the merit of the case in violation to 735 IlCS5/5-105 (e) a determination concerning an application to sue or defend in forma paupers shall not be construed as a ruling on the merits, The judge Deborah Dooling order State " Reason denied Plaintiff can not defend her decease husband. (See Exhibit A )  After much deliberation   On  the same dated July 26, 2007 the judge decision was reverse, or over ride, and the fee was waive. And the Plaintiff was allow to a file her complaint and other papers and the fee for summoning the Defendant s were also waive. (See exhibit  B)

15.    Plaintiff case 07 L 7806 was assign to Judge Diane Larsen.

16.    Thought out the case judge Larsen was not impartial she was bias and discriminating  and violate several of the plaintiff constitution rights to protect  the interested of the defendants attorneys,  who had fail to timely file and appearance or answer or Plead on behalf of their clients, who could  sue ,for failure to answer or plead,  if the judge had abide by the law and  granted the Plaintiff her  motion for default judgment. The judge exceed her jurisdiction to protect the interest of the defendants Attorneys. Including improperly  dismissing the plaintiff complaint to protect the attorneys and  because the Plaintiff was acting pro-se the judge disregarding the plaintiff, right under the statue and the law.  Violating the Plaintiff state and federal constitution rights, Which result in Plaintiff Motioning for a Substitution of Judge for Cause. on October 5, 2007, instead of Judge Diane Larsen rescuing herself on October 15, 2007,she order the Defendants attorneys,Dykema gossett Swanson Martin& Bell, Stamos & Truco and Querre & Harrow Ltd in this same related case to , represent judge Larsen against the Plaintiff, by responding to the Plaintiff motion for substitution of judge for cause. the defendants attorney responded to the Plaintiff motion for substitution of judge for cause, this  certify the judge partially .

17. Judge Larsen  intentionally violated the law. And  continue to violate the law proceeding  without jurisdiction make void orders attempting to confer jurisdiction in violation of the law,

18. Judge Larsen continue to have  ex –parte  communication  with the defendants attorneys who  conspire to and continue to represent Judge Larsen and write  the judge Larsen voided order,  these order are made without any motion  and without judge Larsen having jurisdiction, See exhibits_____ and with the intent to incur jurisdiction back to the judge Larsen who lost jurisdiction.

19. Judge Larsen committed fraud upon the court in concert with the defendants/ attorneys to whom she is obligated to serve the private interest of the defendant/attorneys et al where the defendant attorneys failed to timely and properly answer the Plaintiff suit and failed to timely file an answer supported by fact that would justify a dismissal and only motioned for dismissal without and affidavit under 2-619 and 2-615. Both Judge Larsen and the Defendant's Attorneys has engage in fraud and violation of plaintiff constitution rights, also Judge Deborah Dooling and Judge -----also has engage in fraud, calculated the order to deceive the Plaintiff and obstructing justice. Judge Larsen has no authority to submit any order to the Plaintiff.

20. The judge Larsen and the Defendants Attorney knew that a motion for substitution for judge for cause is only between the Plaintiff and the judge, not the defendants and their attorneys. The judge also knew that a motion for substitution of judge take precedence over all other matter, because the Plaintiff was acting pro-se the judge Larsen disregarded all the Plaintiff motion including substitution of judge for cause. And proceed with the case without jurisdiction with the defendants attorneys, who Judge Larsen conspire to acquire jurisdiction in violation of the law.

21. In fact Plaintiff receive Several void orders from the defendants attorneys stamos & Trucco LLp dated December 1, 2007 and Swanason dated December 17, 2007, judge Larsen lost jurisdiction over this case when she refuse to rescue her self on October 15, 2007 she has no authority to make an order in this case. Any of her order is void of no legal force or effect. and the Plaintiff will not respond to void orders. Judge Larsen has lost jurisdiction to write an order at this stage even transferring the case to another judge.

22.    It appear that , Judge Irvin J solganick is enjoining in the conspiracy to Cover-up because as a judge, Judge Irvin J Solganick Knew that he was not suppose to judge the Plaintiff indigent application on the merit of the case. But did so to protect Judge Deborah Dooling and judge Larsen. And deceive the Pro-se Plaintiff. Both Judge Deborah Dooling Judge Solgamick and judge Larsen has violated the Plaintiff constitution right. And their action should be call into question. Like judge Larsen, that has lose jurisdiction in this case so has the Defendants attorneys, Dykema Gossett, swanson Martin & B Stamos & Trucco and Querre & Harrow Ltd all, has lost standing in this case and has also violated the law.

23.    The Plaintiff dose not believe that she will get a fair trail in this circuit court because three judge exceed their jurisdiction, had demonstrated clearly no respect or equal justice for Pro-se litigants.

The Judge is not the court and the court not the judge.
WHEREFORE for all the above reason and all the reasons outlined in this appeal The plaintiff is hereby noticed of fraud upon the Court , Several judge has committed fraud at law against the rule by law therefore the court is cautioned, and request to reminded the judges to cease and desist all pretension or propriety , vacated all void order in this instant action step aside and allow nothing other than a jury trial both on the merit of the action and on the claims of the damages with the complaint and certify a competent court free of conflict. And abide by the law and approve the Quinshela Turner application for wavier of fee as prescribe by the law.

Respectfully Submitted

Quinshela Turner
8051 Souther Dorchester
Chicago Illinois 60619

## PROOF OF MAILING

I certify that I had place a copy of the Plaintiff **MOTION FOR EXTENSION OF TIME TO FILE RECORD ON APPEAL** in the Unites Stattes mail on December____, 2007

To:     Dykema Gossettt
        10 S. Wacker Dr. Ste. 2300
        Chicago Il 60606

        Stamos & Trucco
        30 W. Monroe, suite 1600
        Chicago Illinois 60603

Swanson Martin & Bell
1860 W. Winchester, ste 201
Liberty ville Il 60048

Querre & Harrow, Ltd
175 West Jackson Boulevard Suite 1600
Chicago Illinois 60604

Quinshela Turner
8051 South Dorchester
Chicago Illinois 60619

8051 South Dorchester
Chicago Illinois 60619
QUINSHELA TURNER

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

(7/16/04) CCG 0689

*Quinshela Turner*
_____
                    **Plaintiff/Petitioner**

v.

*Jackson Park Hospital et al*
_____
                    **Defendant/Respondent**

No. _____

Calendar _____

## ORDER

This matter coming before the Court on an Application and Affidavit to Sue or Defend as an Indigent Person, the Court being fully advised in the premises, IT IS HEREBY ORDERED;

Pursuant to Supreme Court Rule 298 and 735 ILCS 5/5-105:

☐ The applicant is permitted to sue or defend without payment or fees, costs or charges. The applicant may be ordered to pay any portion of the waived fees or costs out of a settlement or judgment resulting from this action.

The application is denied for the following reason(s): *Because petitioner can not represented deceased spouse*
_____

☐ Payment shall be: ☐ made by _____ OR ☐ deferred until _____ OR ☐ other _____
                              (date)                                      (date)

**ENTERED:**

ENTERED
JUDGE DEBORAH MARY DOOLING-1591
JUL 26 2007
DOROTHY BROWN
CLERK OF THE CIRCUIT COURT
OF COOK COUNTY, IL
DEPUTY CLERK

Dated: _____

_____
                    **Judge**

Judge's No. _____

DOROTHY BROWN, CLERK OF THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

EX A

(7/16/04) CCG 0689 C

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

Quishela Turner

**Plaintiff/Petitioner**

v.

Jackson Park Hosptae et al

**Defendant/Respondent**

No. 07 L 7806

Calendar _____

## ORDER

This matter coming before the Court on an Application and Affidavit to Sue or Defend as an Indigent Person, the Court being fully advised in the premises, **IT IS HEREBY ORDERED;**

Pursuant to Supreme Court Rule 298 and 735 ILCS 5/5-105:

☐ The applicant is permitted to sue or defend without payment or fees, costs or charges. The applicant may be ordered to pay any portion of the waived fees or costs out of a settlement or judgment resulting from this action.

☒ The application is denied for the following reason(s): _Plaintiff cannot represent deceased_
_Husband's estate in pro se – Needs an attorney_

Payment shall be: ☐ made by _____ OR ☐ deferred until _____ OR ☐ other _____
(date)                                                 (date)

ENTERED:

Dated: _____

Judge _____

Judge's No. _____

**ENTERED**
JUDGE IRWIN J. SOLGANICK-0239
DEC 2 1 2007
DOROTHY BROWN
CLERK OF THE CIRCUIT COURT
OF COOK COUNTY, IL
DEPUTY CLERK

DOROTHY BROWN, CLERK OF THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

Ex B

THOMAS J DART
SHERIFF OF COOK COUNTY
MUNICIPAL DIVISION

000061-1.6.1 08/03/07 13:00
REF CASE     # 07L 007806
REF SHERIFF # 007622
CASE TOTAL     TOTAL

                 0.00 *
                 0.00 TL
                 0.00

FEE WAIVED
CASHIER: PAULA


THOMAS J DART
SHERIFF OF COOK COUNTY
MUNICIPAL DIVISION

000062-1.6.1 08/03/07 13:01
REF CASE     # 07L 007806
REF SHERIFF # 007623
CASE TOTAL     TOTAL

                 0.00 *
                 0.00 TL
                 0.00

FEE WAIVED
CASHIER: PAULA


THOMAS J DART
SHERIFF OF COOK COUNTY
MUNICIPAL DIVISION

000063-1.6.1 08/03/07 13:01
REF CASE     # 07L 007806
REF SHERIFF # 007624
CASE TOTAL     TOTAL

                 0.00 *
                 0.00 TL
                 0.00

FEE WAIVED
CASHIER: PAULA


THOMAS J DART
SHERIFF OF COOK COUNTY
MUNICIPAL DIVISION

000064-1.6.1 08/03/07 13:01
REF CASE     # 07L 007806
REF SHERIFF # 007625
CASE TOTAL     TOTAL

                 0.00 *
                 0.00 TL
                 0.00

FEE WAIVED
CASHIER: PAULA


THOMAS J DART
SHERIFF OF COOK COUNTY
MUNICIPAL DIVISION

EX C

000065-1.6.1 08/03/07 13:02
         # 07L 007806

                 0.00 *
                 0.00 TL

THOMAS J DART
SHERIFF OF COOK COUNTY
MUNICIPAL DIVISION

000066-1.6.1 08/03/07 13:02
REF CASE      # 07L 007806
REF SHERIFF # 007627
CASE TOTAL    TOTAL

0.00 *
0.00 TL
0.00

FEE WAIVED
CASHIER: PAULA

THOMAS J DART
SHERIFF OF COOK COUNTY
MUNICIPAL DIVISION

000067-1.6.1 08/03/07 13:02
REF CASE      # 07L 007806
REF SHERIFF # 007628
CASE TOTAL    TOTAL

0.00 *
0.00 TL
0.00

FEE WAIVED
CASHIER: PAULA

THOMAS J DART
SHERIFF OF COOK COUNTY
MUNICIPAL DIVISION

000068-1.6.1 08/03/07 13:03
REF CASE      # 07L 007806
REF SHERIFF # 007629
CASE TOTAL    TOTAL

0.00 *
0.00 TL
0.00

FEE WAIVED
CASHIER: PAULA

THOMAS J DART
SHERIFF OF COOK COUNTY
MUNICIPAL DIVISION

000069-1.6.1 08/03/07 13:03
REF CASE      # 07L 007806
REF SHERIFF # 007630
CASE TOTAL    TOTAL

0.00 *
0.00 TL
0.00

FEE WAIVED
CASHIER: PAULA

EX D

THOMAS J DART
SHERIFF OF COOK COUNTY
MUNICIPAL DIVISION

000070-1.6.1 08/03/07 13:04
REF CASE      # 07L 007806
REF SHERIFF # 007631

0.00 *
0.00 TL
0.00

## IN THE CIRCUIT COURT OF COOK COUNTY
## COUNTY DEPARTMENT, LAW DIVISION

Quinshela Brown
    Plaintiff

Jackson Park Hospital et AL, J. Madhani MD
D. Mufuka M.D., T. Siddiqui, MD. And Gulati,
M.D., W. Abbound, MD J.P. Cullen M.D., P.C Kumar MD
M.A. Wlesynski, P.C. , Kucharski M.D., Any Unknown
Parties that participated in the health care of
      hugean Turner

Case No.: No  07 L 7806

FILED
08 FEB -7 PM 2:49
CIRCUIT COURT OF COOK
COUNTY ILLINOIS
LAW
CLERK

### AFFIDAVIT

I Quinshela Turner   File A Notice of Removel For Cause   an

being first duly sworn state; to the best of My knowledge and belief

and the information in   trux an correct

Plaintiff Signature

FEB 07 2008

08 FEB -7 PM 4:50
CLERK
DISTRICT COURT

SUBSCRIBED AND SWORN TO BEFORE ME THIS _____ day of_____

Court Clerk/ Notary Public

Commission Expires:

STEPHEN P CONLON
MY COMMISSION EXPIRES
APRIL 28, 2012
NOTARY PUBLIC
OFFICIAL SEAL
STATE OF ILLINOIS

-1-

IN The Unite State District Court
Norther Distric Court

FEB 07 2008
RECEIVED

Quinshela Turner
                                        **Plaintiff**

2008 FEB -7 PM 4:54          FEB 0 7 2008

CLERK
U.S. DISTRICT COURT    MICHAEL W. DOBBINS
                       CLERK, U. S. DISTRICT COURT

v.                                          No. __07 L - 7806__

08CV835
JUDGE ZAGEL
MAGISTRATE JUDGE KEYS

Jackson Park Hospital
                                        **Defenda**

## NOTICE OF FILING

**TO:**

You are hereby notified that ____Quinshela Turner____
                                              **Name**

__8051 So Dorchester   Chicago   IL   60619__,
   **Address**              **City**          **State**      **Zip**

                 United State District Court and
did this day file with the Clerk of the Circuit Court of Cook County, Illinois the following in the above entitled action:

____Notice Of Removal for Cause____.

A true and correct copy of the same is attached hereto and served upon you.

## PROOF OF SERVICE

On the __7__ day of __February__, __2008__, I on oath state that I served this notice and true
and correct copies of the above documents by delivering copies personally to each entity to whom they are directed or by
mailing copies to each entity to whom they are directed by depositing the same in the U.S. Mail, proper postage full prepaid,
at the United States Postal Depository located at ___United State P.O, & Hand Deliver__
on the __7__ day of __February__, __2008__, before the hour of 5:00 p.m.

Date __February 7__, __2007__                    _____
                                                              **Signature**

Atty. No.:_____        ( Pro Se 99500 )

**Attorney (or Pro Se Petitioner)**
**Name:** __Quinshela Turner__
**Address:** __8051 So Dorchester__
**City/State/Zip:** __Chicago IL 60619__
**Telephone:** _____