FILED
FEB 29 2008
2-29-2008
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

IN THE UNITED STATE DISTRICT COURT,
NORTHERN DISTRICT OF ILLINOIS

QUINSHELA TURNER,
Plaintiff,

vs.

JACKSON PARK HOSPITAL et al, J. Madhani, M.D., D. Mufuka M.D., T. Siddiqui, M.D., Anil. Gulati, M.D.,, W. Abbound, M.D., J.P. Cullen M.D. , P.C. Kumar. M.D.,, M.A. Wilcsynski, P.C. Kucharskim, M.D.., Any unknow parties that participated in the health care of Lugean Turner,
Defendants

CASE 08 C835
Judge Zagel

RECONSIDERATION ON REMOVAL FOR CAUSE FROM THE CIRCUIT COURT OF COOK COUNTY TO THE UNITED STATE DISTRICT COURT OF ILLINOIS.

COOK COUNTY CASE NUMBER 07 L 7806

# PLAINTIFF MOTION FOR RECONSIDERATION

.Plaintiff Quinshela Turner files this Motion For reconsideration pursuant to Fed. R. Civ P. 59(e), asking this court to reconsider its dismissal of the Notice of Removal for Cause. Pursuant to Title 18 3231 District court shall have original jurisdiction exclusive of the court of the state of all offense against the law of the United State.

## I. Applicable Law

1.) The plaintiff filed her Notice of removal for Cause upon the basic "of violation of her constitutional , due process Due Process Violation 5th and 14th Butler v. Perry, 240 US 328, 36 S Ct 288. Brinkerhoff-Faris Trust v Hill, 281 US 673, 50 S Ct 451 and equal protection right by the state court. including not being able to receive a full and fair hearing in the state court.. where the judges were bias and prejudiced. where the judge in the same state related case were acting as a judge and a defendant. and were the judge were being Represented by the same defendants Attorneys in the same related case. Where 5 judges abuse their power and exceed their jurisdiction. Furthermore, the **Plaintiff expressly clarifies to this**

**court that she is not seeking " to challenge the District Court Judge Kennelly Decision in Case 07 C4221 in this Removal Case for Cause.**

2. The Plaintiff Notice of Removal for Cause dose not deprives this court of jurisdiction of the Plaintiff state claim. Plaintiff has protected under constitution Slaughter-House Cases, 16 Wall *36 Buchanan v Warley, 245 US 60, 38 S Ct 16*

3. This court error in dismissing this removal for cause on the merit of the case and remaining silent on the cause of the removal. Pursue to 28 U.S.C. SEC 1443, where discrimination and prejudice throughout the whole process of the state court case 07 L 7806, was contributed to by the continuous and corrupt nature of the process in the state court with the participation of the apposing counsels where the Judge and the defendant attorneys Arbitrary Exercise of Government Powers *Missouri v. Mackey, 127 US 205, 8 S Ct 1161 and Minneapolis v. Herrick, 127 US 210, 8 S Ct 1176* as outline in the Notice of Removal for cause. and in this Motion For Reconsideration 4.) This Court appear have acted on behalf of the interested as a represent for the state judge and defendant/ attorneys of the state court. Plaintiff file her Notice of Removal for Cause on February 7, 2008. Pursuant to Federal Rule 81(c) the Defendant who were property served fail to answer within the 20 day as prescribe by Rule 81(c ). Federal Rule 81(c ) require that a defendant file an answer within 20 days. The court order is made on February 21, 2008 before allowing the defendants or their attorney time to reply. and this court denying the Pro-se Plaintiff an opportunity to be heard regarding the issue in the court order . Because the removal was made on the merit of the case. instead of the cause of the constitution violation and injustice of state Court denying due process and access to the state court This court also has deprive the plaintiff of due process . by making a decision of the Removal for cause on the merit, and erred in making a credibility determination

specifically since this court has made an error regarding jurisdiction. and diversity of the Parties in state court.

5.) When a Notice of removal for Cause is filed, a district court must promptly examine the notice to see if removal is proper. 28 U.S.C. sec 1446 (c ) (4). If removal is not proper, the court shall summarily remand the case . Id. This court improperly dismiss the Removal for Cause case. on the merit. And remain silent on the cause. alleging lack of jurisdiction

.**The Court Has Fail To Address The Cause For Removal**

6.) In this Removal for Cause , there can be no question that the removal raised a number of issues of federal law in the form of various federal constitutional challenges. 7.) The State Court corruption was such that the judicial machine could not perform in it's usual manner, it impartial task of adjudicating this cases Travelers Indem Co v. Gore 761 F. 2d 1549, 155 ( 11th Cir 1985) . Further the jurisdiction of the judge can be challenge in any court at any time. By either party. This court remain silent on those issue, as outline in the Notice of Removal for cause.

8.) There is legal sufficiency to show Plaintiff is entitled to relief under his Removal for Cause. A Complaint should not be dismissed for failure to state a claim unless it appears beyond a doubt that the Plaintiff can prove no set of facts in support of her claim which would entitle her to relief. See Conley v. Gibson, 355 U.S. 41, 45-46 (1957) also Neitzke v. Williams, 109 S. Ct. 1827, 1832 (1989). Rule 12(b)(6) does not countenance dismissals based on a judge's disbelief of a complaint's factual allegations. In applying the Conley standard, the Court will "accept the truth of the well-pleaded factual allegations of the Complaint. This court erred in Dismissing the Removal for Cause on Merit.

Note: Ordinarily a plaintiff generally get to pick the forum and venue This is not true in this malpractice case. Judge Kennelly 07 L 4221 made it clear , " that a malpractice case can only be brought in state court. this prevent the Plaintiff choice of forum and venue. Therefore a plaintiff has the same right to removal as a defendant because neither get to pick the venue and forum, and the constitution dose not discriminated.

## JURISDICTION

9.) A removal for cause is a continue of a state court case, in federal Court case. A removal for cause can be heard in the federal court, without the Plaintiff and all the defendants being diverse in citizenship. This court erred, State Court dose not require diverse in citizenship. Therefore this court has jurisdiction. This court has erred in dismissing this case on the merit And for want of jurisdiction. **Jurisdiction of the case (Basic element of due process)** Powell v. Alabama, 287 US 45, 53 S Ct 55, 84 ALR 527

10.) It is proper for this District Court to take jurisdiction of any civil action authorized by law commenced by any person 28 U.S.C. § 1367, Title 28 1443 (1) (2) and (See title 28, section 1343 (1) (2)(3)(4). 1332,1335,1337, 1441 and 1603. and Title 18 3231. The first issue is convenience' and second is the Interest of Justice" The District Court of the United Sates has original jurisdiction of this action pursuant to authorities cited in the above caption to wit . 28 U.S.C. 1331, 1443, 1332, 1333(1), 1359, 1367(A), 1441(B) AND 1443(b) and (c) 14 51(2), AND 1631 Any of the following civil action or criminal prosecutions, commenced in a State Court may be removed by the party to the district court of the united Stated for the district and division embracing the place where in it is pending..

A) against any person ( as the Plaintiff in this case) who is denied or cannot enforce in the court of such state a right under any law providing for equal civil right of citizen of the United states or of all person within the jurisdiction thereof;

B) For any action under color of authority derived for any law providing for equal rights, or for refusing to do any act on the ground that it would be inconsistent with such law. (As done in this case).

11.) And (Section 8 Removal of Cause section 6-604 of the code) and has erroneously dismiss this case on the merit. Following are the applicable legal basis for removal for cause. **the right of** The object of removal is to secure a fair and impartial trial. The removal Source of right of removal is found in the Constitution of Illinois , not the

Rules of Procedure. Section 8 does not restrict jurisdiction of court . - The first clause of this section cannot be regarded as restricting the jurisdiction of the court. hence appeal is undoubted.

**Personal Jurisdiction**:

A. **Within the State**: A court has personal jurisdiction over a person who has been served with a summons anywhere in the State of Illinois. 735 ILCS 5/2-209(b)(1). The defendants in is this case were serve summon. Upon removal for cause state jurisdiction rights pass to the District court or any court it is remove and the case continue as if in the state court.

B. **Long Arm Jurisdiction**: A court may have jurisdiction over someone who has been served outside the State of Illinois if that person committed an act that submits him to the jurisdiction of the Illinois Court. 735 ILCS 5/2-208 and 209. ( the Long Arm Statute.) this Jurisdiction also passes to the District Court upon removal for cause.

**ILLINOIS RULE OF CIVIL PROCEDURE**

12.) Rule 60 (b) provide that the court may relieve a party from final judgment or order if ((1) of mistake , surprise . this court make a mistake and surprise the plaintiff when it dismiss the case on the merit. (2) of newly discovered evidence that could not have been timely discover by due diligent . even if it was proper to dismiss this case on the merit which it is not. This court did not afford the Plaintiff an opportunity to present document to the fact that Plaintiff has right to represent her husband.( See exhibit A) Even though Plaintiff file her Malpractice lack of inform consent case pursuant 735 ILCS 5/2-1704 , 735 IICS 5/8-201 dead man Act and her survival rights pursuant to 12 101 et seq and wrongful death pursuant 12270. 21 et seq, and other violation. this Court has mistakenly mischaracterize the Plaintiff Notice of removal for cause and the Plaintiff complaint file in the Circurt Court.

(3) of fraud, misrepresentation or other misconduct etc. The Court order is without merit by dismiss the Plaintiff Notice of removal for cause on the Merit this court has denied constitutional and due process rights and is representing the defendants in this case.

**Alter . Amend Judgment**

13.) Pursuant to Rule 60 and Fedr civ P 59 as well as Civ P. 59(e) this court should

A. correct a clear legal error,

B. prevent a manifest injustice ( due to fraud misrepresentation , misconduct by the adversary and their attorney and even the court acting in civil and criminal conspiracy with the attorneys.

C. Reflect evidence not consider at the time of the court decision. (e.g such as the judicial Misconduct, fraudulent act, misrepresentation misconduct. Including constitution violation and denied of due process of the law , abuse of Process , intentional inflection of emotional distress negligent and outrageous conduct etc as outline in this and the notice of removal for cause etc the case that the court remain silent on.

**REASON FOR REMOVAL FOR CAUSE**

14.) The Plaintiff removal for cause, is not about the Malpractice issue but is about the persistently corrupt process in the state court and violation of the U.S. Constitution by the state Court judges involved and the Defendants Attorneys., denying constitution right to due process of the law;, denying constitution right to Equal protection of the law;, and denying Plaintiff constitution rights to represent herself, as well as about obstruction of justice bias and prejudice and denial dishonest and misrepresentation conspire and perpetrated by some of all of the officer of the court Judge Deborha Mary Dooling, Judge Diane J. Larsen, JUDGE Irwin J. Solganick , Judge, judge Donald j. OBrien and judge Muddux attorneys from lawfirm Sta,ps & Trucco LLp, Querrey 7 Horrow, Ltd, Swanson Martin & Bell and Dykema Gossett PLLC. Made them self Parties to the Pursuant to28 U.S.C. § 1367.

Below are legal issues are addressed, showing that not only dose this District Court have jurisdiction in this case, but it indeed would fail its duty ( bases upon the oath of office to uphold the constitution of the united State if it did not hear this case. even though a complaint about a judge is no favor by other judge a pro-se Plaintiff dose has a constitution rights petition the court for protection against violation of articial III judge.

15.) With regards to 28 USC section 1443 (1) the Plaintiff a pro-se, file her Notice of Removal For Cause with her affidavit. This cause for removal for cause, give gravve and significant violation of the constitutional rights that were perpetrated by the state court and judges there in, who were/ are not parties to the state case, This court error in stating, it has no subject matter jurisdiction, and dismissing the case on the merit rather than the cause. The defendants attorney and the judges are in violation as in *Brogan v. United States , 118 Ct. 805(1998)* for making a false statement within the jurisdiction of the court in violation of 12 U.S.C section 1001. Title 18 U.S.C section 1001 states

*" Whoever, in any matter withi the jurisdiction of any department or agency of the United States knowingly and*

*willfully falsifies, conceals or covers up by any trick, scheme, or device a material fact or any*

*false . fictitious or fraudulent statement or representation , or makes or uses any false writimg or*

*document knowing the same to contain any false, fictionous, or fraudulent*

*statement or entry , shall be fined under*

*title or imprisoned not more than five years or both" "*

*16.)* The federal Court have unflagging obligation to exercise the jurisdiction given to them pursuant to article III, section 2 of cl 1 of the Constitution for the United States. *Colorado River Water Conservation Districe V. United Stat, 424 U.S. 800, 817, 96 S Ct. 1236 1246, 47 L Ed. 2d 483 ( 1976).* The Supreme Court observed that " the presentce of the federal-law issues must always be a major consideration weighing against surrender of federal

jurisdiction. When applicable substantive law is federal , abstention is disfavored , *Village of Westfield v. Welch's 170F.3d 116.124 (2nd Dir 1999). Jurisdiction is not defeated even by possibility that allegations in the complaint might fail to state a claim under feder R. Rule 12 9(b)(1).* *HBP Associates V Marsh, 893 F. supp. 271 (S.D.N.Y. 1999).*

17.) The Federal District Court also has subject- matter jurisdiction over claim seeking relief from court order within emanated under procedures that allegedly violated due process , and equal protection and other federal statues such as section 1983, the civil right and state procedures that were contrary to federal law and thus invalided under the supremacy clause, and any removal for cause.

18.) Therefore jurisdiction is proper *under 28 U>S.C. sec 1331 or Sec, 1343, Id U.S. Const. Art.6 cl. 2; Amends 5, 14. , 28 ILCS 1443(1) 1441(c) and 28 U.S.C 1367(c ) (2)* including civil right that raised constitution question and sought damages for the deprivation of Plaintiffs constitutional interests without due process of law. *Violation of state procedure with constitutional due-process requirement are squarely within [this] court's federal question jurisdiction); 28 U.S. C sec 1367(c )(2) and 28 U.S.C. 1441 (c) do not grant his court discretion to refuse jurisdiction of the plaintiff's Notice of removal for cause.*

19.) The dismissal is thus unconstitutional and inapplicable to this case. it allow governmental officer to escape liability and accountability in the (*eleven amendment)* Amendment was without the potency of any congress. It was birthed almost 100 years after the duly-ratified first prong of the eleventh Amendment, which has no application whatsoever, by a court acting outside the scope of its authority. *Hans v. Louisiana 134 U.S.1 (1890)*

20.) Article v of the Illinois Declaration of rights explicitly guarantee accountability by all magistrates and officers of each branch of government to all people at all times, and where it

does not distinguish between the individuals in their individual or official capacities, article V constitutes that state's express and unequivocal consent to suit by the people

21.) Therefore this court has both the duty and subject matter jurisdiction to hear this removal case hold a new trail and amend and /or alter its judgment of February 21, 2008.

22.) In view of the above, state court and 5 judges involved therein have lost jurisdiction through violation of the United States Constitution, hence their order and decision in state matter are held VOID.

23.) The plaintiff respectfully requests, this court to reconsider, Amend and alter it order of February 21, 2008 and provide the Plaintiff relief he has sought including (i) holding Void the said state judges decision and orders, Catz v.Chalker, 142 F 3d 279 ( C.A.6 ( Ohio ) 1998). (ii) ordering the stated court to convene a new venue and judge to deal with the statE case preferable in federal court, (iii) setting a hearing at it earliest convenience to hear evidence in support of Plaintiff case

ERROW IN THE DISTRICT COURT STATEMENT

24.) This district court incorrectly denied this removal for cause case on the merit of the case. and remain silent on the reason for the removal.

25.) This district court incorrectly denied this removal for cause, and incorrectly connected this case to another case Plaintiff file in the federal court.

26.) This court incorrectly denied this removal for cause on the basic that congress only allow Defendant to move a case for state court to Federal Court., Where this may be true base on a removal <u>without cause</u>, this is not true for <u>removal for Cause</u>. There for this court incorrectly state that the plaintiff has not legal right to move this case to Federal court. Further Note: Ordinarily a plaintiff generally get to pick the forum and venue This is not true in this malpractice case 07 L 4221 was denied for lack of jurisdiction by the federal court Judge Kennelly , stating, " that a malpractice case can only be brought in state court. such prevent the Plaintiff choice of forum and venue. Therefore a plaintiff has the same right to removal as a

defendant because neither get to pick the venue and forum, and the constitution dose not discriminated

27.) This court incorrectly denied this removal for cause and incorrectly stated ,the 0nly way the plaintiff could bring this case into the state court is if the plaintiff and all defendant are diversity in citizenship. That statement is incorrect.

(1) A state court has personal jurisdiction over a person who has been served with A summon anywhere in the State of Illinois. 735 ILCS 5/2-209(b)(1). Upon removal for cause this right pass to the District court or any court it is remove to.

28.) This court incorrectly denied this removal for cause, and mischaracterize this suit this it is only brought on behalf of her husband this suit it also brought and on behalf the Plaintiff, Pursuant to Healing Act Medical Malpractice 735 ILCS 5/2-1704 from ch 110 par, 20, 1704 and the Survival Act Code 12 101 et seq , Dead Man Act 735 ILCS 5/8-201, Wrongful Death Act 16 270. 21 . and Lack Of Inform Consent. this court did not afford the plaintiff an opportunity to responded to the court as to whether she is the legal administration of her husband estate before dismissing this case.

28.) Quinsheia Turner is the administration of her husband estate. See Exhibit (A & B)

27.) 29.) This court incorrect states that the Plaintiff removal is because of dissatification of the state one state judge. That statement dose not give an accurate discription (1) Five judges of the state court violated their constitution duty denying due process and other constitution violation to prevent including access to the court and conspire to cover up the misconduct of other judges. The court statement of one judge, under mine the Plaintiff reason for removel and cover-up the real reason for the Plaitniff removel for cause. the plaintiff believe she will not receive a full and fair hearing in the state court , Not one but five state judge has demonstrated that she would not receive a full and fair hearing and has violated the constitution rights and

exceeded their jurisdiction in an effort to denied due process of the law and as clearly outline in the Plaintiff Notice of Removal. The Court remain silent on those issue. That is Support by the records. and order of the court.

30.) This removal for Cause, a State case file in the state court has no refection on the case file in the district court. Judge Kennelly in Case 07 C 4221 in his order stated that the Malpractice Case the Plaintiff file in the district court is a state case not a federal case. Now this district court allege that this is neither a state or federal case. it appear that the message is that this court is stating the Pro-se Plaintiff has no constitution rights to hold the defendant accountable in any court.

31.) This court has personal and Subject matter jurisdiction.

this court erred, dismissing , where the plaintiff is the administration of her late husband estate. This was establish in the state court when the plaintiff has to present document to the court in order to be allow to file her case on July 26, 2007 even though the state court judge was in violation for denying the Plaintiff application on the merit of the case. The issue of representing plaintiff decease husband had been resolved This is why the case in the state court were ongoing from July 26, 2007. When the Plaintiff challenge the judge abuse of authority , and constitution violation , civil rights and due process right, and jurisdiction, the Issue of the Plaintiff representing her decease husband raise again in December 2007. Not by the presiding judge, or the apposing party attorneys, but by a another judge who violated his oath of office exceeded his jurisdiction and authority to protect the interested of the presiding judge who had clearly make constitution violation and exceed her jurisdiction abuse her office and denied due process of the law, bias and prejudice and discriminating against the Plaintiff to protect the interested of the defendants and their attorneys. The issue or representing her husband reraise. when the Plaintiff refile for an application to sue as a indigent person, 5 month later in order to

get record to present to the appellate court. That application were denied in violation of 735 ILCS 5-5-105 (e). and documents to support her legal right as administration of her husband estate along with other documents were missing from the record and access to the records in the state court was denied to the Plaintiff. After July 26, 2007, The presiding judge knew from the record after the case was assigned to her, that another judge had made an order on July 26, 2007 abuse her authority, denying the plaintiff application to sue as a indigent person on the merit of the case, in violation of state statue 735 5/5-105 (e). if there was any standing in the nature of that order dated July 26, 2007, the Presiding judge who were bias and prejudice against the pro-se Plaintiff, abuse her authority to sabotage and prevent due process and accountability, to protect the interested of the Defendant and its attorneys, would had certainly not allow the pro-se Plaintiff to proceed without proving she had legal right to proceed. The Presiding judge and the Defendant Attorneys has no misunderstanding as to the nature of the plaintiff suit ,Both judge and defendant attorneys knew that the Plaintiff were within her legal right within the suit. There for the issue was not raise.. Even though the Plaintiff was not required to present those document she did so on her own upon filing the her complaint in July 26, 2007, Those documents became missing when the Plaintiff challenge the judge abuse of authority. and constitution violations. And due process rights. This District Court seems to fall into the trap laid by the officers of the state Court by misrepresenting the nature of the removal case for cause. and the case it self. The Notice of removal is about the violation of the United States Constitution by state court judges and the Defendant Attorneys. Because of those violations, where the state Court judges has demonstrated, conduct of bias, discriminate and retaliate against the the Pro-se Plaintiff an misused it power and authority to denied and obstruct justice, Plaintiff believe she would not receive a full and fair hear and trial in the state Court.

32.) In this Removal for Cause, there can be no question that the removal raised a number of issues of federal law in the form of various federal constitutional challenges The corruption was

such that the judicial machine could not perform in usual manner its impartial task of adjudicating this cases Travelers Indem Co v.Gore 761 F. 2d 1549, 155 ( 11th Cir 1985). The right to file a lawsuit pro-se is on eof the most important rights under the constitution and laws." (Elmord v. McCammon (1986) 640 F. Supp. 905, 911)

33.) The state court judges had use deception to decieve the Plaintiff in a way calculated to discourage the filing of a lawsuit and the proceeding with the Lawsuit Considering the bias and prejudice discrimination and violaiton of constitution rights to obstruct justice and prevent accountability, that has been exhibited towards pro se Plaintiff, make a aready difficult situation impossiple because no judge may not want to report the misconduct of another judge, because the Plaintiff is acting pro-se.

43.) As a pro-se Litigant the court has held the Plaintiff to the same stander as an highly skill attorneys, but has denied Plaintiff the same access to the court the same priviege and equal protected, and the same right outline in the constitution of the United State. The appointed official violated their office and the civil right of the Pro-se plaintiff

35.) Unless this court has had ex parte communication with the defendants this court error in the assuming that all the defendants are on staff at Jackson Park hospital.

WHEREFORE Quinshela Turner Pro-se respectfully pray that is court reconsider its dismissal, alter and amend it judgment and allow noting other than a judgment on the Cause of the Removal not the Merit. And Allow the Pro-se Plaintiff equal Right under the constitution to litigated her state claim in federal court. free from obstruction, conflict, bias, prejudice. Civil rights and constitution violation, and afford the plaintiff an impartial judge. A copy of Exhibit

Respectfully Submitted

Quinshela Turner

FILED
JUL 15 2003
DOROTHY BROWN
CLERK OF CIRCUIT COURT

LF205-04
R205-04

# GENERAL POWER OF ATTORNEY

**(With Durable Provision)**

**NOTICE: THIS IS AN IMPORTANT DOCUMENT. BEFORE SIGNING THIS DOCUMENT, YOU SHOULD KNOW THESE IMPORTANT FACTS. THE PURPOSE OF THIS POWER OF ATTORNEY IS TO GIVE THE PERSON WHOM YOU DESIGNATE (YOUR "AGENT") BROAD POWERS TO HANDLE YOUR PROPERTY, WHICH MAY INCLUDE POWERS TO PLEDGE, SELL OR OTHERWISE DISPOSE OF ANY REAL OR PERSONAL PROPERTY WITHOUT ADVANCE NOTICE TO YOU OR APPROVAL BY YOU. YOU MAY SPECIFY THAT THESE POWERS WILL EXIST EVEN AFTER YOU BECOME DISABLED, INCAPACITATED OR INCOMPETENT. THIS DOCUMENT DOES NOT AUTHORIZE ANYONE TO MAKE MEDICAL OR OTHER HEALTH CARE DECISIONS FOR YOU. IF THERE IS ANYTHING ABOUT THIS FORM THAT YOU DO NOT UNDERSTAND, YOU SHOULD ASK A LAWYER TO EXPLAIN IT TO YOU. YOU MAY REVOKE THIS POWER OF ATTORNEY IF YOU LATER WISH TO DO SO.**

**TO ALL PERSONS,** be it known that I, Lugean Turner

of ,

the undersigned Grantor, do hereby make and grant a general power of attorney to Quindela Turner

of ,

and do thereupon constitute and appoint said individual as my attorney-in-fact/agent.

My attorney-in-fact/agent shall act in my name, place and stead in any way which I myself could do, if I were personally present, with respect to the following matters, to the extent that I am permitted by law to act through an agent:

(NOTICE: The grantor must write his or her initials in the corresponding blank space of a box below with respect to each of the subdivisions (A) through (O) below for which the Grantor wants to give the agent authority. If the blank space within a box for any particular subdivision is NOT initialed, NO AUTHORITY WILL BE GRANTED for matters that are included in that subdivision. Cross out each power withheld.)

[ LT ] (A) Real estate transactions
[ LT ] (B) Tangible personal property transactions
[ LT ] (C) Bond, share and commodity transactions
[ LT ] (D) Banking transactions
[ LT ] (E) Business operating transactions
[ LT ] (F) Insurance transactions
[ LT ] (G) Gifts to charities and individuals other than Attorney-in-Fact/Agent
(If trust distributions are involved or tax consequences are anticipated, consult an attorney.)

© 1992-2001 Made E-Z Products, Inc.

This product does not constitute the rendering of legal advice or services. This product is intended for informational use only and is not a substitute for legal advice. State laws vary, so consult an attorney on all legal matters. This product was not necessarily prepared by a person licensed to practice law [illegible]

Rev. [illegible]

| Initials | |
|---|---|
| LT | (H) Claims and litigation |
| LT | (I) Personal relationships and affairs |
| | (J) Benefits from military service |
| | (K) Records, reports and statements |
| LT | (L) Full and unqualified authority to my attorney-in-fact/agent to delegate any or all of the foregoing powers to any person or persons whom my attorney-in-fact/agent shall select |
| LT | (M) Access to safe deposit box(es) |
| LT | (N) To authorize medical and surgical procedures (Pennsylvania only) |
| | (O) All other matters |
| | Durable Provision: |
| LT | (P) If the blank space in the block to the left is initialed by the Grantor, this power of attorney shall not be affected by the subsequent disability or incompetence of the Grantor. |

Other Terms:

My attorney-in-fact/agent hereby accepts this appointment subject to its terms and agrees to act and perform in said fiduciary capacity consistent with my best interests as he/she in his/her best discretion deems advisable, and I affirm and ratify all acts so undertaken.

TO INDUCE ANY THIRD PARTY TO ACT HEREUNDER, I HEREBY AGREE THAT ANY THIRD PARTY RECEIVING A DULY EXECUTED COPY OR FACSIMILE OF THIS INSTRUMENT MAY ACT HEREUNDER, AND THAT REVOCATION OR TERMINATION HEREOF SHALL BE INEFFECTIVE AS TO SUCH THIRD PARTY UNLESS AND UNTIL ACTUAL NOTICE OR KNOWLEDGE OF SUCH REVOCATION OR TERMINATION SHALL HAVE BEEN RECEIVED BY SUCH THIRD PARTY, AND I FOR MYSELF AND FOR MY HEIRS, EXECUTORS, LEGAL REPRESENTATIVES AND ASSIGNS, HEREBY AGREE TO INDEMNIFY AND HOLD HARMLESS ANY SUCH THIRD PARTY FROM AND AGAINST ANY AND ALL CLAIMS THAT MAY ARISE AGAINST SUCH THIRD PARTY BY REASON OF SUCH THIRD PARTY HAVING RELIED ON THE PROVISIONS OF THIS INSTRUMENT.



Signed under seal this ______ day of ______, 20__

Signed in the presence of:

______________________
Witness

______________________
Witness

Grantor

Attorney-in-Fact/Agent

State of Illinois
County of Cook }

On 7th July 2005 before me, Saul Gamboa, [illegible] Tanner, & [illegible] Tanner, appeared ______, personally known to me (or proved to me on the basis of satisfactory evidence) to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

WITNESS my hand and official seal.

Signature ______

Affiant ____ Known ____ Produced ID
Type of ID Drivers Lic.

(Seal)

"OFFICIAL SEAL"
SAUL GAMBOA
Notary Public, State of Illinois

"OFFICIAL SEAL"
SAUL GAMBOA



C00028

**Proof of Mailing**

I certify that I had place a copy of this notice in the Unites Stat mail on February 29, 2008 to;

To:

Dykema Gossettt
10 S. Wacker Dr. Ste. 2300
Chicago Il 60606

Swanson Martin & Bell
1860 W. Winchester, ste 201
Liberty ville Il 60048

Stamos & Trucco
30 W. Monroe, suite 1600
Chicago Illinois 60603

Querre & Harrow, Ltd
175 West Jackson Boulevard Suite 1600
Chicago Illinois 60604

Copy to circuit Court of Illinois

Executed ____________________