# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Judge Zagel | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| CASE NUMBER | 08 C 835 | DATE | MAR 1 1 2008 |
| CASE TITLE | QUINSHELA TURNER v. JACKSON PARK HOSPITAL, et al. | | |

**DOCKET ENTRY TEXT:**

The Motion for Reconsideration is denied.



## STATEMENT

Quinshela Turner has sought reconsideration of my ruling denying her removal petition with respect to a case she has in the Circuit Court of Cook County. I deny her motion.

Plaintiff profoundly misunderstands the law governing her case. She is suing various medical personnel and a hospital for actions taken with respect to her husband's medical care. She believes that the defendants and the state court are violating her constitutional rights, so she has sought improperly to *remove* the case to this Court. If her allegations are true, then her remedy to appeal the final judgment of the state trial judge to the Appellate Court of Illinois and, if she loses there, to the Supreme Court of Illinois on a petition for leave to appeal. If she loses, then she can get a review by a federal court, but that court would be the Supreme Court of the United States to which she can submit a petition for certiorari. Lower federal courts do not have the right to intervene in pending state court proceedings or to hear appeals from state court judgments.

The named defendants, I note, are not officers of the State of Illinois or of the federal government and, for this reason, cannot be sued for violating provisions of the Constitution which are applicable to governments, not to private individuals. It is possible that Plaintiff wants to sue the state judge or judges, but this she cannot do because they are absolutely immune from suits of this sort. The state courts provide remedies for misconduct by parties to lawsuits and for misconduct by judges. If she has valid claims, they are to be heard in state court, not here.

Plaintiff believes that only the federal courts can address violations of United States law, but state courts have concurrent jurisdiction to address them as well. State courts often rule on claims of violation of federal rights.

Finally, her claims, even if they could be brought here, could not be brought by removing an existing case in

## STATEMENT

state court (alleging only state causes of action which plaintiff concedes to be true). The only way they could be brought is to file a separate, new lawsuit alleging violations of federal rights in the handling of her case. Until final judgment is entered in the state court and appeal processes are all exhausted, she would have no right to sue.

To put the matter in the simplest possible terms, plaintiff cannot *remove* a case to federal court because the plaintiff thinks he or she is not getting a fair trial in state court.

There is no "removal for cause" of a state case to federal court. A judge can be removed from a case for cause but an entire state court with hundreds of judges cannot be removed for cause. Plaintiff has to fight her case out in state court where it belongs and not here.

In light of my previous ruling and my observations here, I deny the motion to reconsider my ruling.