FILED
MAR 2 1 2008 NF;
MAR 21 2008
MICHAEL W DOBBINS
CLERK, U.S. DISTRICT COURT

IN THE UNITED STATE DISTRICT COURT,
NORTHERN DISTRICT OF ILLINOIS

QUINSHELA TURNER,
    Plaintiff,
vs.
JACKSON PARK HOSPITAL et al, J.
Madhani, M.D., D. Mufuka M.D., T. Siddiqui,
M.D., Anil. Gulati, M.D.,, W. Abbound, M.D.,
J.P. Cullen M.D. , P.C. Kumar. M.D.,, M.A.
Wilcsynski, P.C. Kucharskim, M.D.., Any
unknow parties that participated in the health
care of Lugean Turner,
    Defendants

CASE 08 C 835

Judge Zagel

Circuit Court of Cook County, No. 07 L 7806

**NOTICE OF APPEAL**

Notice is hereby given that Quinshela Turner Plaintiff in the above name case, hereby appeal to the United States Court of Appeal for the Seven Circuit From an Final order , judgment enter in this action on March 21, 2007.

1. I Quinshela Turner Pro-se Plaintiff file an Law suit against the above Defendants in this case on July 26, 2007, in the Circuit Court of Cook County case 07 L 7806.

2. On February 7, 2008, Plaintiff file a Motion for Removal For Cause. base on violation of her constitutional , due process and equal right and protection, including not being able to receive a full and fair herring in the state court where judges were bias and prejudice against pro-se litigants. where the judge appear to be political bound to protect the interested of Jackson Park Hospital et al  a removal  for cause to the district  is proper.

3. On February 21, 2008 Judge Zagel dismiss the Plaintiff Removal for Cause, without addressing the removal for Cause issues, an apparently to protect the interested of the  state judges who has violated the Plaintiff constitution and

civil rights. Acting as an advocate for the Defendants and the State Court judges. Blocking the Plaintiff from proceeding with her case.

4. On February 29, 2008 Plaintiff file a Motion for Reconsideration, pointing to illegal and constitution errors. Judge Zagel denied the Plaintiff Motion for reconsideration, For reason that has noting to do with the removal for cause. and fail to address the issue in the Motion for reconsideration. Judge Zagel denied the motion for reconsideration on issue also that had nothing to do this case. in fact his order appeal to be address to someone other than the Plaintiff.

5. Plaintiff never mention in her Motion for removal for Cause, or her Motion for reconsideration that she has intended to file a lawsuit against the state judges.

6. Further The Defendants attorneys never address the issue which lead the Plaintiff to believe that there were ex parte communication with the defendants attorney or the judge regarding this Removal For Cause.

Further this court has denied the Pro-se Plaintiff access to this court and the Judge has acted as an advocate for the defendants and the judges there by denying the pro-se plaintiff due process of the law and access to the court and an impartial judge.

Respectfully Submitted

Quinshela Turner

**Proof of Mailing**

I certify that I had place a copy of this notice in the Unites State mail on March 21, 2008 to;

To:  Dykema Gossettt                         Swanson Martin & Bell
     10 S. Wacker Dr. Ste. 2300              1860 W. Winchester, ste 201
     Chicago Il 60606                        Liberty ville Il 60048

     Stamos & Trucco                         Querre & Harrow, Ltd
     30 W. Monroe, suite 1600                175 West Jackson Boulevard Suite 1600
     Chicago Illinois 60603                  Chicago Illinois 60604

Copy to circuit Court of Illinois

# SEVENTH CIRCUIT COURT OF APPEALS INFORMATION SHEET

Include the names of all plaintiffs (petitioners) and defendants (respondents) who are parties to the appeal. Use a separate sheet if needed.

NORTHERN DISTRICT OF ILLINOIS EASTERN DIVISION DOCKET NUMBER: 08 cv 835

| PLAINTIFF (Petitioner) | v. | DEFENDANT (Respondent) |
|---|---|---|
| Turner/appellant | | Jackson Park Hospital/appellee |

(Use separate sheet for additional counsel)

| PETITIONER'S COUNSEL | | RESPONDENT'S COUNSEL | |
|---|---|---|---|
| Name | Quinshela Turner | Name | |
| Firm | pro-se | Firm | |
| Address | 8051 S. Dorchester Chgo.Il. 60619 | Address | |
| Phone | | Phone | |

| Other Information | | | |
|---|---|---|---|
| District Judge | Zagel | Date Filed in District Court | 2/21/08 |
| Court Reporter | B. Lara   X-939-2092 | Date of Judgment | 3/12/08 |
| Nature of Suit Code | 362 | Date of Notice of Appeal | 3/21/08 |

COUNSEL:   Appointed [ ]   Retained [ ]   Pro Se [X]

FEE STATUS:   Paid [ ]   Due [ ]   IFP [X]
              IFP Pending [ ]   U.S. [ ]   Waived [ ]

Has Docketing Statement been filed with the District Court Clerk's Office?   Yes [X]   No [ ]

If State/Federal Habeas Corpus (28 USC 2254/28 USC 2255), was Certificate of Appealability:

Granted [ ]   Denied [ ]   Pending [ ]

If Certificate of Appealability was granted or denied, date of order: _____

If defendant is in federal custody, please provide U.S. Marshall number (USM#): _____

**IMPORTANT: THIS FORM IS TO ACCOMPANY THE SHORT RECORD SENT TO THE CLERK OF THE U.S. COURT OF APPEALS PURSUANT TO CIRCUIT RULE 3(A).   Rev 04/01**

FILED
MAR 2 1 2008  NR

IN THE UNITED STATES COURT OF APPEAL
FOR THE SEVENTH CIRCUIT

MAR 21 2008
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

QUINSHELA TURNER,
    Plaintiff,

vs.

JACKSON PARK HOSPITAL et al, J. Madhani, M.D., D. Mufuka M.D., T. Siddiqui, M.D., Anil. Gulati, M.D.., W. Abbound, M.D., J.P. Cullen M.D. , P.C. Kumar. M.D.,, M.A. Wilcsynski, P.C. Kucharskim, M.D.., Any unknow parties that participated in the health care of Lugean Turner,
    Defendants

CASE 08 C 835

Judge Zagel

Circuit Court of Cook County, No. 07 L 7806

### Docket Statement

1. An appeal was file on March 21, 2007, from an final order of the District Court, case 08 C 835 date February 21, 2008,

2. The United Stated Court O Appeal has jurisdiction over the proceeding from a District Court from where this appeal is taken.

3. An appeal may be taken in the civil case after a final judgment has been enter Fed. R. Civ 58.

4. On February 21, 2007 the District Court acted as an advocate for the Defendants Jackson Park Hospital et al and dismiss Mrs. Turner Motion for removal for Cause. with out addressing the issue.

5. Federal Rules of Appellate Procedure, provide that a party who is granted Informal Pauper status at the District Court level may proceed on appeal with out further authorization Rule 24 (a)(3).

6. Pursuant to fed. R. App P. 24 (a)(3), Quinshela Turner request that her informal pauper status on appeal with out further authorization , See also 28 U.S. C 1915 (a)(any court of the United States may authorize the commencement , prosecution

of defense of any suit, action or proceeding civil or criminal or appeal therein without prepayment of fees of security there of"

7. I Quinshela Turner request Pursuant to 28 U.S.C. 1915 (e) that appellate counsel be assigned to the various meritorious appellate issue because is appear that pro-se litigant are not favor.

8051 South Dorchester
Chicago Illinois 60619
QUINSHELA TURNER

## PROOF OF MAILING

I certify that I had place a copy of the above in the Unites States mail on January 25, 2008

To: Dykema Gossettt
10 S. Wacker Dr. Ste. 2300
Chicago Il 60606

Swanson Martin & Bell
1860 W. Winchester, ste 201
Liberty ville Il 60048

Stamos & Trucco
30 W. Monroe, suite 1600
Chicago Illinois 60603

Querre & Harrow, Ltd
175 West Jackson Boulevard Suite 1600
Chicago Illinois 60604

Case 1:08-cv-00835 Document 12 Filed 03/24/2008 Page 6 of 10
Case 1:08-cv-00835 Document 7 Filed 03/11/2008 Page 1 of 2
Order Form (01/2005)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Judge Zagel | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| CASE NUMBER | 08 C 835 | DATE | MAR 11 2008 |
| CASE TITLE | QUINSHELA TURNER v. JACKSON PARK HOSPITAL, et al. | | |

**DOCKET ENTRY TEXT:**

The Motion for Reconsideration is denied.



## STATEMENT

Quinshela Turner has sought reconsideration of my ruling denying her removal petition with respect to a case she has in the Circuit Court of Cook County. I deny her motion.

Plaintiff profoundly misunderstands the law governing her case. She is suing various medical personnel and a hospital for actions taken with respect to her husband's medical care. She believes that the defendants and the state court are violating her constitutional rights, so she has sought improperly to *remove* the case to this Court. If her allegations are true, then her remedy to appeal the final judgment of the state trial judge to the Appellate Court of Illinois and, if she loses there, to the Supreme Court of Illinois on a petition for leave to appeal. If she loses, then she can get a review by a federal court, but that court would be the Supreme Court of the United States to which she can submit a petition for certiorari. Lower federal courts do not have the right to intervene in pending state court proceedings or to hear appeals from state court judgments.

The named defendants, I note, are not officers of the State of Illinois or of the federal government and, for this reason, cannot be sued for violating provisions of the Constitution which are applicable to governments, not to private individuals. It is possible that Plaintiff wants to sue the state judge or judges, but this she cannot do because they are absolutely immune from suits of this sort. The state courts provide remedies for misconduct by parties to lawsuits and for misconduct by judges. If she has valid claims, they are to be heard in state court, not here.

Plaintiff believes that only the federal courts can address violations of United States law, but state courts have concurrent jurisdiction to address them as well. State courts often rule on claims of violation of federal rights.

Finally, her claims, even if they could be brought here, could not be brought by removing an existing case in

## STATEMENT

state court (alleging only state causes of action which plaintiff concedes to be true). The only way they could be brought is to file a separate, new lawsuit alleging violations of federal rights in the handling of her case. Until final judgment is entered in the state court and appeal processes are all exhausted, she would have no right to sue.

To put the matter in the simplest possible terms, plaintiff cannot *remove* a case to federal court because the plaintiff thinks he or she is not getting a fair trial in state court.

There is no "removal for cause" of a state case to federal court. A judge can be removed from a case for cause but an entire state court with hundreds of judges cannot be removed for cause. Plaintiff has to fight her case out in state court where it belongs and not here.

In light of my previous ruling and my observations here, I deny the motion to reconsider my ruling.

APPEAL, KEYS, TERMED

# United States District Court
## Northern District of Illinois - CM/ECF LIVE, Ver 3.1.3 (Chicago)
## CIVIL DOCKET FOR CASE #: 1:08-cv-00835
### Internal Use Only

| | |
|---|---|
| Turner v. Jackson Park Hospital et al | Date Filed: 02/21/2008 |
| Assigned to: Honorable James B. Zagel | Date Terminated: 02/21/2008 |
| Demand: $9,999,000 | Jury Demand: Plaintiff |
| Case in other court: Circut Court of Cook County, Illinois, 2007L007806 | Nature of Suit: 362 Personal Inj. Med. Malpractice |
| Cause: 28:1332 Diversity-Personal Injury | Jurisdiction: Diversity |

**Plaintiff**

**Quinshela Turner**          represented by   **Quinshela Turner**
8051 South Dorchester
Chicago, IL 60619
PRO SE

V.

**Defendant**

**Jackson Park Hospital**

**Defendant**

**J Madhani**
*M.D.*

**Defendant**

**D. Mufuka**
*M.D.*

**Defendant**

**T Siddiqui**
*M.D.*

**Defendant**

**Anil Gulati**
*M.D.*

**Defendant**

**W Abbound**
*M.D.*

**Defendant**

**J P Cullen**
*M.D.*

**Defendant**

**P C Kumar**
*M.D.*

**Defendant**

**M.A. Wilcsynski**

**Defendant**

**P C Kucharski**
*M.D.*

**Defendant**

**Unknown Parties**
*Any; that participated in the health care of Lugean Turner*

| Date Filed | # | Docket Text |
| --- | --- | --- |
| 02/07/2008 | 1 | RECEIVED NOTICE of Removal Petition from Circuit Court of Cook County, Illinois with copy of complaint and summons, case number (2007L007806) and no copies by Plaintiff Quinshela Turner (Exhibits). (Attachments: #(1) Exhibit T).(smm) (Poor Quality Original - Paper Document on File.) (Entered: 02/11/2008) |
| 02/07/2008 | 2 | CIVIL Cover Sheet. (smm) (Entered: 02/11/2008) |
| 02/07/2008 | 3 | PRO SE Appearance by Plaintiff Quinshela Turner. (smm) (Entered: 02/11/2008) |
| 02/07/2008 | 4 | APPLICATION and financial affidavit by Plaintiff Quinshela Turner for leave to proceed in forma pauperis. (smm) (Entered: 02/11/2008) |
| 02/21/2008 | 5 | MINUTE entry before Judge James B. Zagel : The application for leave to proceed in forma pauperis is granted. 4 The motion to remove the case from state court is denied. The case is dismissed for lack of federal jurisdiction. Civil case terminated. Mailed notice (hp, ) (Entered: 02/22/2008) |
| 02/29/2008 | 6 | MOTION by Plaintiff Quinshela Turner for reconsideration regarding order on motion for leave to proceed in forma pauperis, terminate motion and R&R deadlines/hearings, terminate deadlines and hearings, terminated case, 5 (Exhibit). (smm) (Entered: 03/04/2008) |
| 03/11/2008 | 7 | MINUTE entry before Judge James B. Zagel : The Motion for reconsideration 6 is denied. (For further detail see text below.) Mailed notice (hp, ) (Entered: 03/12/2008) |

| 03/21/2008 | 8 | NOTICE of appeal by Quinshela Turner regarding orders 7 (ifp) (dj, ) (Entered: 03/24/2008) |
|---|---|---|
| 03/21/2008 | 9 | DOCKETING Statement by Quinshela Turner regarding notice of appeal 8 (dj, ) (Entered: 03/24/2008) |
| 03/21/2008 | 10 | DESIGNATION (items to be included) by Quinshela Turner of record on appeal (dj, ) (Entered: 03/24/2008) |
| 03/24/2008 | 11 | NOTICE of Appeal Due letter sent to counsel of record (dj, ) (Entered: 03/24/2008) |